# EXHIBIT H



**Confidential Settlement Negotiations – Rule 408**

May 13, 2019

**VIA UPS and EMAIL: anna.naydonov@finnegan.com**

Anna B. Naydonov
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4413

      **Re*:***    **Infringement of Multiple Gibson Trademarks by Armadillo Distribution Enterprises, Inc.**

Dear Ms. Naydonov:

      As you know, we represent Gibson Brands, Inc. ("Gibson") in intellectual property matters. We are in receipt of your correspondence dated March 5, 2019 ("2nd Response") on behalf of Armadillo Distribution Enterprises, Inc. ("Armadillo" or "Dean"). This 2nd Response addressed Armadillo's infringement of Gibson's Flying V Body Design® Trademark (U.S. Reg. No. 2051790) and Explorer Body Design® (U.S. Reg. No. 2053805) (collectively "Gibson Marks"). It is unfortunate that your Client does not seem interested in settlement discussions any more. New management was hopeful that your Client would be willing to discuss potential resolution as it had in the past with previous management. I will address any additional claims of non-infringement in your 2nd Response below. Please note that Gibson's position on this issue has not changed since the 2017-18 correspondence. For your convenience, I have, once again, attached a copy of Gibson's February 9, 2018 correspondence ("Gibson's 2018 Response") as **Exhibit A**, as I will be referring to Gibson's 2018 Response throughout this letter. Please note that Dean has never responded to Gibson's 2018 Response.

      Before I address the Gibson Marks, additional intellectual property issues have come to Gibson's attention. It appears that Armadillo is infringing Gibson's ES Body Design® Trademark (U.S. Reg. No. 2007277), HUMMINGBIRD® Trademark (U.S. Reg. No. 1931670), and MODERNE® Trademark (U.S. Reg. No. 3588609) (collectively the "Additional Gibson Trademarks"). I attached a summary copy of the Additional Gibson Trademarks registrations as **Exhibit B**.

      Also attached as **Exhibit C,** is a screen print of Armadillo's unauthorized use of the Additional Gibson Trademarks on its LUNA branded Athena Series of semi-hollow electric guitars, LUNA branded Fauna Hummingbird A/E guitar, and the Dean Modern 24 Series guitars. Similar to Armadillo's infringement of the Gibson Marks, Armadillo's use of the Additional Gibson Trademarks constitutes trademark infringement under Section 43(a) of the Lanham Act, 15 USC § 1125(a). As you are aware, Armadillo is opposing Gibson's application to move the ES Body

Shape Design® to the Principal Register, Opp. No. 91218879. Please note that this opposition does not allow Armadillo the right to copy Gibson's ES Body Shape Design® Trademark during its pendency.

In your 2nd Response, you state that Gibson's trademark infringement claim is barred by laches, acquiescence, and/or estoppel. In its Gibson's 2018 Response, Gibson provided extensive analysis of Gibson's stance on laches, acquiescence, and estoppel. You may remember that Dean did not respond to Gibson's 2018 Response as the parties intended to engage in discussions about a potential resolution. [*See* February 2018 email attached as **Exhibit D**.] As these discussions appear to have stalled, please address the facts and arguments presented in Gibson's 2018 Response in your response to this letter. Gibson's stance that laches acquiescence, and/or estoppel do not apply in this case has not changed.

In the 2nd Response, Dean asserts the Gibson Marks are generic/unprotectable and Dean's 2019 models do not embody the Gibson Marks but rather use the same shapes. I am not entirely sure the difference you perceive between Dean's 2019 models embodying the Gibson Marks versus using the same shapes. The Gibson Marks are the shapes. Therefore, Dean using the shapes versus embodying the Gibson Marks is a distinction without a difference. The 2nd Response does not provide any additional evidence of the Gibson Marks being generic. Please note, the Gibson Marks are registered on the Principal register. "Federal registration of a trademark endows it with a strong presumption of validity." *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 604 (9th Cir. 2005) (quoting *Coca–Cola Co. v. Overland, Inc.*, 692 F.2d 1250, 1254 n. 10 (9th Cir. 1982). "The general presumption of validity resulting from federal registration includes the specific presumption that the trademark is not generic." *Id*. Gibson does not believe any amount of evidence of third party use will overcome this presumption without an accompanying consumer survey. Gibson is confident any consumer survey will reflect the Gibson Marks are not generic. Gibson's 2018 Response addressed every instance of third party use in your November 9, 2017 correspondence. As mentioned earlier, Dean has never responded to Gibson's 2018 Response.

The unsubstantiated claim that Dean's distinct branding on the headstock alleviates consumer confusion was also addressed in Gibson's 2018 Response in which Dean has yet to respond to. In addition to the argument and evidence presented in Gibson's 2018 Response, I fail to see the significance of the Dean brand name prominently displayed on the headstock as doing much to alleviate consumer confusion. Trademark law does not look to who made the goods displaying a trademark but rather where the goods originated from and what significance the consumer assigns to that trademark. As mentioned in the original cease and desist letter, trademark law will find infringement through an implication of authorization, sponsorship, or affiliation with the trademark owner. Especially in today's market of conglomerates owning multiple guitar brands, the name on the headstock is inconsequential in alleviating the confusion caused from counterfeiting the Gibson Marks. For example, Armadillo sells guitars under the DEAN and LUNA brands. Despite having different brands prominently displayed on the headstock, all the guitars originate from the same trademark owner. As you may be aware, Gibson has used Gibson Marks on guitars with other brand names prominently displayed on the

headstock including Gibson's famous Epiphone brand. As such, the name on the headstock of a guitar does little to alleviate consumer confusion.

As you have likely realized, your 2nd Response does nothing to resolve Gibson's concerns as to Dean's infringement of the Gibson Marks. Rather than respond to Gibson's concerns and Gibson's 2018 Response, the 2nd Response provides unsupported legal conclusions based on the defective evidence presented in your November 9, 2017 correspondence of which have been addressed in Gibson's 2018 Response. To resolve Gibson's concerns, Dean must adequately address the argument and evidence presented in Gibson's 2018 Response and this letter.

As mentioned in the February 26, 2019 correspondence, Gibson's new management intends to focus efforts on what made Gibson famous, namely the musical instrument business. If Gibson is to be successful in the new direction of focusing solely on its musical instrument business, policing of the IP involved is paramount. As such, Gibson has even more incentive to vigorously protect its trademark rights in the Gibson Marks than before.

Gibson is not concerned that Dean will vigorously defend against an infringement action. Any petition to cancel the Gibson Marks on genericness or other grounds will require enormous resources on Dean's behalf and likely a beneficial consumer survey. Gibson is confident any valid consumer survey will show that consumers instantly recognize the Gibson Marks as trademarks, not generic body designs. The very argument that the Gibson Marks are generic requires the assumption that use or protection of the Gibson Marks is not worth resources as they are incapable of harboring consumer goodwill. Gibson, of course, vehemently denies that the Gibson Marks are generic and is willing to spend vast resources to protect the goodwill already created in the Gibson Marks.

Additionally, Dean's threat to seek costs and fees is groundless. As I would hope you know, *Octane Fitness* requires an exceptional case. "An 'exceptional' case . . . is simply one that stands out from the others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 572 U.S. 545, 545 (2014). Most circuits have used copyright nonexclusive list of factors such as frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). Based on the legal argument and evidence, Gibson views its position as strong, definitely not frivolous or objectively unreasonable. On the contrary, Dean has continued to sell guitars infringing the Gibson Marks over Gibson's objections, forcing Gibson to continue to expend resources in attempts to have Dean comply with the Lanham Act requirements. If anything, the equities in this case require Dean to pay Gibson's costs and fees.

Gibson's new management is determined to bring the issue of Dean's infringement to an acceptable conclusion. If this acceptable conclusion cannot be reached without litigation, Gibson is prepared to file a trademark infringement complaint against Dean. Despite the specific request in the February 26, 2019 correspondence to include Dean's answer on whether it is willing to

continue to discuss settlement options, the 2nd Response failed to address the settlement question. Please (again) confirm that Dean will not engage in settlement discussion so Gibson can proceed with the next step. Another response containing only legal conclusions not based on evidence will result in Gibson taking further legal action to protect its trademark rights in the Gibson Marks.

**Please respond to this letter on or before May 28, 2019**. Again, please confirm that Dean will not engage in settlement discussion so Gibson can proceed with the next step.

This letter is sent without prejudice to Gibson's rights and claims, all of which are expressly reserved.

Regards,

Andrea E Bates