IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GIBSON BRANDS, INC., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) Case No. 4:19-cv-00358-ALM |
| vs. | ) ) ) |
| ARMADILLO DISTRIBUTION ENTERPRISES, INC., a Florida corporation, and DOES 1 through 10, | ) ) ) ) |
| Defendants. | ) ) |

**GIBSON BRANDS, INC.'S PARTIAL ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT ARMADILLO DISTRIBUTION ENTERPRISES, INC.'S COUNTERCLAIMS**

Plaintiff Gibson Brands, Inc. ("Gibson") hereby files its Partial[1] Answer and Affirmative Defenses to Defendant Armadillo Distribution Enterprises, Inc.'s ("Defendant Armadillo") Counterclaims as follows:

**ANSWER**

1.     Gibson admits that Defendant Armadillo is seeking in its counterclaim the cancellation of Gibson's Trademark Registration Nos. 2051790, 2053805, and 2007277 and the refusal of Application Serial No. 86168793, but Gibson denies that there is any basis to Defendant Armadillo's counterclaim and/or that Defendant Armadillo is entitled to relief.

2.     Gibson is moving to Dismiss the Fifth Counterclaim for Failure to State a Claim, and therefore will not respond to the allegations pertaining to the Fifth Counterclaim at this time.

---

[1] Gibson is moving to Dismiss the Fifth Counterclaim for Failure to State a Claim, and therefore will not respond to the allegations pertaining to the Fifth Counterclaim at this time.  In addition, Gibson is moving to Strike Exhibit "A" to the Counterclaim and accompanying allegations in Paragraph 18, and therefore will not respond to those allegations.  Gibson reserves the right to answer those allegations once the Court rules on the Motion to Dismiss and Motion to Strike.

3.      Gibson is without sufficient knowledge or information to form a belief about the allegations in Paragraph 3, and therefore denies them.

4.      Gibson admits the allegations in Paragraph 4.

5.      Gibson admits that this Court has subject matter jurisdiction over this action.

6.      Gibson admits that in its First Amended Complaint it has alleged counts of state and federal trademark infringement, trademark dilution, unfair competition, federal trademark counterfeiting, tortious inference, and unjust enrichment, and admits that Defendant Armadillo denies those claims.

7.      Gibson admits that it has submitted itself to the jurisdiction and venue of this Court.

ANSWERING SECTION ENTITLED "ARMADILLO AND ITS PRODUCTS"

8.      Gibson denies the allegations in Paragraph 8, particularly the allegation that Defendant Armadillo is a 43-year old iconic American-based guitar company.

9.      Gibson denies the allegations in Paragraph 9 as they pertain to Defendant Armadillo owning iconic brands.

10.      Gibson is without sufficient knowledge or information to form a belief about the allegations in Paragraph 10, and therefore denies them.

11.      Gibson denies the allegations in Paragraph 11.

12.      Gibson denies the allegations in Paragraph 12.

13.      Gibson denies the allegations that pertain to the famousness of Dean or its headstock.   Gibson is without sufficient knowledge or information to form a belief about the remaining allegations in Paragraph 13, and therefore denies them.

14.      Gibson denies the allegations in Paragraph 14.

15.      Gibson is without sufficient knowledge or information to form a belief about the allegations in Paragraph 15, particular as they relate to the timeframe and market that Defendant

Armadillo believes the third-party used or sold the guitars portrayed in the images provided; therefore, Gibson denies the allegations in Paragraph 15.

16.     Gibson is without sufficient knowledge or information to form a belief about the allegations in Paragraph 16, and therefore denies them.

17.     The allegations in Paragraph 17 are counsel's legal conclusions and therefore a response is not required.  To the extent any allegations are not counsel's legal conclusions, Gibson denies the remaining allegations in Paragraph 17.

18.     Gibson is moving to strike the allegations in Paragraph 18 and accompanying Exhibit "A" as irrelevant, and therefore will not respond to the allegations therein.

19.     Gibson is without sufficient knowledge or information to form a belief about the allegations in Paragraph 19, and therefore denies them.

20.     Gibson is without sufficient knowledge or information to form a belief about the allegations in Paragraph 20, and therefore denies them.

21.     Gibson denies the allegations in Paragraph 21.

22.     Gibson is without sufficient knowledge or information to form a belief about the allegations in Paragraph 22, particular as they relate to the timeframe and market that Defendant Armadillo believes the third-party used or sold the guitars portrayed in the images provided; therefore, Gibson denies the allegations in Paragraph 22.

23.     Gibson is without sufficient knowledge or information to form a belief about the allegations in Paragraph 23, and therefore denies them.

24.     The allegations in Paragraph 24 are counsel's legal conclusions and therefore a response is not required.  To the extent any allegations are not counsel's legal conclusions, Gibson denies the remaining allegations in Paragraph 24.

25.     Gibson admits that it filed on January 17, 2014, Trademark Application Serial No. 86/168,793.  Gibson admits that Exhibit "B" appears to be a printout from the U.S. Patent and Trademark Office TSDR database.

26.     Gibson admits that it filed the '793 Application based on its Supplemental Trademark Registration No. 2007277.

27.     Gibson admits that its '793 Application was opposed on October 16, 2014, and that Exhibit "C" is a copy of the Notice of Opposition, which is a legal document that speaks for itself. The remaining allegations in Paragraph 27 are counsel's legal conclusions that do not require a response.  To the extent any allegations are not admitted or counsel's legal conclusions, Gibson denies the remaining allegations in Paragraph 27.

### NOT ANSWERING THE SECTION ENTITLED "GIBSON'S INTERFERENCE WITH ARMADILLO'S CONTRACTS AND BUSINESS RELATIONSHIPS"

28.     Gibson is moving to Dismiss the Fifth Counterclaim for Failure to State a Claim, and therefore will not respond to the allegations pertaining to the Fifth Counterclaim at this time.

29.     Gibson is moving to Dismiss the Fifth Counterclaim for Failure to State a Claim, and therefore will not respond to the allegations pertaining to the Fifth Counterclaim at this time.

30.     Gibson is moving to Dismiss the Fifth Counterclaim for Failure to State a Claim, and therefore will not respond to the allegations pertaining to the Fifth Counterclaim at this time.

31.     Gibson is moving to Dismiss the Fifth Counterclaim for Failure to State a Claim, and therefore will not respond to the allegations pertaining to the Fifth Counterclaim at this time.

32.     Gibson is moving to Dismiss the Fifth Counterclaim for Failure to State a Claim, and therefore will not respond to the allegations pertaining to the Fifth Counterclaim at this time.

33.     Gibson is moving to Dismiss the Fifth Counterclaim for Failure to State a Claim, and therefore will not respond to the allegations pertaining to the Fifth Counterclaim at this time.

34.     Gibson is moving to Dismiss the Fifth Counterclaim for Failure to State a Claim, and therefore will not respond to the allegations pertaining to the Fifth Counterclaim at this time.

ANSWERING SECTION ENTITLED "FIRST COUNTERCLAIM
Cancellation of Gibson's Registration No. 2051790 for Genericness
Under Section 37 of the Lanham Act, 15 U.S.C. § 1119"

35.     Gibson admits that Paragraph 35 repeats and realleges the allegations in Paragraph 1 through 34 of the counterclaims.

36.     Gibson admits that it is the owner of U.S. Trademark Registration No. 2051790. The Trademark Registration is a legal document that speaks for itself.

37.     Gibson denies the allegations in Paragraph 37.

38.     The allegations in Paragraph 38 that pertain to identical or nearly identical body shapes are counsel's legal conclusions that do not require a response.  Gibson denies the remaining allegations in Paragraph 38.

39.     The allegations in Paragraph 39 are counsel's legal conclusions that do not require a response.  To the extent any allegations are not counsel's legal conclusions, Gibson denies the remaining allegations in Paragraph 39.

40.     The allegations in Paragraph 40 are counsel's legal conclusions that do not require a response.  To the extent any allegations are not counsel's legal conclusions, Gibson denies the remaining allegations in Paragraph 40.

41.     The allegations in Paragraph 41 are counsel's legal conclusions that do not require a response.  To the extent any allegations are not counsel's legal conclusions, Gibson denies the remaining allegations in Paragraph 41.

42.     The allegations in Paragraph 42 are counsel's legal conclusions that do not require a response.  To the extent any allegations are not counsel's legal conclusions, Gibson denies the remaining allegations in Paragraph 42.

ANSWERING SECTION ENTITLED "SECOND COUNTERCLAIM
Cancellation of Gibson's Registration No. 2053805 for Genericness
Under Section 37 of the Lanham Act, 15 U.S.C. § 1119"

43.     Gibson admits that Paragraph 43 repeats and realleges the allegations in Paragraph 1 through 42 of the counterclaims.

44.     Gibson admits that it is the owner of U.S. Trademark Registration No. 2053805. The Trademark Registration is a legal document that speaks for itself.

45.     Gibson denies the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 that pertain to identical or nearly identical body shapes are counsel's legal conclusions that do not require a response.  Gibson denies the remaining allegations in Paragraph 46.

47.     The allegations in Paragraph 47 are counsel's legal conclusions that do not require a response.  To the extent any allegations are not counsel's legal conclusions, Gibson denies the remaining allegations in Paragraph 47.

48.     The allegations in Paragraph 48 are counsel's legal conclusions that do not require a response.  To the extent any allegations are not counsel's legal conclusions, Gibson denies the remaining allegations in Paragraph 48.

49.     The allegations in Paragraph 49 are counsel's legal conclusions that do not require a response.  To the extent any allegations are not counsel's legal conclusions, Gibson denies the remaining allegations in Paragraph 49.

50.     The allegations in Paragraph 50 are counsel's legal conclusions that do not require a response.  To the extent any allegations are not counsel's legal conclusions, Gibson denies the remaining allegations in Paragraph 50.

ANSWERING SECTION ENTITLED "THIRD COUNTERCLAIM
Cancellation of Gibson's Registration No. 2007277 for Genericness
Under Section 37 of the Lanham Act, 15 U.S.C. § 1119"

51.     Gibson admits that Paragraph 51 repeats and realleges the allegations in Paragraph 1 through 50 of the counterclaims.

52.     Gibson admits that it is the owner of U.S. Trademark Registration No. 2007277. The Trademark Registration is a legal document that speaks for itself.

53.     The allegations in Paragraph 53 that pertain to identical or nearly identical body shapes are counsel's legal conclusions that do not require a response.  Gibson denies the remaining allegations in Paragraph 53.

54.     The allegations in Paragraph 54 are counsel's legal conclusions that do not require a response.  To the extent any allegations are not counsel's legal conclusions, Gibson denies the remaining allegations in Paragraph 54.

55.     The allegations in Paragraph 55 are counsel's legal conclusions that do not require a response.  To the extent any allegations are not counsel's legal conclusions, Gibson denies the remaining allegations in Paragraph 55.

56.     The allegations in Paragraph 56 are counsel's legal conclusions that do not require a response.  To the extent any allegations are not counsel's legal conclusions, Gibson denies the remaining allegations in Paragraph 56.

57.     The allegations in Paragraph 57 are counsel's legal conclusions that do not require a response.  To the extent any allegations are not counsel's legal conclusions, Gibson denies the remaining allegations in Paragraph 57.

## ANSWERING SECTION ENTITLED "FOURTH COUNTERCLAIM
### Cancellation of Gibson's Application No. 86168793 for Genericness
#### Under Section 37 of the Lanham Act, 15 U.S.C. § 1119"

58.     Gibson admits that Paragraph 58 repeats and realleges the allegations in Paragraph 1 through 57 of the counterclaims.

59.     Gibson admits that it filed Application Serial No. 86/168,793 and that the application is based on its prior Registration No. 2007277.

60.     The allegations in Paragraph 60 that pertain to identical or nearly identical are counsel's legal conclusions that do not require a response.  Gibson denies the remaining allegations in Paragraph 60.

61.     The allegations in Paragraph 61 are counsel's legal conclusions that do not require a response.  To the extent any allegations are not counsel's legal conclusions, Gibson denies the remaining allegations in Paragraph 61.

62.     The allegations in Paragraph 62 are counsel's legal conclusions that do not require a response.  To the extent any allegations are not counsel's legal conclusions, Gibson denies the remaining allegations in Paragraph 62.

63.     The allegations in Paragraph 63 are counsel's legal conclusions that do not require a response.  To the extent any allegations are not counsel's legal conclusions, Gibson denies the remaining allegations in Paragraph 63.

64.     The allegations in Paragraph 64 are counsel's legal conclusions that do not require a response.  To the extent any allegations are not counsel's legal conclusions, Gibson denies the remaining allegations in Paragraph 64.

NOT ANSWERING SECTION ENTITLED "FIFTH COUNTERCLAIM
Intentional Interference with Armadillo's Contracts and Business Relations
Under Texas Common Law"

65.     Gibson is moving to Dismiss the Fifth Counterclaim for Failure to State a Claim, and therefore will not respond to the allegations pertaining to the Fifth Counterclaim at this time.

66.     Gibson is moving to Dismiss the Fifth Counterclaim for Failure to State a Claim, and therefore will not respond to the allegations pertaining to the Fifth Counterclaim at this time.

67.     Gibson is moving to Dismiss the Fifth Counterclaim for Failure to State a Claim, and therefore will not respond to the allegations pertaining to the Fifth Counterclaim at this time.

68.     Gibson is moving to Dismiss the Fifth Counterclaim for Failure to State a Claim, and therefore will not respond to the allegations pertaining to the Fifth Counterclaim at this time.

69.     Gibson is moving to Dismiss the Fifth Counterclaim for Failure to State a Claim, and therefore will not respond to the allegations pertaining to the Fifth Counterclaim at this time.

70.     Gibson is moving to Dismiss the Fifth Counterclaim for Failure to State a Claim, and therefore will not respond to the allegations pertaining to the Fifth Counterclaim at this time.

71.     Gibson is moving to Dismiss the Fifth Counterclaim for Failure to State a Claim, and therefore will not respond to the allegations pertaining to the Fifth Counterclaim at this time.

72.     Gibson is moving to Dismiss the Fifth Counterclaim for Failure to State a Claim, and therefore will not respond to the allegations pertaining to the Fifth Counterclaim at this time.

73.     Gibson is moving to Dismiss the Fifth Counterclaim for Failure to State a Claim, and therefore will not respond to the allegations pertaining to the Fifth Counterclaim at this time.

74.     Gibson denies all the factual allegations in the WHEREFORE clause and denies that Defendant Armadillo is entitled to relief.

## AFFIRMATIVE DEFENSES

75.     Gibson reserves the right to supplement its affirmative defenses as the action proceeds.

## FIRST AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

76.     Defendant Armadillo is a serial infringer of the Gibson Trademarks, having incorporated seven of Gibson's famous trademarks into its guitars in production models sold throughout the world, including those referenced in this lawsuit.

77.     Defendant Armadillo's business model is to use Gibson's well-known Gibson Trademarks on Defendant Armadillo's guitars to capitalize of the goodwill off the Gibson Trademarks.

78.     Defendant Armadillo intentionally incorporated the Gibson Trademarks in its guitars to call Gibson to the consuming public's mind and derive benefit from Gibson's fame.

79.     Defendant Armadillo has unlawfully used the Gibson Trademarks to deceive consumers into believing that they are purchasing authentic Gibson products or into believing Defendant Armadillo's products are sponsored by or endorsed by Gibson.

80.     Given Defendant Armadillo's inequitable conduct as it relates to the Gibson Trademarks that are the subject of this lawsuit, Defendant Armadillo's claims are barred by Defendant Armadillo's unclean hands.

## SECOND AFFIRMATIVE DEFENSE
## (LACHES)

81.     Gibson is the sole owner of the distinctive design mark, the Explorer Body Shape Design®, U.S. Trademark Reg. No. 2053805.  This Trademark was issued by the U.S. Patent and Trademark Office on April 22, 1997, and has been continuously and exclusively used in commerce by Gibson since 1958.

82.     Gibson is the sole owner of the distinctive design mark, the Flying V Body Shape Design®, U.S. Trademark Reg. No. 2051790.  This Trademark was issued by the U.S. Patent and Trademark Office on November 3, 1989, and has been continuously and exclusively used in commerce by Gibson since 1958.

83.     Gibson is the sole owner of the distinctive design mark, the ES Body Shape Design®, U.S. Trademark Reg. No. 2007277.  This Supplemental Trademark Registration was issued by the U.S. Patent and Trademark Office on October 8, 1996, and has been continuously and exclusively used in commerce by Gibson since 1958.

84.     Gibson has spent millions of dollars in the advertising and promotion of the Explorer Body Shape Design®, the Flying V Body Shape Design®, and the ES Body Shape Design®.

85.     Defendant Armadillo was put on notice of Gibson's trademark rights when Gibson filed its various trademark applications, but Defendant Armadillo did not formally object to Gibson's applications.

86.     The registrations for the Explorer Body Shape Design®, the Flying V Body Shape Design®, and the ES Body Shape Design® have all been publically available to search at the United States Patent and Trademark Office for over twenty years.  At no time, before the present suit, has Defendant Armadillo attempted to cancel or dispute the registrations.

87.     Defendant Armadillo's unreasonable delay in asserting that the Gibson Trademarks are generic or do not act as a source identifier will result in prejudice to Gibson, as Gibson has spent millions in the promoting of the Gibson Trademarks.

88.     Accordingly, Defendant Armadillo's claims are barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
## (ESTOPPEL)

89.     Gibson incorporates by references the allegations in Paragraphs 80-88.

90.     Defendant Armadillo's silence and inaction over the decades in not formally asserting the Gibson Trademarks are generic and/or do not act as a source identifier and in not opposing Gibson's Trademark applications on that basis has mislead Gibson into believing that Defendant Armadillo did not have an objection to Gibson's use and registration of the Gibson Trademarks.

91.     Based on Gibson's reasonable reliance that Defendant Armadillo did not have an objection to the Gibson Trademarks, Gibson has spent millions in the promotion and advertising of the Gibson Trademarks.

92.    Given Gibson's significant investment in the Gibson Trademarks, it will suffer material prejudice if Defendant Armadillo is allowed to proceed with its delayed assertion that the Gibson Trademarks are generic and/or do not act as a source identifier.

93.    Accordingly, Defendant Armadillo's claims are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE
### (PRIVILEGED AND JUSTIFICATION)

94.    For the reasons set forth in Gibson's Motion to Dismiss Defendant Armadillo's Fifth Counterclaim for Intentional Interference with Armadillo's Contracts and Business Relations Under Texas Common Law, those claims are barred under the affirmative defense of privileged and justification because Gibson had a legal right to enforce its trademark rights, including against dealers that sell Armadillo guitars.

Respectfully submitted, this 29th day of July 2019.

/s/ *Andrea E. Bates*
Andrea E. Bates
*Pro Hac Vice*
Kurt Schuettinger
*Pro Hac Vice*
Johnathan M. Bates
*Pro Hac Vice*
Bates & Bates, LLC
1890 Marietta Boulevard NW
Atlanta, Georgia 30318
Telephone: (404) 228-7439
Facsimile: (404) 963-6231
abates@bates-bates.com
kschuettiner@bates-bates.com
jbates@bates-bates.com

Stephen D. Howen
State Bar No. 10117800
Law Office of Steve Howen
7111 Bosque Blvd.
Suite 305
Waco, TX 76710
Telephone: (254) 826-6526
Facsimile: (254) 822-4926
steve@stevehowenlegal.com

Attorneys for Plaintiff
GIBSON BRANDS, INC.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all

counsel of record via the Court's CM/ECF electronic filing system on July 29, 2019.

/s/ *Andrea E. Bates*
Andrea E. Bates