IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GIBSON BRANDS, INC., | Case No. 4:19-cv-00358-ALM |
|     Plaintiff/Counterclaim-Defendant, | |
| v. | ARMADILLO DISTRIBUTION ENTERPRISES, INC.'S ANSWER TO GIBSON'S SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS |
| ARMADILLO DISTRIBUTION ENTERPRISES, INC.; CONCORDIA INVESTMENT PARTNERS, LLC, | |
|     Defendant/Counterclaim-Plaintiff, | |
| DOES 1 through 10, | |
|     Defendants. | |

**ARMADILLO'S ANSWER TO GIBSON'S SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Armadillo Distribution Enterprises, Inc., through its undersigned counsel, answers Gibson Brands, Inc.'s Second Amended Complaint [Dkt. #73-1] as follows:

**Nature of Action**

1.      Armadillo admits that Gibson alleges claims for trademark infringement, trademark counterfeiting, unfair competition, and trademark dilution under federal, state law, and/or common law.  Armadillo, however, denies that there is any basis for Gibson's claims and/or that Gibson is entitled to any relief.  Moreover, as detailed in Armadillo's counterclaims, the alleged "Flying V Body Shape Design," "Explorer Body Shape Design," "ES Body Shape Design," and "SG Body Shape Design" are generic and unprotectable, and thus denies that these shapes are "Gibson Trademarks."

1

2.      Armadillo is without knowledge or information sufficient to form a belief about the allegations in Paragraph 2, and therefore denies them.

3.      Admitted.

4.      Admitted.

5.      Armadillo admits that it has sold certain accused products at issue in this lawsuit, including in this District, but denies that those products "contain" any designs or marks that are proprietary to Gibson.

6.      Armadillo admits that Gibson also brought suit against Defendant DOES 1 through 10.  Armadillo denies that Gibson has been damaged by "the events and happenings" referenced in its complaint.  Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 6, and therefore denies them.

7.      Armadillo admits that original subject matter and supplemental jurisdiction exist for purposes of this case.  Armadillo denies any liability or wrongdoing, and/or that Gibson is entitled to any relief.

8.      Armadillo admits that subject matter jurisdiction exists for purposes of this case. Armadillo denies any liability or wrongdoing, and/or that Gibson is entitled to any relief.

9.      Armadillo admits this Court has specific personal jurisdiction over it solely for purposes of this case.  Armadillo denies any liability or wrongdoing, and/or that Gibson is entitled to any relief.  Armadillo also denies that Concordia exercises "control" over use of the DEAN marks on any allegedly "infringing products."

10.      Armadillo admits that venue is proper in this District solely for purposes of this case.

11.     Armadillo admits that Gibson is engaged in the business of developing, manufacturing, and selling musical instruments, including electric and acoustic guitars, basses, and mandolins.  Armadillo also admits that Gibson's guitars are sold under the GIBSON brand. Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 11, and therefore denies them.

12.     Armadillo admits that GIBSON-branded guitars are sold in the United States and certain foreign countries.  Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 12, and therefore denies them.

13.     Armadillo admits that Exhibit A to the Second Amended Complaint purports to be a copy of U.S. Trademark Registration No. 2051790, that Gibson is identified as the owner, and that the issue date is identified as April 15, 1997.  Armadillo denies that Gibson's alleged Flying V Body Shape Design is "distinctive," that Gibson is the "sole owner" of this generic guitar shape, and/or that Gibson has "continuously" and "exclusively" used this shape. Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 13, and therefore denies them.

14.     Armadillo admits that Exhibit B to the Second Amended Complaint purports to be a copy of U.S. Trademark Registration No. 2053805, that Gibson is identified as the owner, and that the issue date is identified as April 22, 1997.  Armadillo denies that Gibson's alleged Explorer Body Shape Design is "distinctive," that Gibson is the "sole owner" of this generic guitar shape, and/or that Gibson has "continuously" and "exclusively" used this shape. Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 14, and therefore denies them.

15.     Armadillo admits that Exhibit C to the Second Amended Complaint purports to be a copy of the same U.S. Trademark Supplemental Registration No. 2007277, that Gibson is identified as the owner, and that the issue date is identified as October 8, 1996.  Armadillo denies that Gibson's alleged ES Body Shape Design is "distinctive," that Gibson is the "sole owner" of this generic guitar shape, and/or that Gibson has "exclusively" used the shape.  Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 15, and therefore denies them.

16.     Armadillo admits that Exhibit D to the Second Amended Complaint purports to be a copy of U.S. Trademark Registration No. 2215791, that Gibson is identified as the owner, and that the issue date is identified as January 5, 1999.  Armadillo denies that Gibson's alleged SG Body Shape is "distinctive," that Gibson is the "sole owner" of this generic shape, and/or that Gibson has "exclusively" used the shape.  Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 16, and therefore denies them.

17.     Armadillo admits that Exhibit E to the Second Amended Complaint purports to be a copy of U.S. Trademark Registration No. 1020485 and that the issue date is identified as September 16, 1975.  Exhibit E to the Second Amended Complaint identifies "Norlin Music, Inc." as the owner of Trademark Registration No. 1020485, and Armadillo thus denies that "Gibson is the sole owner" of this registration.  Armadillo denies that Gibson has "exclusively" used the alleged shape.  Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 17, and therefore denies them.

18.     Armadillo admits that Exhibit F to the Second Amended Complaint purports to be a copy of U.S. Trademark Registration No. 1216644 and that the issue date is identified as

November 16, 1982.  Exhibit F to the Second Amended Complaint identifies "Norlin Industries, Inc." as the owner of Trademark Registration No. 1216644, and Armadillo thus denies that "Gibson is the sole owner" of this registration.  Armadillo denies that Gibson has "continuously" and "exclusively" used the alleged mark.  Armadillo is without knowledge or information sufficient to form a belief about the remaining allegation in Paragraph 18, and therefore denies them.

19.      Armadillo admits that Exhibit G to the Second Amended Complaint purports to be a copy of U.S. Trademark Registration No. 1931670, that Gibson is identified as the owner, and that the issue date is identified as October 31, 1995.  Armadillo denies that Gibson has "exclusively" used the alleged mark.  Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 19, and therefore denies them.

20.      Armadillo admits that Exhibit H to the Second Amended Complaint purports to be a copy of U.S. Trademark Registration No. 3588609, that Gibson is identified as the owner, and that the issue date is identified as March 10, 2009.  Armadillo denies that the "Moderne" designation is "distinctive" and/or that Gibson has "exclusively" used this alleged mark. Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 20, and therefore denies them.

21.      Armadillo is without knowledge or information sufficient to form a belief about the allegations in Paragraph 21, and therefore denies them.

22.      Armadillo is without knowledge or information sufficient to form a belief about the allegations in Paragraph 22, and therefore denies them.

23.      Armadillo is without knowledge or information sufficient to form a belief about the allegations in Paragraph 23, and therefore denies them.

24.     Armadillo is without knowledge or information sufficient to form a belief about the allegations in Paragraph 24, and therefore denies them.

25.     Armadillo denies that the purported "Gibson Trademarks" are famous and/or associated exclusively with Gibson (as opposed to countless third parties who have used these generic guitar shapes for decades).  Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 25, and therefore denies them.

Regarding subsection (a), Armadillo is without knowledge or information sufficient to form a belief about these allegations, and therefore denies them.

Regarding subsection (b), Armadillo is without knowledge or information sufficient to form a belief about these allegations, and therefore denies them.

Regarding subsection (c), Armadillo is without knowledge or information sufficient to form a belief about these allegations, and therefore denies them.

Regarding subsection (d), Armadillo is without knowledge or information sufficient to form a belief about these allegations, and therefore denies them.

Regarding subsection (e), Armadillo is without knowledge or information sufficient to form a belief about these allegations, and therefore denies them.

Regarding subsection (f), Armadillo is without knowledge or information sufficient to form a belief about these allegations, and therefore denies them.

Regarding subsection (g), Armadillo is without knowledge or information sufficient to form a belief about these allegations, and therefore denies them.

Regarding subsection (h), Armadillo is without knowledge or information sufficient to form a belief about these allegations, and therefore denies them.

Regarding subsection (i), Armadillo is without knowledge or information sufficient to

form a belief about these allegations, and therefore denies them.

Regarding subsection (j), Armadillo denies the allegations regarding "the fame of the Gibson ES guitar."  Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in this subsection, and therefore denies them.

Regarding subsection (k), Armadillo denies the allegations regarding "the fame of the Gibson Flying V and Explorer guitars."  Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in this subsection, and therefore denies them.

Regarding subsection (l), Armadillo denies the allegations regarding "the fame of the Gibson SG guitar."  Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in this subsection, and therefore denies them.

Regarding subsection (m), Armadillo denies the allegations regarding "the fame and collectability of the Gibson Moderne guitar."  Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in this subsection, and therefore denies them.

Regarding subsection (n), Armadillo is without knowledge or information sufficient to form a belief about these allegations, and therefore denies them.

Regarding subsection (o), Armadillo is without knowledge or information sufficient to form a belief about these allegations, and therefore denies them.

26.     Armadillo denies that the purported "Gibson Trademarks have become famous" and that they are "widely and favorably known."  Armadillo also denies the that the alleged Gibson Trademarks "designat[e] high quality and dependable products originating exclusively from Gibson and its related companies," "are distinctive designs and word marks owned

exclusively by Gibson," "have been prominently placed in the mind of the public," and "possess[] a strong secondary meaning among consumers."  Armadillo further denies that the purported "Gibson Trademarks have become widely known and valuable trademarks possessing a strong secondary meaning among consumers," that the alleged marks "have come to symbolize the enormous goodwill of Gibson's business," and that "[n]o other manufacturer lawfully uses the Gibson Trademarks or any other substantially similar marks for similar types of goods without Gibson's authorization."  Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 26, and therefore denies them.

27.     Armadillo denies that the purported "Gibson Trademarks have been exclusively used nationwide and have been used exclusively by Gibson" and the alleged marks are "famous" and are associated with Gibson in either Texas or the United States.  Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 27, and therefore denies them.

28.     Armadillo denies that Gibson has "exclusive right to own and use" the alleged guitar shapes and word marks.  Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 28, and therefore denies them. Additionally, to the extent the allegations in Paragraph 28 call for a legal conclusion, no response is required.

29.     Armadillo admits that it has offered for sale, sold, and distributed certain accused products in the United States, including through its websites.  Armadillo denies that its products "use" any designs or marks that are proprietary to Gibson.  Armadillo denies that any of its products are "infringing," "unauthorized," and/or that Armadillo needs any authorization from Gibson.  Armadillo admits that the images listed under the heading "Armadillo's Infringing

8

Products" are partial images of Dean and/or Luna guitar bodies (omitting the headstocks and the prominent DEAN/LUNA branding on the guitars).  Armadillo admits that the last image under the heading "Armadillo's Infringing Products" is a Dean headstock prominently displaying the "DEAN" mark as the source of the product.  Armadillo denies that it uses the "marks" "Hummingbird," "Modern," and "Flying V".  Armadillo admits that Exhibit I includes screen captures of Dean Guitar and Luna Guitar product listings from the Dean and Luna websites and two posts from the official Dean Guitars Instagram account.  Armadillo denies that the product listings in Exhibit I depicting the "Athena Semi-Hollowbody" are current.  Armadillo denies that the alleged "Flying V," "Explorer," "ES," and "SG" guitar shapes are "Gibson Trademarks" because those shapes are generic.  Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 29, and therefore denies them.

30.     Armadillo admits that it is not a Gibson retailer or distributor and that it has not acquired its products from Gibson.  Armadillo denies the remaining allegations in Paragraph 30.

31.     Armadillo admits that Exhibit I includes screen captures of DEAN and LUNA-branded products and product listings from Armadillo's websites and social media.  Armadillo denies the remaining allegations in Paragraph 31.

32.     Denied.

33.     Armadillo admits that it has sold and advertised certain accused products including through its websites.  Armadillo denies the remaining allegations in Paragraph 33.

34.     Denied, including the false premise that Armadillo misused Gibson's alleged marks.

35.     Armadillo incorporates by reference its responses to Paragraphs 1 and 13 through 20 regarding Gibson's purported ownership of trademark registrations.  Armadillo denies the

9

remaining allegations in Paragraph 35, including that it has infringed on any purported Gibson marks and/or had any "constructive knowledge" of any alleged infringement.

36.     Armadillo admits that Gibson contacted Armadillo on October 20, 2017 via letter regarding the alleged "Flying V" and "Explorer" body shape designs and that Exhibit J is a copy of that letter.  Armadillo promptly rebuffed the allegations in that letter (including on the ground that Armadillo has used the accused shapes for over 40 years).  Armadillo admits that, following another 1.5 years of inaction, Gibson contacted Armadillo's counsel on May 13, 2019 via letter and that Exhibit K is a copy of that letter.  Again, Armadillo promptly rebuffed the allegations in that letter.  Armadillo admits that Gibson initiated Opposition No. 91170847 on May 5, 2006, which was decided on June 10, 2009, and Exhibit L is a copy of that decision.  Armadillo denies the remaining allegations in Paragraph 36.

Regarding footnote 1 to Paragraph 36, Armadillo admits that, until the First Amended Complaint in this case, Gibson never objected to Armadillo regarding the "SG" body shape design during at least the six years that Armadillo has offered its DEAN Gran Sport series guitars, and, until the Second Amended Complaint in this case, Gibson never objected to Armadillo regarding the alleged "Flying V" mark.

37.     Armadillo admits that it has advertised and sold certain accused products including through its websites.  Armadillo denies the remaining allegations in Paragraph 37.

38.     Armadillo admits that Armadillo (including through its counsel) communicated with Gibson and its counsel in an attempt to resolve this matter, but settlement could not be reached.  Armadillo denies all remaining allegations in Paragraph 38.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Armadillo admits that Exhibit M includes screen captures from the Dean Guitars website of the "USA Patents Pending V Flame Top TCS" and "USA ML Patents Pending Classic Black," which were designed to be and are marketed as stitch-for-stitch replicas of the original Dean V and Dean ML guitars created in 1976 that displayed a "Patents Pending" stamp on the back of the distinctive oversized Dean V-shaped headstock.  Armadillo admits that the guitars depicted in Exhibit M contain a "PATENTS PENDING" stamp on the back of the distinctive Dean V-shaped headstock.  Armadillo denies all remaining allegations in Paragraph 43.

44.     Upon information and belief, Armadillo denies that "no patent application" has ever "exist[ed] for these Armadillo guitars."  Armadillo admits that, upon information and belief, no patent applications or issued patents currently exist for these guitars.

45.     Armadillo denies the implication that it is not an innovator in the guitar industry. Armadillo further denies that consumers construe Armadillo's use of "PATENTS PENDING" on stitch-for-stitch replicas of historic guitars that also bore a "PATENTS PENDING" stamp in a way that gives Armadillo an unfair advantage or that such use "unfairly distinguishes [Armadillo] from Gibson."  Armadillo denies all remaining allegations in Paragraph 45.

46.     Denied.

47.     Armadillo denies that Gibson "is actively selling an identical guitar" to any of Armadillo's products, including Armadillo's accused products, or that "Armadillo is selling an identical FLYING V guitar."  Armadillo does not offer "FLYING V" guitars.  Armadillo admits that it is the exclusive owner of the distinct V-shaped headstock appearing on the guitars shown

in Exhibit M pursuant to U.S. Trademark Registration No. 3687860, but denies that it is holding itself out as the exclusive owner of that shape, or any other shape, by way of the "PATENTS PENDING" stamp.  To the extent Gibson alleges that Armadillo claims exclusive ownership in a V-shaped guitar body, Armadillo denies this allegation because this shape is generic and cannot be exclusively owned by any one individual or entity.  Armadillo denies the remainder of the allegations in Paragraph 47.

48.     Armadillo denies that it does not have to expend resources on research and development and the costs of having to file and prosecute patent application because it offers stitch-for-stitch replicas of historic guitars bearing "PATENTS PENDING" on the headstock. Armadillo denies that Gibson has suffered any harm as a result of Armadillo's guitars marked "PATENTS PENDING."  Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 48, and therefore denies them.

49.     Denied.

50.     Denied.

51.     Armadillo admits that it licenses the ability to use the marks depicted in U.S. Trademark Registration Nos. 4613949 and 2609816 from Concordia.  Armadillo admits that those marks licensed from Concordia are used in connection with Armadillo's accused products.

52.     Armadillo admits that the license agreement imposes certain quality control provisions on Armadillo.  Armadillo denies the remaining allegations in Paragraph 52.

53.     Armadillo admits that Evan A. Rubinson is one of two Managers of Concordia. Armadillo denies the remaining allegations in Paragraph 53.

54.     Denied.

55.     Denied.

12

56.     Armadillo incorporates by reference its responses to Paragraphs 1 and 13 through 20 regarding Gibson's purported ownership of trademark registrations.  Armadillo denies the remaining allegations in Paragraph 56.

57.     Armadillo admits that Evan A. Rubinson is one of two Managers of Concordia. Armadillo denies the remaining allegations in Paragraph 57.  Additionally, to the extent the allegations in Paragraph 57 call for a legal conclusion, no response is required.

58.     Armadillo admits that it currently licenses U.S. Trademark Registration Nos. 4613949 and 2609816 from Concordia for use on Armadillo products.  Armadillo denies the remaining allegations in Paragraph 58.

59.     Denied.

60.     Denied.

## COUNT I
### Trademark Infringement Under The United States Trademark Act (15 U.S.C. 1114(1))

61.     Armadillo repeats and incorporates by reference its answers to Paragraphs 1 through 60 of the Second Amended Complaint.

62.     Denied.

63.     Denied.

64.     Denied.

## COUNT II
### Trademark Counterfeiting Under The United States Trademark Act (15 U.S.C. 1114(1))

65.     Armadillo repeats and incorporates by reference its answers to Paragraphs 1 through 64 of the Second Amended Complaint.

66.     Denied; Armadillo is moving to dismiss this count under Federal Rule of Civil Procedure 12(b)(6).

13

67.     Denied; Armadillo is moving to dismiss this count under Federal Rule of Civil Procedure 12(b)(6).

68.     Denied; Armadillo is moving to dismiss this count under Federal Rule of Civil Procedure 12(b)(6).

## COUNT III
### False Designation of Origin, Passing Off, and Unfair Competition Under The United States Trademark Act (15 U.S.C. § 1125(a)) by Armadillo

69.     Armadillo repeats and incorporates by reference its answers to Paragraphs 1 through 68 of the Second Amended Complaint.

70.     Denied.

71.     Denied.

72.     Denied.

## COUNT IV
### Trademark Dilution Under The United States Trademark Act (15 U.S.C. § 1125(c)) by Armadillo

73.     Armadillo repeats and incorporates by reference its answers to Paragraphs 1 through 72 of the Second Amended Complaint.

74.     Denied.

75.     Denied.

76.     Denied.

## COUNT V
### Intentional Interference With Economic Advantage in Violation of Texas Common Law by Armadillo

77.     Armadillo repeats and incorporates by reference its answers to Paragraphs 1 through 76 of the Second Amended Complaint.

78.     Armadillo is without knowledge or information sufficient to form a belief about the allegations in Paragraph 78, and therefore denies them.

14

79. Denied.

80. Armadillo denies that it "misappropriated" any purported "Gibson Trademarks," that it needed any "permission" from Gibson, and/or that Gibson is owed any "compensation." Armadillo is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 80, and therefore denies them.

81. Denied.

82. Denied.

83. Denied.

## COUNT VI
### Trademark Dilution Under Tex. Bus & Comm. Code (Section 16.103) by Armadillo

84. Armadillo repeats and incorporates by reference its answers to Paragraphs 1 through 83 of the Second Amended Complaint.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

## COUNT VII
### Trademark Infringement in Violation of Texas Common Law by Armadillo

90. Armadillo repeats and incorporates by reference its answers to Paragraphs 1 through 89 of the Second Amended Complaint.

91. Denied.

92. Denied.

93.     Armadillo admits that it did not have Gibson's "consent, permission, or license to use the [purported] Gibson Trademarks," but denies that any such consent, permission, or license were needed or appropriate.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

## COUNT VIII
## Unfair Competition in Violation of Texas Common Law by Armadillo

98.     Armadillo repeats and incorporates by reference its answers to Paragraphs 1 through 97 of the Second Amended Complaint.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

## COUNT IX
## False Designation of Origin in Violation of Texas Common Law by Armadillo

103.    Armadillo repeats and incorporates by reference its answers to Paragraphs 1 through 102 of the Second Amended Complaint.

104.    Denied.

105.    Denied.

106.    Denied.

## COUNT X
### Unjust Enrichment in Violation of Texas Common Law by Armadillo

107.    Armadillo repeats and incorporates by reference its answers to Paragraphs 1 through 106 of the Second Amended Complaint.

108.    Denied.

109.    Denied.

110.    Denied.

## COUNT XI
### Contributory Trademark Infringement Under Federal Law by Concordia

111.    Armadillo repeats and incorporates by reference its answers to Paragraphs 1 through 110 of the Second Amended Complaint.

112.    Armadillo is not a named defendant for this count, so not response is required; to the extent a response is required—denied.

113.    Armadillo is not a named defendant for this count, so not response is required; to the extent a response is required—denied.

114.    Armadillo is not a named defendant for this count, so not response is required; to the extent a response is required—denied.

115.    Armadillo is not a named defendant for this count, so not response is required; to the extent a response is required—denied.

116.    Armadillo is not a named defendant for this count, so not response is required; to the extent a response is required—denied.

## COUNT XII
### Vicarious Trademark Infringement Under Federal Law by Concordia

117.    Armadillo repeats and incorporates by reference its answers to Paragraphs 1 through 116 of the Second Amended Complaint.

118.    Armadillo is not a named defendant for this count, so not response is required; to the extent a response is required—denied.

119.    Armadillo is not a named defendant for this count, so not response is required; to the extent a response is required—denied.

120.    Armadillo is not a named defendant for this count, so not response is required; to the extent a response is required—denied.

**COUNT XIII**
**False Patent Marking (35 U.S.C. 292(a)) by Armadillo**

121.    Armadillo repeats and incorporates by reference its answers to Paragraphs 1 through 120 of the Second Amended Complaint.

122.    Denied.

123.    Denied.

Armadillo denies the balance and remainder of all the allegations contained in all paragraphs, counts, and sub-parts of Gibson's Second Amended Complaint, including any and all demands for judgment or relief asserted.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Gibson failed to state a counterfeiting claim and that claim should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND AFFIRMATIVE DEFENSE**
**(Laches)**

Gibson's claims are barred, in whole or in part, by laches.  Armadillo has used the accused V and Z guitar shapes since at least 1976, i.e., for over 40 years, in connection with its distinct DEAN and other marks:

18



Armadillo has used the accused semi-hollow guitar shape (which Gibson claims violates its purported rights in the ES-335 guitar shape) for at least 19 years, in connection with its distinct DEAN, LUNA, and other marks:



Armadillo has used the following headstock shape in connection with its distinct DEAN and other marks (the "DEAN Mustache Headstock") for at least 22 years:



Armadillo has used the following guitar shape in connection with its distinct DEAN and other marks for at least 6 years:



Armadillo has used the LUNA Fauna Hummingbird series name in connection with its LUNA-branded guitars for at least 10 years.

The above designs have been prominently used and promoted for years and, in some instances, decades, including through world-famous artists (such as Christian Martucci, Eric Peterson, John Connolly, Michael Schenker, Eddie Veliz, and many others) on stages, in music videos, and in well-known publications.  All the while, Gibson sat on its purported rights and failed to object.  Due to Gibson's excessive delay, Armadillo suffered substantial economic prejudice, including the investment of millions of dollars in promoting these guitars, which constitute a large percentage of Armadillo's market share, and evidentiary prejudice, including the death of key witnesses, such as Armadillo's former CEO Elliott Rubinson.  As a result, Gibson's claims are barred by laches in their entirety.

### THIRD AFFIRMATIVE DEFENSE
**(Acquiescence)**

For at least the above reasons, Gibson's claims are barred, in whole or in part, by waiver and acquiescence.

### FOURTH AFFIRMATIVE DEFENSE
**(Mere Descriptiveness)**

For at least those reasons identified in Armadillo's counterclaims below and Gibson's sporadic, minimal use and the lapses in use of the Flying V and Explorer shapes in the 1960s and

1970s, Gibson's asserted Flying V and Explorer guitar shapes were merely descriptive (and thus incapable of identifying a single source, including Gibson, as the producer of such guitars) because they failed to achieve secondary meaning as of 1976, the time Armadillo, including through its predecessor-in-interest, first used the accused V and Z shapes.

### FIFTH AFFIRMATIVE DEFENSE
### (Trademark Invalidity)

For at least those reasons identified in Armadillo's counterclaims below, all or some of Gibson's accused trademarks are invalid because they are generic and/or incapable of serving as a source identifier for guitars.

### SIXTH AFFIRMATIVE DEFENSE
### (Fair Use)

Armadillo's alleged use of "Modern" and variations is permissible fair use (including to identify a "modern"-style guitar).

Armadillo reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, under the Lanham Act, and in law or in equity that may now exist or in the future be available based on discovery and further factual investigation of this case.

### COUNTERCLAIMS

Armadillo, through its counsel, alleges as follows, upon actual knowledge with respect to itself and upon information and belief as to all other matters.

### NATURE OF THE COUNTERCLAIMS

1.      These are counterclaims for the cancellation of various Gibson trademark registrations asserted against Armadillo pursuant to Sections 14 and 37 of the Lanham Act, 15 U.S.C. §§ 1064 and 1119.  Armadillo seeks the cancellation of Trademark Registration Nos.

2051790, 2053805, 2007277, and 2215791 and the refusal of Application Serial No. 86168793 on the grounds that all five marks are generic.

2.      Armadillo also asserts counterclaims for tortious interference with Armadillo's existing and prospective business relationships and/or contracts pursuant to Texas common law based on tortious communications sent by Gibson to Armadillo's dealers, including before Gibson filed and/or served its complaint.

**PARTIES**

3.      Defendant/Counterclaim-Plaintiff Armadillo is a Florida corporation with a principal place of business at 4924 West Waters Avenue, Tampa, Florida 33634.

4.      Defendant/Counterclaim-Plaintiff Concordia is a Florida limited liability company with a principal place of business at 700 Spottis Woode Lane, Clearwater, Florida 33756.

5.      Plaintiff/Counterclaim-Defendant Gibson is a Delaware corporation with a principal place of business at 309 Plus Park Boulevard, Nashville, Tennessee 37217.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).

7.      By its Second Amended Complaint, Gibson has alleged counts of state and federal trademark infringement, trademark dilution, and unfair competition; federal trademark counterfeiting; tortious interference and unjust enrichment under Texas common law; and false patent marking against Armadillo seeking damages and injunctive relief—which Armadillo denies.  Gibson has also alleged counts of contributory and vicarious trademark infringement against Defendant Concordia.

23

8.      As a result of Gibson's complaint and allegations, Gibson has submitted itself to the jurisdiction and venue of this Court.

## ARMADILLO AND ITS PRODUCTS

9.      Armadillo, through its predecessors-in-interest, is a 43-year old iconic American-based guitar company.  Armadillo makes every type of guitar, from high-end USA models to entry-level models.

10.      Armadillo owns the iconic DEAN GUITARS and LUNA brands.

11.      All of Armadillo's guitars (including all the accused guitar models) are prominently branded with the famous DEAN and LUNA trademarks and/or logos, including on the guitars' headstocks, which are routinely used to identify the maker of a guitar.

12.      Armadillo and its predecessors-in-interest have continuously offered the accused V and Z-shaped guitars since at least 1976—for over the past 40 years.

13.      These guitars have been widely seen and promoted for decades, including in popular music videos, on stage with famous artists across the globe, at trade shows, and at other prominent industry events.  The legendary artists who have played and promoted the DEAN-branded V and Z guitars over the past four decades have included Michal Schenker, Eric Peterson, Christian Martucci, John Connolly, Eddie Veliz, and many others.

   

MICHAEL SCHENKER          ERIC PETERSON          CHRISTIAN MARTUCCI          JOHN CONNOLLY

24



Eddie Veliz

14.     Armadillo has always used the V and/or Z body shapes with its famous "V Headstock," one of the most recognized headstocks in the industry, and/or the famous DEAN house mark, as shown in the examples below:



15.     Armadillo is not alone in using these commonplace V and Z guitar shapes.  For decades, from the 1960s until present, numerous other companies have manufactured, advertised,

marketed, and sold identical or nearly identical V and Z guitar shapes, representative samples of which are shown below:



| *Diamond* | *D'Agostino* | *Framus* |

| *Washburn* | *Stagg* | *David Thomas McNaught* |
|---|---|---|
|  |  | |

*Cavallo*



| *Vantage* | *Schecter* |
|---|---|
|  |   |

| *Cort* | *B.C Rich* |
|---|---|
|   |   |









*Alembic*

*Peavy*

*Jackson*

*Electra*

Electra MPC X910



16.      Based on their lack of inherent distinctiveness, extensive and widespread third-party use of the V and Z shapes for guitars, and Gibson's sporadic use and lapses in use of the

asserted Flying V and Explorer guitars, Gibson's asserted Flying V and Explorer guitar shapes had not (and still have not) acquired distinctiveness in the marketplace as of 1976, when Armadillo began using its accused V and Z guitar shapes in connection with its distinct DEAN mark.

17.     The identified third parties either are not or were not licensees of Gibson at the time they used the V and Z shape guitar designs.

18.     The advertising and sales of these third-party guitars bearing the V and Z shape designs, which are identical or nearly identical to Gibson's Flying V and Explorer guitar shapes, equal or exceed the advertising and sales of Gibson Flying V and Explorer guitars.

19.     Given the extensive third-party use of the V and Z shapes for guitars, the public does not perceive these shapes as source identifiers and the shapes do not identify a single source, including Gibson, and are thus generic.

20.     The European Union Intellectual Property Office ("EUIPO") ruled on June 28, 2019 that Gibson's alleged "Flying V" body shape design is generic and unprotectable.  A true and correct copy of the EUIPO decision is attached as Exhibit A.

21.     Armadillo has also continuously offered its allegedly infringing semi-hollow guitars since 2000—for the past nineteen years.

22.     Armadillo always prominently displays its DEAN or LUNA house marks and logos on its accused semi-hollow guitars, as shown in the examples below:

34



23.     Dean and Luna are not alone in their use of the semi-hollow body shape.  For decades, from the 1960s until present, numerous other companies have manufactured, advertised, marketed, and sold identical or nearly identical designs, representative samples of which are included below:



| Aria | Baldwin | Bolin |
|------|---------|-------|
| Brownsville | Burley Guitars | Collings |

| Daisy Rock | Danelectro | D'Angelico |
|---|---|---|
| David Thomas McNaught | Diamond | Delm Guitars |





| Duesenberg | Eastman | Eastwood |
| Falbo | Fender | Framus |





| Hagstrom | Hanson | Heritage |
| Highland | Hofner | Ibanez |



| Kona | Martyn Booth | McCurdy |
| --- | --- | --- |
| Mosrite | Schecter | SX |



| Thorn | Tony Cochran | Vox |
|-------|--------------|-----|
| Warwick | Washburn | Xaviere |



*Yamaha*

24.     The identified third parties either are not or were not licensees of Gibson at the time they used the semi-hollow body shape.

25.     The advertising and sales of these third-party guitars bearing the semi-hollow body shape, which are identical or nearly identical to Gibson's ES guitar shape, equal or exceed the advertising and sales of Gibson ES guitars.

26.     Given the extensive third-party use of the semi-hollow shape for guitars, the public does not perceive these shapes as source identifiers and the shapes do not identify a single source, including Gibson, and are thus generic.

27.     On January 17, 2014, Gibson filed Trademark Application Serial No. 86168793 (the "'793 Application") for the design mark depicted below covering "stringed instruments, namely, guitars."  A true and correct copy of the printout from the U.S. Patent and Trademark

Office TSDR database, including assignment information, for the '793 Application is attached as Exhibit B.



28.     The '793 Application was filed based on Gibson's prior Supplemental Trademark Registration No. 2007277 for the identical design mark (depicted below) covering "stringed instruments, namely, guitars."



29.     Based on the rampant third-party use of the semi-hollow body shape and the alleged shape's failure to function as a trademark, sixteen guitar companies, including Armadillo, jointly opposed registration of the '793 Application on October 16, 2014.  That opposition proceeding is currently ongoing before the Trademark Trial and Appeal Board.  A true and correct copy of the Notice of Opposition against the '793 Application is attached as Exhibit C.

30.     Armadillo has also continuously offered its allegedly infringing Gran Sport guitars since 2012—for the past seven years—during which the Gran Sport has been widely promoted and played by famous artists, including Eddie Veliz.



Eddie Veliz

31.     Armadillo always prominently displays its DEAN house mark and/or logos on its

accused Gran Sport guitars, as shown in the example below:



32.     Armadillo is not alone in its use of its Gran Sport body shape.  For decades, from

the 1960s until present, numerous other companies have manufactured, advertised, marketed,

and sold identical or nearly identical designs, representative samples of which are included

below:

| *Aria* | *Austin Guitars* | *Bradley Guitars* |
|---|---|---|
|  |  |  |
| **Model Name/Number** | **Model Name/Number** | **Model Name/Number** |
| Aria Pro II SG-600 | AG-400 Series | Bradley SG-40 |
| *Brownsville* | *Diamond* | *DeArmond* |
|  |  |  |
| **Model Name/Number** | **Model Name/Number** | **Model Name/Number** |
| Brownsville IG150BK | Renegade EM - Black/Red | DeArmond S73 |

| *Ed Roman Guitars* | *ESP* | *Fernandes-Burny* |
|---|---|---|
|  |  |  |
| **Model Name/Number**<br>Abstract JD Warpig | **Model Name/Number**<br>Viper-400 Baritone | **Model Name/Number**<br>Unknown |
| *GMP Guitars* | *Greco* | *Guild* |
|  |  |  |
| **Model Name/Number**<br>GMP R-SG | **Model Name/Number**<br>Greco SG-360 | **Model Name/Number**<br>Guild S100 |



| | | |
|---|---|---|
| ***Hagstrom*** | ***Harmony*** | ***Ibanez*** |
| **Model Name/Number**<br>Hagstrom H-III | **Model Name/Number**<br>Harmony Rebel | **Model Name/Number**<br>Ibanez Ax |
| ***Mystic*** | ***Reverend Guitars*** | ***Orlando Guitars*** |
| **Model Name/Number**<br>Mystic SR Double Cutaway | **Model Name/Number**<br>Bob Balch Signature | **Model Name/Number**<br>Deluxe Sold Body Electric<br>Guitar Outfit No. 342 |

| *National Guitars* | *Schecter* |
|---|---|
|  |  |
| **Model Names/Numbers**<br>SG 430-2TMC; SG 462-2BMC | **Model Name/Number**<br>Demon S-II |

| *RS Guitarworks* | *Stagg* |
|---|---|
|  |  |
| **Model Name/Number**<br>RS Guitarworks Stee Standard | **Model Name/Number**<br>Stagg G300 |

| *Stradolin* | *SX* | *Tony Cochran* |
|---|---|---|
|  |  | |
| **Model Names/Numbers**<br>T2517; T2817 | **Model Name/Number**<br>PEG3/BK | **Model Name/Number**<br>Doubloon Electric Guitar |
| *Top Guitars Custom* | *Tradition Guitars* | *Truetone Guitars* |
|  | | |
| **Model Name/Number**<br>Unknown | **Model Name/Number**<br>SX10T | **Model Name/Number**<br>Truetone 2 Pickup Solid<br>Body Guitar |

| U.S. Masters | Vintage | Welson |
|---|---|---|



| **Model Name/Number**<br>Regenberg Hornet | **Model Name/Number**<br>VS6MR - Icon Series | **Model Name/Number**<br>Welson Red Flame |

| Xaviere | Yamaha |
|---|---|




**Model Name/Number**
Yamaha SBG1000

**Model Name/Number**
XV-300



***Vox***

**Model Name/Number**
Vox SDC-1 Mini

33.     The identified third parties either are not or were not licensees of Gibson at the time they used the above guitar designs.

34.     The advertising and sales of these third-party guitars with the above shapes, which are identical or similar to Gibson's SG guitar shape, equal or exceed the advertising and sales of Gibson SG guitars.

35.     Given the extensive third-party uses, the public does not perceive the asserted SG shape as a source identifier and the shape does not identify a single source, including Gibson, and is thus generic.

## GIBSON'S INTERFERENCE WITH ARMADILLO'S
## CONTRACTS AND BUSINESS RELATIONSHIPS

36.     Prior to filing and/or service of Gibson's Complaint, Gibson contacted guitar

dealers (including Armadillo's contracted dealers), threatening legal action and demanding that

dealers remove all Armadillo guitars with the V, Z, and/or semi-hollow guitar shapes.

37.     For example, on April 12, 2019, Gibson sent a cease-and-desist letter to Carlino

Guitars, a guitar dealer who has contracted with Armadillo to sell DEAN guitars, accusing

Carlino of trademark infringement based on Carlino's offer and sale of DEAN-branded V and Z

guitars, threatening litigation, and demanding that Carlino remove all Armadillo's V and Z

guitars from its website.

38.     On May 24, 2019, Gibson sent another cease-and-desist letter to Carlino Guitars,

reiterating its threats and claiming that Carlino Guitars "assum[ed] the same risk" of potential

legal/monetary liability by continuing to offer DEAN V and Z shaped guitars.

39.     Carlino Guitars is just one example of a dealer who received threatening

communications from Gibson.  Upon information and belief, Gibson sent similar

communications to other dealers and/or retailers with the intent of disrupting Armadillo's sales

and contractual relationships with those dealers/retailers.

40.     On June 3, 2019, prior to service of its complaint in this case, Gibson sent a letter

addressed to "Gibson Brands' Dealers," many of which also offer Armadillo's guitars, asserting

that Gibson has "decided to pursue actions against Armadillo," wrongfully accusing Armadillo

of "blatant copying" and "counterfeiting" of Gibson's alleged trademarks (including in the

commonplace, generic V, Z, and semi-hollow guitar shapes), and requesting that the dealers help

"protect customers from unauthorized use of Gibson's trademarks."  The letter stated in relevant

part:

Recently, Gibson has decided to pursue actions against Armadillo Enterprises, maker of Dean and Luna guitars, responsible for the allegedly blatant copying of Gibson's famous Explorer, Flying V, and ES-335 body shape designs.  As an authorized Gibson dealer, we are partnering with you to protect customers from unauthorized use of Gibson's trademarks.  Many consumers likely already believe that Gibson has sponsored or authorized these allegedly infringing Dean and Luna models.  Contrary to this belief, these Dean or Luna models are not sold under Gibson's authorization.  These actions against Armadillo Enterprises are intended to take back control of Gibson's famous body shape designs so the customer can be guaranteed to receive Gibson's craftsmanship, quality, and care when purchasing an instrument containing Gibson's trademarks.  Should you come across an instrument that you believe uses Gibson's trademarks without authorization, please contact your Gibson representative, so together we can protect our customers' interests.  In addition to contacting your Gibson representative, Gibson has created a web page that allows you to submit your concerns regarding counterfeit or infringing instruments.  This web page can be found at https://www.gibson.com/Support/Report-Counterfeits.

A true and correct copy of this letter is attached as Exhibit D.

41.    Immediately following Gibson's dissemination of its dealer communication in Exhibit D (accusing Armadillo of "blatant copying" and "counterfeiting"), Armadillo received numerous phone calls from dealers who were concerned and afraid to continue to deal with Armadillo.

42.    For example, Retail Solutions, a guitar dealer who has contracted with Armadillo to sell DEAN and LUNA guitars and other products, contacted Armadillo and expressed its concern over continuing to deal with Armadillo.  Since Gibson disseminated its dealer communications and threats, and, upon information and belief, as a result of them, Retail Solutions's sales have declined substantially (resulting in lost revenue and profits and other damages to Armadillo).

43.    Sam Ash Musical Instruments, a major musical instruments retailer who has contracted with Armadillo to sell DEAN and LUNA guitars and other products, also contacted Armadillo after Gibson sent its dealer communication, expressing its concern over continuing to

54

deal with Armadillo. Since Gibson disseminated its dealer communications and threats, and, upon information and belief, as a result of them, Sam Ash's sales have declined substantially (resulting in lost revenue and profits and other damages to Armadillo).

44.     Musician's Friend, a major musical instruments retailer who has contracted with Armadillo to sell DEAN and LUNA guitars and other products, cancelled orders from Armadillo after Gibson sent its dealer communications and threats, which was done, upon information and belief, as a result of them. This resulted in lost revenue and profits and other damages to Armadillo.

45.     Following Gibson's June 3, 2019 dealer communication, Armadillo experienced a decline in sales as a result of Gibson's threatening communications to Armadillo's current and prospective dealers.

### FIRST COUNTERCLAIM
**Cancellation of Gibson's Registration No. 2051790 for Genericness Under
Section 37 of the Lanham Act, 15 U.S.C. § 1119**

46.     Armadillo repeats and realleges each and every allegation set forth in Paragraphs 1 through 45 of these counterclaims.

47.     Gibson is the listed owner of U.S. Trademark Registration No. 2051790 for a two-dimensional V-shaped guitar body (the "'790 V Body Shape").

48.     Armadillo (including through its predecessors in interest) has used a V-shaped guitar body for over forty years.

49.     For decades, from the 1960s onwards, numerous third-party companies and guitar builders have been and/or are using and offering for sale electric guitars in the United States incorporating a guitar body identical or nearly identical to the '790 V Body Shape without authorization from Gibson.

50.     As a result, the public does not perceive the '790 V Body shape as a source identifier and thus the '790 V Body Shape is incapable of functioning as a mark.

51.     Armadillo and others have a competitive and equal right to use the '790 V Body Shape as a generic design for their guitars.

52.     If Gibson is allowed to maintain its registration for the generic '790 V Body Shape, it will effectively misappropriate a generic design for its exclusive use, and will continue to cause injury and damage to Armadillo and others.

53.     Accordingly, Registration No. 2051790 for the '790 V Body Shape should be cancelled under Section 37 of the Trademark Act, 15 U.S.C. § 1119, on the ground that the '790 V Body Shape is generic for guitars and is incapable of functioning as a mark.


**SECOND COUNTERCLAIM**
**Cancellation of Gibson's Registration No. 2053805 for Genericness Under**
**Section 37 of the Lanham Act, 15 U.S.C. § 1119**

54.     Armadillo repeats and realleges each and every allegation set forth in Paragraphs 1 through 45 of these counterclaims.

55.     Gibson is the listed owner of U.S. Trademark Registration No. 2053805 for a two-dimensional Z-shaped guitar body (the "'805 Z Body Shape").

56.     Armadillo (including through its predecessors in interest) has used a Z-shaped guitar body for over forty years.

57.     For decades, from the 1960s onward, numerous third-party companies and guitar builders have been and/or are using and offering for sale electric guitars in the United States incorporating a guitar body identical or nearly identical to the '805 Z Body Shape without authorization from Gibson.

58.     As a result, the public does not perceive the '805 Z Body Shape as a source identifier and thus the '805 Z Body Shape is incapable of functioning as a mark.

59.     Armadillo and others have a competitive and equal right to use the '805 Z Body Shape as a generic design for their guitars.

60.     If Gibson is allowed to maintain its registration for the generic '805 Z Body Shape, it will effectively misappropriate a generic design for its exclusive use, and will continue to cause injury and damage to Armadillo and others.

61.     Accordingly, Registration No. 2053805 for the '805 Z Body Shape should be cancelled under Section 37 of the Trademark Act, 15 U.S.C. § 1119, on the ground that '805 Z Body Shape generic for guitars and is incapable of functioning as a mark.

## THIRD COUNTERCLAIM
### Cancellation of Gibson's Registration No. 2007277 for Genericness Under
### Section 37 of the Lanham Act, 15 U.S.C. § 1119

62.     Armadillo repeats and realleges each and every allegation set forth in Paragraphs 1 through 45 of these counterclaims.

63.     Gibson is the owner of U.S. Supplemental Trademark Registration No. 2007277 for a two-dimensional semi-hollow guitar body shape (the "'277 Semi-Hollow Body Shape").

64.     For decades, numerous third-party companies and guitar builders have been and/or are using and offering for sale electric guitars incorporating a guitar body identical or nearly identical to the '277 Semi-Hollow Body Shape without authorization from Gibson.

65.     As a result, the public does not perceive the '277 Semi-Hollow Body Shape as a source identifier and thus the '277 Semi-Hollow Body Shape is incapable of functioning as a mark.

66.    Armadillo and others have a competitive and equal right to use the '277 Semi-Hollow Body Shape as a generic design for their guitars.

67.    If Gibson is allowed to maintain its registration for the generic '277 Semi-Hollow Body Shape, it will effectively misappropriate a generic design for its exclusive use, and will continue to cause injury and damage to Armadillo and others.

68.    Accordingly, Registration No. 2007277 for the '277 Semi-Hollow Body Shape should be cancelled under Section 37 of the Trademark Act, 15 U.S.C. § 1119, on the ground that the '277 Semi-Hollow Body Shape is generic for guitars and is incapable of functioning as a mark.

**FOURTH COUNTERCLAIM**
**Refusal of Gibson's Application No. 86168793 for Genericness Under**
**Section 37 of the Lanham Act, 15 U.S.C. § 1119**

69.    Armadillo repeats and realleges each and every allegation set forth in Paragraphs 1 through 45 and 62 through 68 of these counterclaims.

70.    Gibson filed Application Serial No. 86168793 for a two-dimensional semi-hollow guitar body shape (the "'793 Semi-Hollow Body Shape").  The '793 Semi-Hollow Body Shape is identical to the '277 Semi-Hollow Body Shape and was filed based on Gibson's prior Supplemental Trademark Registration No. 2007277.

71.    For decades, numerous third-party companies and guitar builders have been and/or are using and offering for sale electric guitars incorporating a guitar body identical or nearly identical to the '793 Semi-Hollow Body Shape without authorization from Gibson.

72.     As a result, the public does not perceive the '793 Semi-Hollow Body shape as a source identifier and thus the '793 Semi-Hollow Body Shape is incapable of functioning as a mark.

73.     Armadillo and others have a competitive and equal right to use the '793 Semi-Hollow Body Shape as a generic design for their guitars.

74.     If Gibson is allowed to register the generic '793 Semi-Hollow Body Shape, it will effectively misappropriate a generic design for its exclusive use, and cause injury and damage to Armadillo and others.

75.     Accordingly, Application Serial No. 86168793 for the '793 Semi-Hollow Body Shape should be refused under Section 37 of the Trademark Act, 15 U.S.C. § 1119, on the ground that '793 Semi-Hollow Body Shape is generic for guitars and is incapable of functioning as a mark.

## FIFTH COUNTERCLAIM
### Cancellation of Gibson's Registration No. 2215791 for Genericness Under
### Section 37 of the Lanham Act, 15 U.S.C. § 1119

76.     Armadillo repeats and realleges each and every allegation set forth in Paragraphs 1 through 45 of these counterclaims.

77.     Gibson is the listed owner of U.S. Trademark Registration No. 2215791 for a two-dimensional guitar body (the "'791 Body Shape").

78.     Armadillo (including through its predecessors in interest) has used its accused Gran Sport guitar body for at least seven years.

79.     For decades, from the 1960s onward, numerous third-party companies and guitar builders have been and/or are using and offering for sale electric guitars in the United States

incorporating a guitar body identical or nearly identical to the '791 Body Shape without authorization from Gibson.

80.     As a result, the public does not perceive the '791 Body Shape as a source identifier and thus the '791 Body Shape is incapable of functioning as a mark.

81.     Armadillo and others have a competitive and equal right to use the '791 Body Shape as a generic design for their guitars.

82.     If Gibson is allowed to maintain its registration for the generic '791 Body Shape, it will effectively misappropriate a generic design for its exclusive use, and will continue to cause injury and damage to Armadillo and others.

83.     Accordingly, Registration No. 2215791 for the '791 Body Shape should be cancelled under Section 37 of the Trademark Act, 15 U.S.C. § 1119, on the ground that the '791 Body Shape is generic for guitars and is incapable of functioning as a mark.


## SIXTH COUNTERCLAIM
### Intentional Interference with Armadillo's Existing Contracts and Business Relations Under Texas Common Law

84.     Armadillo repeats and realleges each and every allegation set forth in Paragraphs 1 through 45 of these counterclaims.

85.     For years, Armadillo has entered and continues to enter into contracts with guitar dealers, distributors, retailers, and other entities to sell DEAN and LUNA-branded guitars, including its V, Z, and semi-hollow-shaped guitars.  Currently, Armadillo is contractually engaged with dozens of dealers throughout the country for the sale of its guitars, including those named in Paragraphs 36 through 45 above.

86.     As evidenced by Gibson's letter to Armadillo's dealer Carlino Guitars; Gibson's dealer statement disseminated on June 3, 2019 (attached as Exhibit D); Armadillo's communications with Retail Solutions, Sam Ash, and Musician's Friend, and, upon information and belief, other similar communications to other dealers, Gibson had, and continues to have, actual and/or constructive knowledge of the existence of and Armadillo's interest in and rights under its contractual relationships with various guitar dealers, distributors, and retailers across the country.

87.     With that knowledge, Gibson willfully and intentionally, and with conscious disregard for the legally protected rights of Armadillo, interfered with those protected rights by directing communications to Armadillo's contracted dealers and retailers.

88.     In those communications, Gibson wrongfully (and with the willful intent to interfere with Armadillo's business and cause lost sales and loss of contractual relationships): (1) stated that the dealers were committing trademark infringement by offering for sale and selling Armadillo's guitars; (2) demanded that those dealers remove Armadillo's guitars from their websites and/or stores; (3) demanded that the dealers report to Gibson purported counterfeiting and infringing activities by Armadillo (accusations that Gibson knew were baseless); and/or (4) demanded that the dealers stop their business dealings with Armadillo.

89.     As a result of the foregoing willful and intentional acts, Gibson interfered with Armadillo's existing contracts and business relations by causing dealers, distributors, and retailers, including those named in Paragraphs 36 through 45 above, to stop ordering and/or selling Armadillo's guitars, refuse to renew their contracts with Armadillo, remove Armadillo's guitars from their inventory, and/or refrain from or delay in fulfilling orders.

90.     Gibson's conduct has caused Armadillo substantial harm and damages in the form of, among other damages, losses in both present and future revenues and profits from the loss of dealer relationships and the decrease in the offer for sale and sale of Armadillo's guitars.

91.      Gibson's actions constitute intentional interference with Armadillo's existing contracts and business relations in violation of Texas common law.

### SEVENTH COUNTERCLAIM
### Intentional Interference with Armadillo's Prospective Contracts and Business Relations
### Under Texas Common Law

92.     Armadillo repeats and realleges each and every allegation set forth in Paragraphs 1 through 45 and 84 through 91 of these counterclaims.

93.     For years, Armadillo has entered and continues to enter into contracts with guitar dealers, distributors, retailers, and other entities to sell DEAN and LUNA-branded guitars, including its V, Z, and semi-hollow-shaped guitars.

94.     Armadillo is contractually engaged with dozens of dealers throughout the country for the sale of its guitars, including those named in Paragraphs 36 through 45 above, and Armadillo reasonably anticipates continuing to enter into similar contracts and business relationships in the future.

95.     Gibson interfered with and prevented Armadillo's reasonably anticipated future contracts and business relations by engaging in the independently tortious act of intentional interference with Armadillo's existing contracts and business relations, as set forth in Paragraphs 84 through 91, as well as by directing communications to Armadillo's contracted dealers, distributors, and retailers, with whom Armadillo with reasonable probability would have entered into contractual relationships.

96.     In those communications, Gibson wrongfully (and with the willful intent to interfere with Armadillo's business and cause lost sales and loss of contractual relationships): (1) stated that the dealers were committing trademark infringement by offering for sale and selling Armadillo's guitars; (2) demanded that those dealers remove Armadillo's guitars from their websites and/or stores; (3) demanded that the dealers report to Gibson purported counterfeiting and infringing activities by Armadillo (accusations that Gibson knew were baseless); and/or (4) demanded that the dealers stop their business dealings with Armadillo.

97.     As a result of the foregoing willful and intentional acts, Gibson interfered with and prevented Armadillo's prospective contracts and business relations by causing current and prospective dealers, distributors, and retailers, including those named in Paragraphs 36 through 45 above, to stop ordering and/or selling Armadillo's guitars, refuse to renew their contracts with Armadillo, remove Armadillo's guitars from their inventory, and/or refrain from entering into contractual relationships with Armadillo (which were reasonably probable but for Gibson's unlawful interference).

98.     Gibson had the conscious desire to interfere with Armadillo's ongoing contracts and/or prevent Armadillo's future relationships with dealers, distributors, and retailers from occurring, and/or Gibson knew that interference was certain or substantially certain to occur as a result of its conduct.

99.     Gibson's conduct has caused Armadillo substantial harm and damages in the form of, among other damages, losses in both present and future revenues and profits from the loss of dealer relationships and the decrease in the offer for sale and sale of Armadillo's guitars.

100.     Gibson's actions constitute intentional interference with Armadillo's prospective contracts and business relations in violation of Texas common law.

## PRAYER FOR RELIEF

WHEREFORE, Armadillo respectfully requests that this Court dismiss Gibson's

complaint with prejudice, enter judgment in its favor on each and every counterclaim for relief

set forth above, and award Armadillo relief, including the following:

A.     An Order directing the Director of the U.S. Patent and Trademark Office to cancel

U.S. Trademark Registration Nos. 2051790, 2053805, 2007277, and 2215791 with prejudice on

the grounds that they are generic;

B.     An Order directing the Director of the U.S. Patent and Trademark Office to refuse

Gibson's Trademark Application Serial No. 86168793 with prejudice on the ground that the

asserted guitar shape is generic;

C.     A finding that Gibson has intentionally interfered with Armadillo's contracts and

business relations;

D.     An Order awarding Armadillo all of its actual damages in the maximum amount

permitted by law flowing from Gibson's intentional interference, including Armadillo's lost sales

and profits.  Additionally, or alternatively if necessary, Armadillo asks for an award of its costs

and out-of-pocket expenses in seeking to cover or mitigate the damages proximately caused by

Gibson's actions;

E.     An award of any such other monetary damages, recovery, and relief appropriate

under the law;

F.     An Order requiring Gibson to pay Armadillo its costs and attorneys' fees; and

G.     An injunction enjoining Gibson and its employees, agents, partners, officers,

directors, owners, shareholders, principals, subsidiaries, related companies, affiliates,

distributors, dealers, and all persons in active concert or participation with any of them from

engaging in or sending any communication with guitar dealers, retailers, commercial associates, distributors, suppliers, resellers, and customers that interfere with Armadillo's contracts and business relations (including any communications threatening liability and/or demanding that the dealers, distributors, and/or retailers not offer for sale or sell Armadillo's products, including Armadillo's V, Z, and semi-hollow shaped guitars).

## **<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Fed. R. Civ. P. 38, Armadillo respectfully demands a trial by jury on all issues properly triable before a jury in this action.

Dated:  December 16, 2019                    Respectfully submitted,


                                             /s/ Anna Naydonov
                                             Douglas A. Rettew (*pro hac vice*)
                                             doug.rettew@finnegan.com
                                             Anna Naydonov (*pro hac vice*)
                                             anna.naydonov@finnegan.com
                                             Patrick J. Rodgers (*pro hac vice*)
                                             patrick.rodgers@finnegan.com
                                             **FINNEGAN, HENDERSON, FARABOW,**
                                             **  GARRETT & DUNNER, LLP**
                                             901 New York Avenue NW
                                             Washington, DC 20001
                                             Telephone: (202) 408-4000
                                             Facsimile:  (202) 408-4400


                                             Vic Houston Henry
                                             TBA No. 09484250
                                             vhhenry@hoaf.com
                                             Emileigh Stewart Hubbard
                                             TBA No. 24076717
                                             ehubbard@hoaf.com
                                             **HENRY ODDO AUSTIN & FLETCHER**
                                             **  a Professional Corporation**
                                             1700 Pacific, Suite 2700
                                             Dallas, Texas 75201
                                             Telephone: (214) 658-1900
                                             Facsimile:  (214) 658-1919


                                             *Attorneys for Armadillo Distribution Enterprises, Inc.*