# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| GIBSON BRANDS, INC., § | |
| § | |
| *Plaintiff/Counterclaim-Defendant,* § | |
| § | |
| v. § | |
| § | Civil Action No. 4:19-CV-00358-ALM |
| ARMADILLO DISTRIBUTION § | Judge Mazzant |
| ENTERPRISES, INC.; CONCORDIA § | |
| INVESTMENT PARTNERS, LLC, § | |
| § | |
| *Defendant/Counterclaim-Plaintiffs,* § | |
| § | |
| DOES 1 through 10, § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Armadillo Distribution Enterprises, Inc.'s Partial Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Counterfeiting Claim (Dkt. #79). Having considered the motion and the relevant pleadings, the Court finds that Defendant's Motion should be **DENIED**.

### BACKGROUND

Plaintiff Gibson Brands, Inc. ("Gibson") accuses Defendant Armadillo Distribution Enterprises, Inc. ("Armadillo") of counterfeiting seven Gibson trademarks (Dkt. #74). The Court granted Gibson's Motion to Amend its Second Amended Complaint ("SAC") on December 2, 2019 (Dkt. #75). In Plaintiff's Second Amended Complaint, Gibson alleges Armadillo copied the "Flying V Body Shape" Trademark (U.S. Reg. No. 2051790), "Explorer Body Shape" Trademark (Reg. No. 2053805), "SG Body Shape" Trademark (U.S. Reg. No. 2215791), "Dove Wing

Headstock" Trademark (U.S. Reg. No. 1020485), "HUMMINGBIRD" Trademark (U.S. Reg. No. 1931670), "FLYING V" Trademark (U.S. Reg. No. 1216644), and "MODERNE" Trademark (U.S. Reg. No. 3588609) (Dkt. #74) (collectively, "Gibson Trademarks"). In its SAC, Gibson claims Armadillo is, or has been, advertising "Unauthorized Products" bearing the Gibson Trademarks through websites, distributors, and catalogs in violation of the Lanham Act (Dkt. #74).

On December 16, 2019, Armadillo filed Defendant Armadillo Distribution Enterprises, Inc.'s Partial Motion to Dismiss Plaintiff's Second Amended Complaint for Failing to State a Counterfeiting Claim (Dkt. #79). Armadillo claims the products in question clearly display the DEAN and LUNA logos on each headstock (Dkt. #79). Further, Armadillo alleges the presence of these logos allow consumers to clearly distinguish DEAN and LUNA guitars from Gibson guitars (Dkt. #79). Therefore, Armadillo maintains that Gibson's counterfeiting claim should fail as a matter of law (Dkt. #79).

On December 27, 2019, Gibson filed Plaintiff Gibson Brands, Inc.'s Opposition to Defendant Armadillo Distribution Enterprises, Inc.'s Partial Motion to Dismiss Second Amended Complaint for Failure to State a Counterfeiting Claim (Dkt. #83). According to Gibson, the Lanham Act requires an analysis of each mark rather than the goods themselves to state a claim for trademark counterfeiting (Dkt. #83).

On January 3, 2020, Armadillo filed Defendant Armadillo Distribution Enterprises, Inc.'s Reply in Support of Its Partial Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Counterfeiting Claim (Dkt. #90). On January 10, 2020, Gibson filed Plaintiff Gibson Brands, Inc.'s Sur-Reply in Opposition to Defendant Armadillo Distribution Enterprises, Inc.'s Motion to Dismiss Counterfeiting Claim (Dkt. #97).

**LEGAL STANDARD**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556

U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing the current complaint, the motion to dismiss, the response, the reply, and the sur-reply, the Court finds that Gibson has stated plausible claims for purposes of defeating a Rule 12(b)(6) motion to dismiss. Consequently, Defendant's Motion to Dismiss is denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant Armadillo Distribution Enterprises, Inc.'s Partial Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Counterfeiting Claim (Dkt. #79) is hereby **DENIED.**

**SIGNED** this 24th day of June, 2020.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE