# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| GIBSON BRANDS, INC., § | |
| § | |
| *Plaintiff/Counterclaim-Defendant,* § | |
| § | |
| v. § | |
| § | Civil Action No. 4:19-CV-00358-ALM |
| ARMADILLO DISTRIBUTION § | Judge Mazzant |
| ENTERPRISES, INC.; CONCORDIA § | |
| INVESTMENT PARTNERS, LLC, § | |
| § | |
| *Defendant/Counterclaim-Plaintiffs,* § | |
| § | |
| DOES 1 through 10, § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Armadillo Distribution Enterprises, Inc.'s Motion to Strike Gibson Brands, Inc.'s Affirmative Defenses of Laches and Estoppel (Dkt. #56). Having considered the motion and the relevant pleadings, the Court finds that Defendant's Motion should be **DENIED** as moot.

### LEGAL STANDARD

Rule 12 of the Federal Rules of Civil Procedure provides "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The Court has the authority to act on its own or pursuant to a "motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." FED. R. CIV. P. 12(f)(1–2). The Fifth Circuit has stated that motions to strike are generally disfavored. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale*

*Shipyards*, 677 F.2d 1045, 1058 (5th Cir. 1982). They are viewed with disfavor and infrequently granted, both because striking portions of pleadings is a drastic remedy and because it is often sought by a movant simply as a dilatory tactic. *See Bailey Lumber & Supply Co. v. Georgia-Pacific Corp.*, 2010 WL 1141133, at *4–5 (S.D. Miss. Mar. 19, 2010) (citing *FDIC v. Niblo*, 821 F. Supp. 441 (N.D. Tex. 1993)). Although motions to strike are disfavored and infrequently granted, striking certain allegations can be appropriate when they have no possible relation to the controversy and may cause prejudice to one of the parties. *Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt. of La.*, 2010 WL 1731204, at *5 (E.D. La. Apr. 28, 2010) (citing *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985); *Berry v. Lee*, 428 F. Supp. 2d 546, 563 (N.D. Tex. 2006); *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 401 (E.D. Pa. 2002)). The Court possesses considerable discretion in ruling on a motion to strike. *Bailey*, 2010 WL 1141133, at *4–5 (citing *Niblo*, 821 F. Supp. at 449).

## ANALYSIS

After reviewing the current complaint, the motion to strike, the response, the reply, and the sur-reply, the Court finds that Armadillo's Motion is moot given the superseding answer which Gibson filed on December 30, 2019 (Dkt. #85). Any argument regarding Gibson's defenses of laches and estoppel must address Gibson's current Answer.

## CONCLUSION

It is therefore **ORDERED** that Armadillo Distribution Enterprises, Inc.'s Motion to Strike Gibson Brands, Inc.'s Affirmative Defenses of Laches and Estoppel (Dkt. #56) is hereby **DENIED** as moot.

**SIGNED this 24th day of June, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE