```
                                                                    1
 1                   UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF TEXAS
 2                        SHERMAN DIVISION


 3

     GIBSON BRANDS, INC.           :        DOCKET NO. 4:19CV358
 4                                 :
     VS.                           :        SHERMAN, TEXAS
 5                                 :        MAY 14, 2020
     ARMADILLO DISTRIBUTION        :        10:00 A.M.
 6   ENTERPRISES, INC.             :

 7                        TELEPHONE CONFERENCE
               BEFORE THE HONORABLE AMOS L. MAZZANT,
 8                  UNITED STATES DISTRICT JUDGE

 9   APPEARANCES BY TELEPHONE:

10   FOR THE PLAINTIFF:           MR. KURT SCHUETTINGER
                                  BATES & BATES
11                                1890 MARIETTA BLVD. NW
                                  ATLANTA, GA   30318
12
                                  MR. STEPHEN DALE HOWEN
13                                LAW OFFICE OF STEPHEN HOWEN
                                  7111 BOSQUE BLVD., SUITE 305
14                                WACO, TX   76710

15
     FOR THE DEFENDANT:           MS. ANNA B. NAYDONOV
16                                FENNEGAN HENDERSON
                                  901 NEW YORK AVENUE NW
17                                WASHINGTON, DC   20001

18                                MS. EMILEIGH STEWART HUBBARD
                                  HENRY ODDO AUSTIN & FLETCHER
19                                1700 PACIFIC AVE., SUITE 2700
                                  DALLAS, TX   75201
20

21   COURT REPORTER:              MS. JAN MASON
                                  OFFICIAL REPORTER
22                                101 E. PECAN #110
                                  SHERMAN, TEXAS   75090
23

24   PROCEEDINGS REPORTED BY MECHANICAL STENOGRAPHY, TRANSCRIPT

25   PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.
```

1       THE COURT: Good morning. This is Judge Mazzant and
2  we're here in Case 4:19cv358. I think you've already made your
3  appearances. Again, just identify yourself every time you
4  speak.
5       And whoever initiated the call, I know it's regarding
6  some of the deadlines, so go ahead and you can go first.
7       MR. SCHUETTINGER: Thank you, Your Honor. This is
8  Kurt Schuettinger on behalf of the Plaintiff Gibson Brands,
9  Incorporated. We want to thank the Court for hearing this so
10 quickly.
11      We have a very limited issue today. It regards one of
12 our experts needing additional time to complete his rebuttal
13 report, so we've asked that the deadline be extended from
14 May 29th to June 29th, for 30 days.
15      The issue here is on April 30th we received Defendant's
16 confusion survey and that Monday we received the raw data
17 for the survey. We immediately consulted with our proposed
18 rebuttal expert, and he expressed concern that he couldn't
19 complete his rebuttal report within the 30 day limit, partly
20 due to COVID problems.
21      He's in the northeast and that's subject to a stay at
22 home order. He doesn't have access to his work computer or
23 his work files, which are going to delay the process.
24      There are some other issues he expressed to me
25 regarding completing the survey in time that involve

3

1   attorney/client work product, which, as I expressed to the
2   other side, I can't get into, but he expressed that that
3   will delay the process.
4        So we have asked for a brief 30 day extension only as
5   to him.  We don't believe that the other side would be
6   prejudiced by this extension.  Our next deadline in the case
7   is mediation on August 17th, as well as discovery ends on
8   August 17th.
9        And any other problems that arise in the case due to
10  this extension we're certainly willing to work with the
11  other side to resolve.  I -- but it's my understanding that
12  they think the prejudice here would be completing other
13  depositions in time, and we can certainly work with them to
14  complete the depositions.  I just don't see how one
15  deposition 30 days later in the case is going to prohibit
16  this case from proceeding to trial on time.
17       So with that, we ask for a brief 30 day extension as to
18  one expert.
19            THE COURT:  Okay.  Response?
20            MS. NAYDONOV:  Thank you, Your Honor, and thank you
21  for hearing this on such short notice.
22            THE COURT:  Can you speak up a little bit?  We're
23  having a hard time hearing you.
24            MS. NAYDONOV:  Is this better, Your Honor?
25            THE COURT:  Yes.

4

1          MS. NAYDONOV:  Thank you.  So from our perspective,
2  the parties have just requested and got a 90 day extension of
3  all the case deadlines, including the expert deadlines, and we
4  would really like to not delay the case any further.
5       For this particular expert, Plaintiff's deadline for
6  the survey was back in February.  They didn't provide a
7  confusion survey.
8       On April 30th, as counsel noted, we provided a survey
9  showing no confusion between their marks and Armadillo's
10 products, so we're just talking about a rebuttal deadline on
11 May 29th.
12      Plaintiff requested 30 days, an additional 30 days.  We
13 offered a week, because it's not clear to us why a full
14 month is needed.  They refused.  We asked why.  They said
15 their expert doesn't have access to his computer, work
16 computer or work files.
17      But we just don't understand how that impacts
18 completing the report in time, because we provided our
19 survey by email and the data by email.  And we have our own
20 rebuttal survey expert working remotely with no issue, and
21 they're able to turn around the results by May 29th.
22      So I don't believe we received an adequate explanation
23 why a full month is needed or why access to the computer or
24 work files is needed to address this rebuttal that we
25 provided by email.

1     Regarding prejudice, we do think this creates
2 additional delay and unnecessary prejudice, and that's why
3 we tried to address it with an extension that is less than
4 one month.
5     We have over 15 depositions, including expert
6 depositions, that need to be completed between now and mid
7 August.  I think -- I believe I heard that Plaintiff is
8 trying to do another survey as part of this rebuttal.  And
9 setting aside the issue of if that's even proper, because
10 their deadline was back in February to do this survey, but
11 setting that aside for a second, that means we'll get some
12 new survey at the end of June and that seriously compresses
13 the timeline for our own expert to do any supplementation or
14 response to whatever they give us at the end of June and
15 conduct the depositions in the middle of all these other
16 deadlines that we have in mid August.  And, of course, then
17 we have the summary judgment and Daubert motions coming up
18 shortly after that, which is why, Your Honor, we offered a
19 shorter extension, which we believe is more than sufficient.
20     We just have not heard as to why a full month is
21 needed, given all the kind of cascading effects that would
22 have on the case and the schedule.  Thank you.
23          THE COURT:  Okay.  Any response?
24          MR. SCHUETTINGER:  Yes, Your Honor.  Most of those
25 depositions are the Defendant's depositions of my clients.

6

1  They have I think four or five or let's say six of those who
2  are Gibson employees, and then they have two 30(b)(6) of
3  Gibson.  We've already done the depositions of Defendants and
4  their 30(b)(6).  We did them back in December.
5      As far as, you know, what the specific reason is, you
6  know, I've told the other side it had to do with
7  attorney/client privilege, other than what I can state.  If
8  the Court feels like you would like a more detailed
9  explanation, we can provide one in-camera.
10     But this issue of COVID affecting the parties is not
11 solely related to my client.  We have third party
12 declarations that we're working with.  I've emailed counsel
13 that represent them, and even as of today they have told me
14 they can't provide certain information because of COVID.
15 It's just the situation that we're all trying to deal with
16 here.
17     And the 30 day extension I don't think will prejudice
18 anyone.  And, like we said, we're willing to work with the
19 Court and the other side as the case proceeds to resolve any
20 issues.
21     So we ask that the 30 day extension be granted just as
22 to this one expert.
23          THE COURT:  Okay.  Anything else on this issue?
24     Okay.  So I don't see any prejudice to granting a 30
25 day extension on this one expert for the supplemental

1 rebuttal report, so I will grant that request and make it
2 due by June 29th.
3     From the defense standpoint, I don't see any prejudice,
4 but if something else comes up as an offshoot of this, just
5 reach out to the other side.  I think they'll be
6 accommodating.  And if the Court needs to assist or bless
7 anything, let me know.  But I don't see a problem with this,
8 so I'll grant that request.
9     Anything else I can do for the Plaintiff today?
10     MR. SCHUETTINGER:  No, Your Honor.  Thank you for
11 your time.
12     THE COURT:  No problem.  And for defense, anything?
13     MS. NAYDONOV:  No, Your Honor.
14     THE COURT:  Okay.  Y'all have a great day.  Stay
15 safe.  Thank you.
16     MR. SCHUETTINGER:  Thank you.
17     MR. HOWEN:  Thank you, Your Honor.
18
19
20
21 I certify that the foregoing is a correct transcript from
22 the record of proceedings in the above-entitled matter.
23
24 _____    _____
   Jan Mason                               Date
25