# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| GIBSON BRANDS, INC., § | |
| § | |
| v. § | Civil Action No. 4:19-CV-358 |
| § | Judge Mazzant |
| ARMADILLO DISTRIBUTION § | |
| ENTERPRISES, INC.; CONCORDIA § | |
| INVESTMENT PARTNERS, LLC § | |
| § | |
| DOES 1 through 10 § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Gibson Brands, Inc.'s Motion for Leave to Conduct Limited Discovery (Dkt. #151). Having considered the Motion and relevant briefing, the Court finds that it should be denied.

## BACKGROUND

On May 14, 2019, Gibson Brands, Inc. ("Gibson") sued Armadillo Distribution Enterprises, Inc. ("Armadillo") and alleged that Armadillo copied Gibson's guitar shapes and trademarks (Dkt. #1). In response, Armadillo counterclaimed that Gibson's asserted guitar shapes are generic (Dkt. #12). Consequently, a relevant issue is whether Gibson's guitar shapes are used by third parties and are commonplace.

During discovery, Gibson produced a license agreement between it and one such third party, Echopark, to Armadillo's counsel, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP ("Finnegan") (Dkt. #151 at p. 1). The agreement was marked as Highly Confidential Attorneys' Eyes Only ("AEO") (Dkt. #151 at pp. 1-2). On August 7, 2020, Finnegan deposed Gibson's Chief Market Officer, Cesar Gueikian, and questioned him on the Echopark License Agreement (Dkt. #151 at p. 2). On August 10, Finnegan subpoenaed Echopark to provide its communications with

Gibson and included a copy of the previously produced Echopark License Agreement (Dkt. #151 at p. 2).

On August 31, a YouTube channel known as The Guitologist leaked the Echopark License Agreement (Dkt. #151 at p. 2). In that video, The Guitologist claims that "the lawyers from Dean have begun deposing witnesses, in the case of Gibson versus Dean, and apparently some of the people they are calling are some of these signatories to Gibson's licensing agreement . . ." (Dkt. #151 at p. 2).

In the following weeks, Gibson made various demands of Finnegan to prove that Finnegan was not the leak. In the first week of September, Finnegan confirmed in writing three separate times that it was not the leak, Armadillo never had access to the AEO document, and neither knew the leaker's identity (Dkt. #151 at pp. 3-4). On September 11, Finnegan provided a declaration by Armadillo's CEO attesting that Armadillo had never seen the Agreement, did not leak it, and did not know who leaked it (Dkt. #151 at p. 4).

This was not satisfactory for Gibson. On September 14, Gibson moved for leave to subpoena documents and depose Echopark, Brad Linzy d/b/a The Guitologist, and Armadillo's CEO (Dkt. 151). On September 28, Armadillo responded and requested attorneys' fees for responding to Gibson's motion (Dkt. #156). On October 5, Gibson replied (Dkt. #159).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(4), schedules "may be modified only for good cause and with the judge's consent." The Court considers whether good cause exists by weighing: (1) the explanation for the failure to complete discovery within the deadline; (2) the importance of the extension; (3) potential prejudice in allowing the modification; and (4) the availability of a

continuance to cure such prejudice. *StoneCoat of Texas, LLC v. ProCal Stone Design, LLC*, 2019 WL 9901442, at *7 (E.D. Tex. Sept. 9, 2019).

## ANALYSIS

There is not good cause to justify additional discovery into the leak of the AEO Echopark License Agreement.

First, Gibson is seeking additional discovery because it does not like the answers it has already received. On three separate occasions, Finnegan confirmed in writing that neither it nor its client are the leak (Dkt. #151 at pp. 3-4). Armadillo's CEO further attested his complete ignorance in a thorough declaration (Dkt. #151 at p. 4). Still, Gibson wishes to depose Armadillo's CEO and ask questions that overlap his declaration (Dkt. #151). But Gibson already has Finnegan and Armadillo's answers on their involvement—none. It seems that Gibson hopes to get different answers the fourth time it asks. But further discovery would only retread tired ground.

Second, the requested discovery is not important because it is outside this case's scope. Echopark and the Guitologist are not parties. Whether Echopark violated the confidentiality provision of the Agreement has no bearing on this case's claims. Gibson argues the discovery is "likely to lead to evidence that Armadillo interfered with Gibson's economic advantage" (Dkt. #152 at p. 6), but Armadillo has already sworn that it has not. Even if there were a claim for tortious interference stemming from the leak, that claim is factually distinct from this case's claim for interference and not part of the same transaction.

Third, the requested discovery would place an unfair burden on Armadillo. Gibson asserts there would be "no prejudice towards Armadillo" by allowing it to depose Armadillo's CEO (Dkt. #152 at p. 6). But deposing a party's CEO necessarily prejudices the other party because it forces

the executive to divert his or her attention away from corporate management. Forcing Armadillo to bear these costs for far-reaching discovery is unfair.

Fourth, the prejudice will not be cured by a continuance because Armadillo's harm is financial. If Gibson were to depose third parties and subpoena documents, Armadillo would expend additional resources on issues beyond the litigation's scope (Dkt. #156 at p. 13). For these reasons, there is no good cause and leave is denied.

## CONCLUSION

It is therefore **ORDERED** that Gibson Brands, Inc.'s Motion for Leave to Conduct Limited Discovery (Dkt. #151) is hereby **DENIED**.

**SIGNED this 14th day of October, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE