# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

GIBSON BRANDS, INC.,               §
                                   §
v.                                 §     Civil Action No.  4:19-CV-358
                                   §     Judge Mazzant
ARMADILLO DISTRIBUTION             §
ENTERPRISES, INC.; CONCORDIA       §
INVESTMENT PARTNERS, LLC           §
                                   §
DOES 1 through 10                  §

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant Armadillo Distribution Enterprises, Inc.'s Emergency Motion for Leave to Conduct Third-Party Depositions and Extend Deadlines (Dkt. #154).  Having considered the Motion and Response, the Court finds that it should be granted.

## BACKGROUND

On May 14, 2019, Gibson Brands, Inc. ("Gibson") sued Armadillo Distribution Enterprises, Inc. ("Armadillo") alleging that Armadillo copied Gibson's guitar shapes and trademarks (Dkt. #1).  In response, Armadillo counterclaimed that Gibson's asserted guitar shapes are generic (Dkt. #12).  To prove its counterclaim, Armadillo "need[s] to get into evidence at trial the fact that numerous third parties have used these same shapes for many years."  (Dkt. #68 at 2:22-3:1).  In August 2019, Armadillo proposed a discovery plan whereby the parties would take third-party declarations to avoid the burden of taking depositions (Dkt. #68 at 3:23-4:5).  Gibson declined and stated that it intended to depose any such third party (Dkt. #68 at 3:23-4:5).  Gibson and Armadillo then sent out notices to depose third parties (Dkt. #154 at p. 2).  Gibson objected that Armadillo sent twenty-four notices—in excess of the standard limit of ten—and filed a Motion to Quash (Dkt. #154 at pp. 2-3).

On October 28, 2019, the Court orally granted Gibson's Motion to Quash Deposition Notices on procedural grounds and permitted Armadillo twenty third-party depositions (Dkt. #68 at 27:6-28:13).  At the hearing, the Court stated that:

> One thing I will say is that I put a high premium on cooperation, and it's clear neither side is cooperating on the operation of this discovery . . . I want to encourage y'all to cooperate with each other.  So what I mean by that is you need to go ahead and try to agree to a procedure, whether you use the declaration procedure—I'm not going to impose that, but it seems like a reasonable solution to at least some of those.  Then if no, then they can proceed with the depositions if you can't agree.  But let's try to have a good faith negotiation.

(Dkt. #68 at 27:8-24).  Over the course of many months, Armadillo coordinated with fourteen third parties to obtain declarations attesting to facts about the third party's usage of similar guitar shapes (Dkt. #154 at pp. 6-7).  These draft declarations were sent to Gibson on a rolling basis between February and September 2020 (Dkt. #154 at pp. 6-7).  During this time period, Gibson provided edits on one declaration and approved another (Dkt. #154 at p. 6).  On September 11, a few weeks before the discovery deadline, Gibson provided substantive comments and raised objections to twelve declarations (Dkt. #154 at pp. 8-9).  Armadillo proposed scheduling conference calls with the third parties to discuss Gibson's comments before the September 30 discovery deadline (Dkt. #154 at p. 9).  Gibson refused (Dkt. #154 at p. 9).  On September 23, Gibson stated it was "no longer willing to consider these declarations." (Dkt. #154 at p. 10).

On September 28, Armadillo filed an Emergency Motion seeking leave to conduct thirteen third-party depositions and an extension on all remaining deadlines (Dkt. #154).  On October 9, Gibson filed its response arguing that the third-party evidence would not impact summary

judgment, Armadillo is really the party that delayed, and a continuance would unfairly prejudice Gibson (Dkt. #163).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(4), schedules "may be modified only for good cause and with the judge's consent."  The Court considers whether good cause exists by weighing: (1) the explanation for the failure to complete discovery within the deadline; (2) the importance of the extension; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice.  *StoneCoat of Texas, LLC v. ProCal Stone Design, LLC*, 2019 WL 9901442, at *7 (E.D. Tex. Sept. 9, 2019).

## ANALYSIS

After reviewing the Motion and the Response, the Court finds that good cause exists.

First, Armadillo's request is directly attributable to Gibson's delayed responses and shifting position on the third-party declarations despite this Court's instruction for the parties to cooperate.   After the Court's instructions, Armadillo undertook the complicated task of coordinating third-party declarations only to have to continuously follow-up with Gibson (Dkt. #154 at p. 9).  Gibson knew about the third-party sales data for over a year and cooperated on two such declarations, but now asserts that the data raises too many evidentiary issues (Dkt. #164 at p. 5).  This is not good-faith negotiation.

Second, the third-party sales data are at the core of Armadillo's argument that Gibson's marks are generic.  It is therefore necessary to Armadillo's defense.

Third, a brief continuance will not unreasonably prejudice Gibson as the litigation will still proceed at a prompt pace.

And finally, while a continuance will not cure the prejudice, Gibson could have avoided the prejudice entirely by cooperating with Armadillo on the third-party declarations in the first place.  It seems unfair for Gibson to object when Gibson's actions necessitated the continuance.

### CONCLUSION

It is therefore **ORDERED** that Defendant Armadillo Distribution Enterprises, Inc.'s Emergency Motion to Conduct Third-Party Depositions and Extend Deadlines (Dkt. #154) is hereby **GRANTED**.   Armadillo has a two-month continuance to complete the thirteen  third-party depositions.

**SIGNED this 14th day of October, 2020.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE