# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| GIBSON BRANDS, INC. | § | |
| *Plaintiff*, | § § § | |
| v. | § § § | Civil Action No. 4:19-cv-00358<br>Judge Mazzant |
| ARMADILLIO DISTRIBUTION ENTERPRISES, INC.; CONCORDIA INVESTMENT PARTNERS, LLC, DOES 1 through 10 | § § § § § § | |
| *Defendants*. | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Gibson Brands, Inc's Motion to Exclude Defendant's Rebuttal Survey of Dr. Michael J. Barone (Dkt. #192). Having considered the Motion and the relevant pleadings, the Court finds the Motion should be **DENIED**.

### BACKGROUND

On May 14, 2019, Plaintiff Gibson Brands, Inc. ("Gibson") sued Armadillo Distribution Enterprises, Inc. ("Armadillo") and Armadillo's investment licenser, Concordia Investment Partners, Inc. for infringing Gibson's trademark guitar shapes (Dkt. #1). As such, the parties dispute the strength of Gibson's asserted trademarks.

Gibson's expert, Dr. Eugene Ericksen ("Ericksen"), conducted a survey "to determine whether the GIBSON brand is famous with respect to electric guitars." (Dkt. #192 at p. 2). Ericksen concluded that Gibson guitars have high consumer recognition and that Armadillo's brand of guitars, Dean, have low recognition. In response, Armadillo's expert, Dr. Michael J. Barone ("Barone"), conducted a rebuttal survey. Barone's report concurred that Gibson guitars

have high consumer recognition but differed in finding that Dean guitars have a significant amount of consumer recognition.

On December 14, 2020, Gibson moved to exclude Barone's Rebuttal Survey (Dkt. #192). On December 28, 2020, Armadillo responded (Dkt. #211).

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) allows for the designation of a rebuttal expert witness "solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)".

"The scope of rebuttal testimony is ordinarily a matter to be left to the sound discretion of the trial judge." *Tramonte v. Fibreboard Corp.*, 947 F.2d 762, 764 (5th Cir. 1991). "A 'rebuttal' report explains, repels, counteracts, or disproves evidence of the adverse party's initial report." *CEATS, Inc. v. TicketNetwork, Inc.*, 2:15-CV-01470-JRG-RSP, 2018 WL 453732, at *3 (E.D. Tex. Jan. 17, 2018). "Rebuttal is a term of art, denoting evidence introduced by a plaintiff to meet new facts brought out in his opponent's case in chief." *GWTP Invs., L.P. v. SES Americom, Inc.*, 3:04-CV-1383-L, 2007 WL 7630459, at *9 (N.D. Tex. Aug. 3, 2007). When addressing whether an expert witness is a rebuttal witness, district courts often ask three questions:

> First, what evidence does the rebuttal expert purport to contradict or rebut? Second, is the evidence disclosed as rebuttal evidence on the same subject matter as that identified by another party in its Rule 26(a)(2)(B) disclosure? Third, is the evidence disclosed as rebuttal evidence intended solely to contradict or rebut that evidence?

*Poly-Am., Inc. v. Serrot Int'l, Inc.*, CIV.A. 300CV1457D, 2002 WL 1996561, at *15 (N.D. Tex. Aug. 26, 2002); *see also United States v. Austin Radiological Ass'n*, A-10-CV-914-LY, 2014 WL 2515696, at *4 (W.D. Tex. June 4, 2014) (citing *Poly-Am., Inc.*, 2002 WL 1996561, at *15); *Wireless Agents, L.L.C. v. Sony Ericsson Mobile Commc'ns AB*, CIV.A.3:05-CV-0289-D, 2006

2

WL 5127278, at *2 (N.D. Tex. May 31, 2006) (same).  Impermissible rebuttal testimony should be excluded.  *See GWTP Invs., L.P.*, 2007 WL 7630459, at *10.

## ANALYSIS

Gibson asks this Court to exclude Barone's rebuttal survey because it is an "apples and oranges comparison" to Ericksen's survey (Dkt. #192 at p. 1).  Gibson argues that Barone conducted a different type of trademark survey than Ericksen, which makes Barone's survey a different subject matter than Ericksen's survey.  Even so, Barone's survey demonstrates that the GIBSON brand is famous, which means that Barone's survey supports—not contradicts— Ericksen's survey.  Armadillo responds that Barone's survey merely fixes the flaws present in Ericksen's own survey and is thus a proper rebuttal.

The Court examines the expert reports before addressing the parties' arguments.

### i. Ericksen Report

On March 4, 2020, Ericksen served an expert report.  Ericksen conducted "a survey to determine whether the GIBSON brand is famous with respect to electric guitars."  (Dkt. #211, Exhibit 1 at ¶7).  In short, Ericksen's survey asked the general population whether they knew of various electric guitar brands.  If the respondent answered yes, they were then asked if they thought each brand was used by one or more companies.  The brands included Gibson, Dean, other guitar brands, and a fictious brand, Sawyer (Dkt. #211, Exhibit 1 at ¶9).  The respondents were approximately half female and half male.

Ericksen reported that 83% of respondents were familiar with Gibson guitars; 8% were familiar with Dean guitars, and 6.8% with Sawyer guitars (Dkt. #211, Exhibit 1 at ¶10).  Ericksen concluded that the GIBSON brand is famous.

### ii.     Barone Report

On May 29, 2020, Barone served his expert report.  Barone conducted "an examination and evaluation" of Ericksen's fame survey.  Barone had several criticisms of Ericksen's survey, but the most relevant here is that Ericksen's survey polled the general population instead of those who bought or planned to buy an electric guitar.  Barone conducted a new survey that, among other things, only surveyed "respondents who reported playing an electric guitar and having purchased, or who planned on purchasing, an electric guitar costing $250 or more" (Dkt. #211, Exhibit 2 at ¶63).  Barone's respondents were 95% male (Dkt. #211, Exhibit 2 at ¶63).

Barone reported that 93.1% of respondents were familiar with Gibson and 56.5% were familiar with Dean (Dkt. #211, Exhibit 2 at ¶71).  Barone concluded that Ericksen's survey "introduce[d] significant levels of error that severely undermine the reliability of [its] findings." (Dkt. #211, Exhibit 2 at ¶75).  After "correct[ing] for numerous flaws," Barone's survey "resulted in appreciably higher aided awareness level for Dean (56.4%)." (Dkt. #211, Exhibit 2 at ¶73).  Consequently, the Ericksen survey "hold[s] little or no relevance in addressing the allegations made by Gibson that its [trademarks] are protectable and have not become generic." (Dkt. #211, Exhibit 2 at ¶75).

### iii.    **What evidence does the rebuttal expert purport to contradict or rebut?**

Gibson argues Barone's survey should be excluded because Barone's survey agrees with Ericksen's survey.  In support, Gibson relies on Barone's deposition in which he "stated his findings do not rebut Dr. Ericksen's survey findings regarding the GIBSON mark being famous" (Dkt. #192 at p. 5).  Gibson then cites to a snippet of Barone's deposition[1] where Barone

4

---

[1] The entirety of Barone's deposition testimony that Gibson provides:
   Q: So then – I'm just asking: How does your survey rebut his findings in any way as to Gibson being famous?

acknowledges that his findings are "consistent with this idea that Gibson is well-known as an electric guitar brand." (Dkt. #192 at p. 5). Gibson does not provide the deposition transcript to the Court. Without the transcript, the Court is unable to determine the context.

Still, taking Gibson's argument at face value, an expert report does not have to rebut every finding of the other party to be a rebuttal. *See Poly-Am.*, 2002 WL 1996561, at *15 (denying motion to strike expert report where "at least some of [expert's] testimony purports to contradict or rebut [other expert's] opinion"). Barone directly contradicted Ericksen's survey by finding "appreciably higher aided awareness level for Dean (56.4%)." (Dkt. #211, Exhibit 2 at ¶73). This rebuts Ericksen's finding that Dean guitars have only 8% recognition.

Barone's survey also rebuts Ericksen's survey by casting doubt on the reliability of Ericksen's findings. Barone's survey repeatedly criticizes Ericksen's methodology before concluding that these "significant level of errors . . . severely undermine the reliability of [his] findings." (Dkt. #211, Exhibit 2 at ¶75). "As a consequence, results from the Ericksen Surveys hold little or no relevance in addressing the allegations made by Gibson that its [trademarks] are protectable and have not become generic." (Dkt. #211, Exhibit 2 at ¶75). Even if Barone's survey supports part of Ericksen's findings, Barone is challenging the validity of Ericksen's overall conclusions. This "counteracts" and "disproves evidence of the adverse party's initial report" and is thus a rebuttal. *CEATS, Inc.*, 2018 WL 453732, at *3.

    iv.    **Is the evidence disclosed as rebuttal evidence on the same subject matter as that identified by another party?**

Next, Gibson argues Barone's survey should be excluded because it is a fundamentally different type of survey and thus is not the same subject matter. Specifically, Gibson classifies

---

A: Well, again, I think they're consistent with this idea that Gibson is well-known as an electric guitar brand.
(Dkt. #192 at p. 5 (citing Barone's deposition at 150:20-25)).

5

Ericksen's survey as a "dilution" survey whereas Barone's survey is a "confusion" survey. Gibson argues that because the surveys were aimed at different populations and different purposes, the surveys are on different subject matter.

But both Barone and Ericksen surveyed consumers on the same subject matter: consumer recognition for Gibson and Dean guitars. Barone's survey differed only in the minor details of his methodology. For example, Barone varied the order of his questions, whether he included certain words in certain questions, and whether respondents were the general population or a targeted population. Nothing in Rule 26 or the nature of rebuttal prohibits offering independent opinions or utilizing other methodologies. "In fact, offering a different, purportedly better methodology is a proper way *to* rebut the methodology of someone else." *TCL Communications Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson*, CV 15-02370 JVS, 2016 WL 7042085, at *4 (C.D. Cal. Aug. 17, 2016). Both surveys were directed to the same content albeit in different ways. Gibson does not cite any cases that suggest these differences result in different subject matter. Instead, Gibson's arguments are really directed at the weight Barone's survey should be given. Because Barone corrected perceived errors in Ericksen's survey with the goal of responding to and rebutting his findings, Barone's survey is within the same subject matter scope.

    v.   **Is the evidence disclosed as rebuttal evidence intended solely to contradict or rebut that evidence?**

Gibson again argues that Barone's survey supports—instead of rebuts—Ericksen's survey because Barone also found high recognition of the Gibson brand. As discussed, a rebuttal does not have to contradict every assertion made by the opposing party. *See Poly-Am.*, 2002 WL 1996561, at *15. Barone's survey purports to show that Dean guitars have much higher brand recognition than Ericksen concluded. Barone's survey also purports to show methodological flaws in Ericksen's survey that cast doubt on Ericksen's ultimate conclusions. Because Barone's survey

6

is intended to contradict or rebut Ericksen's survey, the Court finds that Barone's survey is a rebuttal.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Gibson Brands, Inc's Motion to Exclude Defendant's Rebuttal Survey of Dr. Michael J. Barone (Dkt. #192) is hereby **DENIED**.

**SIGNED this 22nd day of January, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE