# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

|  |  |
|---|---|
| GIBSON BRANDS, INC., § | |
| § | |
| § | Civil Action No. 4:19-cv-00358 |
| v. § | Judge Mazzant |
| § | |
| ARMADILLO DISTRIBUTION § | |
| ENTERPRISES, INC.; CONCORDIA § | |
| INVESTMENT PARTNERS, LLC, § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Armadillo Distribution Enterprises, Inc.'s Motion for Leave to Supplement the Updated George Gruhn Expert Report (Dkt. #186). Having considered the Motion and briefing, the Court finds the Motion should be **GRANTED**.

### BACKGROUND

On May 14, 2019, Plaintiff Gibson Brands, Inc. ("Gibson") sued Armadillo Distribution Enterprises, Inc. ("Armadillo") and Armadillo's investment licenser, Concordia Investment Partners, Inc. for trademark infringement (Dkt. #1). In response, Armadillo counterclaimed that Gibson's asserted guitar shapes are generic (Dkt. #12). To prove its counterclaim, Armadillo "need[s] to get into evidence at trial the fact that numerous third parties have used these same shapes for many years." (Dkt. #68 at 2:22-3:1).

In August 2019, Armadillo proposed a discovery plan whereby the parties would take third-party declarations to avoid the burden of taking depositions (Dkt. #68 at 3:23-4:5). Gibson declined and stated it intended to depose any such third party (Dkt. #68 at 3:23-4:5). Gibson and Armadillo then sent out notices to depose third parties (Dkt. #154 at p. 2). Gibson objected that Armadillo sent twenty-four notices—more than the standard limit of ten—and filed a Motion to Quash (Dkt. #154 at pp. 2-3).

On October 28, 2019, the Court orally granted Gibson's Motion to Quash Deposition Notices on procedural grounds and permitted Armadillo twenty third-party depositions (Dkt. #68 at 27:6-28:13). At the hearing, the Court stated that:

> I put a high premium on cooperation, and it's clear neither side is cooperating on the operation of this discovery . . . I want to encourage y'all to cooperate with each other. So what I mean by that is you need to go ahead and try to agree to a procedure, whether you use the declaration procedure—I'm not going to impose that, but it seems like a reasonable solution to at least some of those. Then if no, then they can proceed with the depositions if you can't agree. But let's try to have a good faith negotiation.

(Dkt. #68 at 27:8-24). Over many months, Armadillo coordinated with fourteen third parties to obtain declarations attesting to facts about the third party's usage of similar guitar shapes (Dkt. #154 at pp. 6-7). A few weeks before the discovery deadline, Gibson stated it was "no longer willing to consider these declarations." (Dkt. #154 at p. 10). Armadillo moved for leave to conduct thirteen third-party depositions and an extension on all remaining deadlines (Dkt. #154). On October 14, 2020, the Court granted the motion and gave Armadillo a two-month continuance to complete the depositions (Dkt. #170).

On December 14, 2020, Armadillo moved for leave to supplement the Updated Report (Dkt. #186). On December 29, 2020, Gibson responded (Dkt. #217). On January 5, 2021, Armadillo replied (Dkt. #232). On January 12, 2021, Gibson filed its Sur-Reply (Dkt. #237).

## LEGAL STANDARD

The Court may grant leave to disclose a supplement expert report after the deadline in the scheduling order has expired for good cause. *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990). To determine whether good cause exists, the Court considers (1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.

*Russell v. Wal-Mart Stores*, No: 1:06-CV-408, 2007 WL 9725186, at *2 (E.D. Tex. Jun. 7, 2007) (citing *Geiserman*, 893 F.2d at 791).

## ANALYSIS

The Court finds that good cause exists for Armadillo to supplement the Gruhn Updated Report with the third-party sales data obtained during the Court's continuance.

First, Armadillo completed the discovery within the Court's two-month continuance (*See* Dkt. #170). It was therefore timely.

Second, the Court granted the continuance because the discovery is "necessary to Armadillo's defense." (*See* Dkt. #170 at p. 3).

Third, the Court previously determined that "a brief continuance will not unreasonably prejudice Gibson as the litigation will still proceed at a prompt pace." (Dkt. #170 at p. 3). Armadillo has produced all additional data and exhibits to Gibson and so there will be no surprise in the supplementation (Dkt. #186 at p. 5). As the Court found, "Gibson was not robbed of the opportunity to challenge the sales data and cannot claim surprise because the expert opinions did not change." (Dkt. #183 at p. 9).

And finally, a continuance is not necessary to cure Gibson's prejudice. The Court already contemplated potential prejudice when it granted Armadillo a two-month continuance to conduct this additional discovery. As the Court noted, "Gibson may cure whatever prejudice it does suffer because Defendants offered to make Gruhn available for an hour-long deposition to discuss the supplemental sales data." (Dkt. #180 at p. 10). It is unreasonable for Gibson to object to Armadillo using this Court sanctioned discovery.

Gibson does not address the good cause factors and instead focuses on the admissibility of the additional discovery. Gibson asks the Court to rule the discovery inadmissible in any form.

This is premature. Gibson may raise admissibility arguments at the Pre-Trial Conference or in an objection.

Alternatively, Gibson asks to (1) re-depose Gruhn for six hours, (2) depose the third parties who submitted declarations, and (3) amend its Motion to Exclude Gruhn's proposed testimony. The Court declines. First, a six-hour deposition is excessive because Gruhn is only supplementing his opinions, not asserting new ones. Gibson does not need six hours to question Gruhn on this limited issue, particularly when Gibson was present for most third-party depositions. Instead, Gibson may depose Gruhn for two hours, instead of one, to account for this additional discovery. Second, Gibson does not address why good cause exists to depose the third parties who submitted declarations. And third, Gibson may not amend its Motion to Exclude Gruhn's proposed testimony because this sales data is only a minimal supplementation to his testimony. The supplementation does not change Gruhn's methodology, which is at issue in Gibson's *Daubert* motion. Gibson's objections to the supplemental data should be raised at the Pre-Trial Conference or at trial.

## CONCLUSION

The Court finds good cause to permit Armadillo to supplement the Gruhn Updated Report. It is therefore **ORDERED** that Armadillo Distribution Enterprises, Inc.'s Motion for Leave to Supplement the Updated George Gruhn Expert Report (Dkt. #186) is hereby **GRANTED.**

It is further **ORDERED** that Gibson may depose Gruhn for a total of two hours concerning all the supplemental third-party data. This includes the hour the Court previously permitted.

**SIGNED this 11th day of March, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE