# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| GIBSON BRANDS, INC. § § § *Plaintiff*, § § v. § § ARMADILLIO DISTRIBUTION § ENTERPRISES, INC.; CONCORDIA § INVESTMENT PARTNERS, LLC, DOES 1 § through 10 § § *Defendants*. | Civil Action No. 4:19-cv-358 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Armadillo Distribution Enterprises, Inc.'s Motion to Strike the Unsworn Declaration of Basil Imburgia (Dkt. #315). Having considered the Motion and the relevant briefing, the Court finds the Motion should be **DENIED as moot**.

### BACKGROUND

On May 14, 2019, Plaintiff Gibson Brands, Inc. ("Gibson") sued Armadillo Distribution Enterprises, Inc. ("Armadillo") and Armadillo's investment licenser, Concordia Investment Partners, Inc. for trademark infringement (Dkt. #1). Gibson retained a damages expert, Basil Imburgia ("Imburgia") to calculate Armadillo's sales of the accused products.

The parties agree Gibson is required to prove sales, but that Armadillo is required to prove all deductible costs and expenses. *See* 15 U.S.C.A. § 1117 (a). These deductible costs include materials, shipping, customs and duties, among others.

On March 4, 2020, Imburgia submitted his initial report, which asserted that Armadillo failed to prove any deductible costs. Imburgia opined that Armadillo's disclosures were insufficient to prove deductible costs because "the company has not provided any supporting

documentation to validate these costs." (Dkt. #195, Exhibit 7 at ¶ 34).  After that report, Armadillo produced further evidence and expert testimony identifying deductible costs.  Imburgia did not supplement his original report.

Armadillo moved to exclude Imburgia's testimony (Dkt. #195).  In response, Gibson provided Imburgia's sworn declaration as an exhibit (Dkt. #221, Exhibit 1).  On February 2, 2021, Armadillo moved to strike Imburgia's unsworn[1] declaration as an improper and untimely supplementation (Dkt. #315).  On February 16, 2021, Gibson responded (Dkt. #320).  On February 23, 2021, Armadillo replied (Dkt. #324).  On March 2, 2021, Gibson filed its Sur-Reply (Dkt. #327).

Separately, on March 18, 2021, the Court denied Armadillo's *Daubert* motion (Dkt. #333).

## LEGAL STANDARD

The Court may grant leave to disclose a supplemental expert report after the deadline in the scheduling order has expired for good cause.  *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990).  To determine whether good cause exists, the Court considers (1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.  *Russell v. Wal-Mart Stores*, No: 1:06-CV-408, 2007 WL 9725186, at *2 (E.D. Tex. Jun. 7, 2007) (citing *Geiserman*, 893 F.2d at 791).

## ANALYSIS

Armadillo asks this Court to strike Imburgia's declaration as an improper and untimely supplementat that provides new opinions.  Gibson responds that Imburgia's declaration is not a supplement because Imburgia has not changed his opinion.

---

[1] Although Armadillo represents Imburgia's declaration as unsworn, upon review it appears to be sworn (*See* Dkt. #221, Exhibit 1 at p. 12).

This dispute is now moot. Gibson offered Imburgia's declaration only in opposition of Armadillo's *Daubert* motion (Dkt. #320 at p. 6 (Arguing that Imburgia's "declaration is permissible to counter Defendant's argument in the *Daubert* Motion")). There is no indication that Gibson intends to rely on Imburgia's declaration at trial (*See* Dkt. #320, #327). On March 18, 2021, the Court separately denied Armadillo's *Daubert* motion (Dkt. #333). The Court did not cite or otherwise rely on the disputed declaration (*See* Dkt. #333). As such, the Court no longer needs to determine whether Imburgia's declaration was a proper exhibit to Gibson's response.

## CONCLUSION

It is therefore **ORDERED** that Armadillo Distribution Enterprises, Inc.'s Motion to Strike the Unsworn Declaration of Basil Imburgia (Dkt. #315) is hereby **DENIED as moot**.

**SIGNED this 20th day of April, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE