**United States District Court**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| GIBSON BRANDS, INC., | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No.  4:19-CV-358 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| ARMADILLO DISTRIBUTION | § | |
| ENTERPRISES, INC., and CONCORDIA | § | |
| INVESTMENT PARTNERS, LLC, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## <u>ORDER</u>

Following the Pretrial Conference in the above-styled matter, there were three unresolved matters before the Court: (1) whether certain third-party declarations used during depositions could be admitted into evidence; (2) whether Defendants established the business records predicate for the hearsay exception to apply to certain third-party deposition testimony and exhibits; and (3) whether declarations outside of the United States are valid under 28 U.S.C. § 1746.

First, the Court will not admit any declarations into evidence, although the exhibits themselves may be admissible.

Second, in reviewing the evidence the Court finds Defendants have satisfied the requirements for the business records hearsay exception.  Federal Rule of Evidence 803(6) provides that a record of a regularly conducted activity will not be excluded by the rule against hearsay if:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

FED. R. EVID. 803(6).  Cary is Fender's Senior Vice President of Specialty Brands and appeared as the corporate representative for Fender, and its subsidiary, Jackson Charvel Manufacturing.  In discussing certain sales data during his deposition, Cary stated that Fender compiled sales numbers by going "back through historical records for that specific model" using an accounting software.  While Cary's deposition testimony alone may not have satisfied Rule 803(6)'s required predicate, Cary also executed a declaration, wherein he stated that the sales information documents discussed in his deposition were "authentic records of [FMIC's/JCMI's] regularly conducted business activities, made at or near the time by persons with knowledge maintained in the course of a regularly conduct business activity by [FMIC/JCMI]."  Thus, between Cary's deposition testimony and his attached declaration, the business records exception applies.

Similarly, Steve McCreary, General Manager at Collings, testified that the sales and advertising figures Collings produced are "regularly stored in [Collings'] accounting software" and that "those databases are maintained in the ordinary course of business."  Further, in his declaration, McCreary stated the sales and advertising figures documents he discussed during his deposition "are authentic records of Collings' regularly conducted business activities, maintained in the regular course of business by Collings."  Again, between the deposition testimony and declaration combined, Defendants have satisfied the requirements for Rule 803(6)'s business records exception to the rule against hearsay to apply.  Therefore, Plaintiff's objection on this basis is **OVERRULED**.

Third, the Declarations of EMD Music SA and John Hornby Skewes & Co. Ltd. Regarding

Production of Business Records Under Federal Rule of Evidence 902(11) do not meet the requirements of 28 U.S.C. §1746.  Section 1746 states:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct[.]"
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct[.]"

28 U.S.C. § 1746.

Both declarations were signed outside of the United States—in Belgium and the United Kingdom.  Both declarations contain the following language: "I declare under penalty of perjury that the foregoing is true and correct."  While such statements would be sufficient if the declarants signed in the United States, it does not meet the requirements for declarations "without the United States."  The court must strictly comply with the statute, otherwise Section 1746(1) would be rendered surplusage.  *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 386 (2013) ("The canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme.").  The declarations do not contain the required language and therefore fail on their face.  Therefore, Plaintiff's objection is **SUSTAINED**.

**IT IS SO ORDERED.**
**SIGNED this 13th day of May, 2022.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE