IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

| | |
|---|---|
| GIBSON BRANDS, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br> vs. <br><br> ARMADILLO DISTRIBUTION ENTERPRISES, INC.; CONCORDIA INVESTMENT PARTNERS, LLC, <br><br> Defendant/Counterclaim-Plaintiff <br><br> DOES 1 through 10, <br><br> Defendants. | Case No. 4:19-cv-00358-ALM |

## DEFENDANTS' AMENDED OFFER OF PROOF

In its order on Motion in Limine No. 6, over Defendants' objection, the Court precluded Defendants from offering "evidence of and arguments related to third-party advertisements and sales prior to 1992." Dkt. #470; Dkt. #473; Dkt. #476.

Absent this order, Defendants would have offered testimony and evidence from Mssrs. Decola, Davidson, Rubinson, Maloney, Rock, Agnesi, and Gruhn comprising and discussing pre-1992 sales and advertising of third-party guitars similar to Plaintiff's asserted guitar and headstock shapes. To that end, Defendants would have offered the following exhibits: DTX-0084, DTX-0085, DTX-0086, DTX-0087, DTX-0335, DTX-0336, DTX-0337, DTX-0338, DTX-0339, DTX-0340, DTX-0341, DTX-0342, DTX-0343, DTX-0344, DTX-0345, DTX-0346, DTX-0347, DTX-0348, DTX-0363, DTX-0378, DTX-0379, DTX-0380, DTX-0381, DTX-0382, DTX-0383, DTX-0384, DTX-0412, DTX-0413, DTX-0415, DTX-0416, DTX-0417, DTX-0418, DTX-0421, DTX-0422, DTX-0423, DTX-0424, DTX-0425, DTX-0426, DTX-0427, DTX-0428, DTX-0429, DTX-0430, DTX-0431, DTX-0432, DTX-0433, DTX-0441, DTX-0442, DTX-0443, DTX-0444, DTX-

0445, DTX-0446, DTX-0447, DTX-0448, DTX-0449, DTX-0599, DTX-0600, DTX-0601, DTX-0602, DTX-0603, DTX-0604, DTX-0605, DTX-0606, DTX-0607, DTX-0608, DTX-0625, DTX-0626, DTX-0639, DTX-0640, DTX-0641, DTX-0655, DTX-0656, DTX-0657, DTX-0658, DTX-0710, DTX-0711, DTX-0712, DTX-0713, DTX-0714, DTX-0715, DTX-0716, DTX-0731, DTX-0732, DTX-0733, DTX-0743, DTX-0744, DTX-0745, DTX-0746, DTX-0747, DTX-0748, DTX-0749, DTX-0750, DTX-0751, DTX-0752, DTX-0753, DTX-0754, DTX-0755, DTX-0756, DTX-0757, DTX-0758, DTX-0759, DTX-0760, DTX-0761, DTX-0762, DTX-0763, DTX-0764, DTX-0780, DTX-0781, DTX-0789, DTX-0790, DTX-0791, DTX-0792, DTX-0793, DTX-0794, DTX-0795, DTX-0796, DTX-0797, DTX-0798, DTX-0799, DTX-0871, DTX-0872, DTX-0873, DTX-0874, DTX-0875, DTX-0876, DTX-0892, DTX-0893, DTX-0894, DTX-0895, DTX-0906, DTX-0907, DTX-0908, DTX-0909, DTX-0910, DTX-0911, DTX-0912, DTX-0913, DTX-0914, DTX-0915, DTX-0916, DTX-0917, DTX-0932, DTX-0933, DTX-0934, DTX-0935, DTX-0936, DTX-0957, DTX-0958, DTX-0959, DTX-0960, DTX-0961, DTX-0963, DTX-0964, DTX-0965, DTX-0966, DTX-0967, DTX-0968, DTX-0969, DTX-0970, DTX-0971, DTX-0972, DTX-0973, DTX-0974, DTX-0975, DTX-0976, DTX-0977, DTX-0978, DTX-0979, DTX-0980, DTX-0981, DTX-0982, DTX-0983, DTX-0984, DTX-0985, DTX-0986, DTX-0987, DTX-0988, DTX-0989, DTX-0990, DTX-0991, DTX-0992, DTX-0993, DTX-0994, DTX-0995, DTX-0996, DTX-0997, DTX-0998, DTX-0999, DTX-1000, DTX-1001, DTX-1002, DTX-1003, DTX-1004, DTX-1005, DTX-1006, DTX-1007, DTX-1008, DTX-1009, DTX-1010, DTX-1011, DTX-1013, DTX-1014, DTX-1015, DTX-1016, DTX-1017, DTX-1018, DTX-1019, DTX-1021, DTX-1022, DTX-1023, DTX-1024, DTX-1025, DTX-1026, DTX-1027, DTX-1028, DTX-1029, DTX-1030, DTX-1031, DTX-1032, DTX-1033, DTX-1034, DTX-1035, DTX-1036, DTX-1037, DTX-1038, DTX-1039, DTX-1040, DTX-1041, DTX-1042, DTX-1043, DTX-1044, DTX-1045, DTX-1046, DTX-1047, DTX-1048, DTX-1049, DTX-1051, DTX-1052, DTX-1053, DTX-1054, DTX-1055, DTX-1064, DTX-

1065, DTX-1071, DTX-1074, DTX-1385, DTX-1389, DTX-1390, DTX-1391, DTX-1392, DTX-1393, DTX-1395, DTX-1396, DTX-1397, DTX-1398, DTX-1399, DTX-1400, DTX-1401, and DTX-1406.

This testimony and these exhibits would have been relevant to the issues of the unprotectability (vis a vis genericness) and weakness of Gibson's asserted guitar and headstock shapes. In nearly identical situations, courts and the Trademark Trial and Appeal Board considered third-party uses going back decades (where applicable) to determine the issue of **genericness** without reference to any five-year rule, which does not exist for genericness. *See Stuart Spector Designs, Ltd. v. Fender Musical Instruments*, 94 U.S.P.Q.2d 1549 (T.T.A.B. 2009) (considered evidence of third-party uses from decades ago irrespective of when opposers entered the market; "The record shows that, at least from the mid-1970s, consumers in the United States have been exposed to guitars in the 126, 928 and 127 shapes emanating from third parties."); *Malaco Leaf, AB v. Promotion In Motion, Inc.*, 287 F. Supp. 2d 355, 363 (S.D.N.Y. 2003) (finding fish-shaped gummy trade dress generic; "Despite Malaco's and Jaret's awareness for decades of competitive third-party gummy fish-shaped candies in the market, they failed to take action against those alleged infringers.").

In making its determination, the Court relied on *Converse, Inc. v. International Trade Commission*, 909 F.3d 1110, 1120 (Fed. Cir. 2018), which did not deal with genericness and is inapplicable here. There, the issue was whether the trade dress has achieved secondary meaning. Specifically, under the Lanham Act, a registration on the ground of acquired distinctiveness requires a showing of substantially exclusive use for the prior five years. Because of that, the *Converse* court held that the past five years were most relevant. But even then, the court held that "[e]vidence older than this five-year period should be reevaluated on remand to determine whether it is relevant," i.e., even for secondary meaning there is no five-year cut-off.

- 4 -

Additionally, the pre-1977 uses are relevant to show that Dean Zelinksy did not act in bad faith when he designed his Dean V and Z guitars. They are also relevant to show that the Gibson Flying V-style and Explorer-style shapes had not acquired distinctiveness by 1977 when Dean first entered the market with its Dean V and Z guitars. Gibson must show that its alleged shapes acquired secondary meaning at the time the accused products were first used, *i.e.* 1977. *Converse, n*, 909 F.3d at 1117 (citation omitted). Although federal trademark registration creates a presumption of distinctiveness, that presumption only applies prospectively from the date of registration, not retrospectively before registration. *Pearson's Inc. v. Ackerman*, No. 7:18-cv-00013-BP, 2019 U.S. Dist. LEXIS 125609, at *55 (N.D. Tex. July 29, 2019) (citing *Converse*, 909 F.3d at 1118).

Absent the Court's ruling, Defendants would have presented decades worth of documented third-party evidence through multiple witnesses, including Defendants' expert George Gruhn, who would have testified that, because consumers have been exposed to decades worth of third-party use, these shapes have long been generic and guitar purchasers today do not recall a time when these shapes were associated with any one company.

Dated:  May 24, 2022

Respectfully submitted,

*/s/ Douglas A. Rettew*
Douglas A. Rettew (*pro hac vice*)
doug.rettew@finnegan.com
Anna Naydonov (*pro hac vice*)
anna.naydonov@finnegan.com
Patrick J. Rodgers (*pro hac vice*)
patrick.rodgers@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, DC 20001
Telephone:     (202) 408-4000
Facsimile:     (202) 408-4400

*/s/ Emileigh S. Hubbard*
Vic Houston Henry
TBA No. 09484250
vhhenry@hoaf.com
Emileigh Stewart Hubbard
TBA No. 24076717
ehubbard@hoaf.com
**HENRY ODDO AUSTIN & FLETCHER**
  **a Professional Corporation**
1700 Pacific, Suite 2700
Dallas, Texas 75201
Telephone: (214) 658-1900
Facsimile:  (214) 658-1919

*Attorneys for Armadillo Distribution Enterprises, Inc. and Concordia Investment Partners, LLC*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 24, 2022, a copy of the foregoing document was served on all counsel of record via this Court's CM/ECF electronic filing system.

*/s/ Emileigh S. Hubbard*
Emileigh S. Hubbard