# United States District Court
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| GIBSON BRANDS, INC., | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No.  4:19-CV-358 |
| ARMADILLO DISTRIBUTION ENTERPRISES, INC., and CONCORDIA INVESTMENT PARTNERS, LLC, | § § § § § | Judge Mazzant |
| *Defendants.* | § § § | |

## FINAL JUDGMENT

On May 16, 2022, this action came on for trial before a jury and the Court.  On May 27, 2022, the jury in this case reached and returned its unanimous verdict (Dkt. #498).  Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the jury's unanimous verdict, and the Memorandum Opinion and Order entered on this date, the Court enters judgment.

It is therefore **CONSIDERED, ADJUDGED, and DECREED** that:

1. Defendant Armadillo Distribution Enterprises, Inc. ("Armadillo") has manufactured, advertised, and sold products in the United States that infringe on the following trademarks Plaintiff Gibson Brands, Inc. ("Gibson") validly owns: (a) the ES Body Shape Design (U.S. Reg. No. 2007277); (b) the SG Body Shape Design (U.S. Reg. No. 2215791); (c) the HUMMINGBIRD wordmark (U.S. Reg. No. 1931670); (d) the Flying V Body Shape Design (U.S. Reg. No. 2051790); (e) the Explorer Body Shape Design (U.S. Reg. No. 2053805); and (f) the Dove Wing Headstock Design (U.S. Reg. No. 1020485);

2. Armadillo has not manufactured, advertised, and sold products in the United States that infringe on Gibson's FLYING V wordmark (U.S. Reg. No. 1216644);

3. Armadillo's infringement of the ES Body Shape Design (U.S. Reg. No. 2007277), the SG Body Shape Design (U.S. Reg. No. 2215791), the HUMMINGBIRD wordmark (U.S. Reg. No. 1931670), the Flying V Body Shape Design (U.S. Reg. No. 2051790), and the Explorer Body Shape Design (U.S. Reg. No. 2053805) was willful;

4. Armadillo sold or marketed a counterfeit of the following, validly owned trademarks: (a) the SG Body Shape Design (U.S. Reg. No. 2215791); (b) the HUMMINGBIRD wordmark (U.S. Reg. No. 1931670); (c) the Flying V Body Shape Design (U.S. Reg. No. 2051790); and (d) the Explorer Body Shape Design (U.S. Reg. No. 2053805);

5. Armadillo did not sell or market a counterfeit of the Dove Wing Headstock Design (U.S. Reg. No. 1020485) or FLYING V wordmark (U.S. Reg. No. 1216644);

6. Defendant Concordia Investment Partners, LLC ("Concordia") contributed to Armadillo's infringement of: (a) the ES Body Shape Design (U.S. Reg. No. 2007277); (b) the SG Body Shape Design (U.S. Reg. No. 2215791); (c) the HUMMINGBIRD wordmark (U.S. Reg. No. 1931670); (d) the Flying V Body Shape Design (U.S. Reg. No. 2051790); (e) the Explorer Body Shape Design (U.S. Reg. No. 2053805); and (f) the Dove Wing Headstock Design (U.S. Reg. No. 1020485);

7. Gibson delayed without excuse in asserting its trademark rights in the Flying V Body Shape Design (U.S. Reg. No. 2051790), the Explorer Body Shape Design (U.S. Reg. No. 2053805), and the Dove Wing Headstock Design (U.S. Reg. No. 1020485) against Armadillo and Concordia, thereby causing Defendants undue prejudice;

8. Neither Armadillo nor Concordia at any point had "unclean hands" in connection with their use of a trademark Gibson validly owned;

9. The following trademarks are not generic, as the term is used in the Lanham Act: (a) the ES Body Shape Design (U.S. Reg. No. 2007277); (b) the SG Body Shape Design (U.S. Reg. No. 2215791); (c) the Flying V Body Shape Design (U.S. Reg. No. 2051790); and (d) the Explorer Body Shape Design (U.S. Reg. No. 2053805); and

10. Gibson did not tortiously interfere with Armadillo's prospective business relation(s).

It is further **ORDERED** that Armadillo is permanently enjoined from the manufacture, advertisement, and/or sale of its: (1) LUNA Athena 501 guitar; (2) DEAN Gran Sport guitar; (3) guitars bearing, using, or advertising with the word "Hummingbird;" (4) DEAN V guitar; and (5) DEAN Z guitar.

It is further **ORDERED** that Concordia is permanently enjoined from contributing, either through the use of intellectual property owned by Concordia or in any other way, to the manufacture, advertisement, and/or sale of the: (1) LUNA Athena 501 guitar; (2) DEAN Gran Sport guitar; (3) guitars bearing, using, or advertising with the word "Hummingbird;" (4) DEAN V guitar; and (5) DEAN Z guitar.

It is further **ORDERED** that within thirty (30) days of entry of this judgment, Armadillo and Concordia will pay Gibson a total of $4,000 in accordance with the jury's finding as to counterfeiting.

It is further **ORDERED** that all costs of court spent or incurred in this cause are adjudged against Armadillo and Concordia.

The Court retains jurisdiction over the parties to enforce any and all aspects of this judgment. Finally, this judgment is entered subject to, and without waiving, any post-trial issues

that may be raised in post-trial motions by any party, including requests for attorneys' fees.

**IT IS SO ORDERED.**

**SIGNED this 28th day of July, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE