# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Allied Property and Casualty Insurance Company, an Iowa Corporation | : : : Civil Action No. |
| Plaintiff, | : : |
| v. | : : COMPLAINT FOR |
| Armadillo Distribution Enterprises, Inc., a Florida Corporation | : DECLARATORY JUDGMENT : : |
| and | : : |
| Gibson Brands, Inc, a Delaware Corporation. | : : |
| Defendants. | : |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Allied Property and Casualty Insurance (hereinafter "Allied") sues the Defendants, Armadillo Distributions Enterprises, Inc. ("Armadillo") and Gibson Brands, Inc. ("Gibson") as follows:

**INTRODUCTION**

1.   Pursuant to 28 U.S.C. § 2201, Allied brings this action for Declaratory Judgment for the purpose of promoting the resolution of a dispute that has arisen between Allied and its alleged insured, Armadillo. Specifically, Allied brings this action for declaratory relief to determine the scope of Allied's obligations, if any, to defend Armadillo in underlying litigation brought by Gibson, suggesting to this Honorable Court that Allied is entitled to an expeditious resolution absent significant, countervailing considerations.

**THE PARTIES, JURISDICTION, AND VENUE.**

2.   Allied is a foreign corporation, incorporated under the laws of the state of Iowa, domiciled and with its principal place of business in Des Moines, Iowa.

3. Armadillo is a Florida corporation with a principal place of business at 4924 W. Waters Avenue, Tampa, Florida 33634.

4. Gibson is a Delaware corporation with a principal place of business at 309 Plus Park Boulevard, Nashville, Tennessee 37217.

5. Original subject matter jurisdiction of this Court is based on 28 U.S.C. §1332 ("Diversity Jurisdiction") as there is complete diversity of citizenship between all parties and the amount in controversy meets the jurisdictional floor of $75,000.

6. Venue is proper in this district in that there is an underlying action between the two defendants, entitled *Gibson Brands, Inc. v. Armadillo Distribution Enterprises,* bearing Case No. 4:19-cv-358, pending in this district, wherein Gibson has sued Armadillo for trademark infringement, trademark counterfeiting, unfair competition, trademark dilution and other related causes of action under federal, state, and common law.

## THE FACTS

**A.**   *The Policy*

7. Allied issued General Liability policy ACP GLPO 3009239022 to Armadillo Distribution Enterprises, Inc., effective May 19, 2019 to May 19, 2020. This Commercial General Liability policy has a Personal and Advertising Injury limit of $1,000,000, with a $2,000,000 general aggregate limit (the "CGL Policy"). The CGL Policy is attached as Exhibit "A."

8. The CGL Policy includes the Commercial General Liability coverage form, which reads in relevant part:

> **B. COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**
> **1. INSURING AGREEMENT**
>
> a. We will pay those sums up to the applicable Limit of Insurance that the insured becomes legally obligated to pay as damages because of "personal and

advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for which there is coverage under this policy. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our sole discretion, investigate any offense and settle any claim or "suit" that may result...

b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed …during the policy period…

"**Personal and Advertising injury**" is defined the policy as: injury, including consequential "bodily injury", arising out of one or more of the following offenses:

\*\*\*

d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
f. The use of another's advertising idea in your "advertisement" or
g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\*\*\*

**2. Exclusions**
This insurance does not apply to:

**a. Knowing Violation Of Rights Of Another**
"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury"…
**c. Material Published Prior To Policy Period**
"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period…
**i. Infringement Of Copyright, Patent, Trademark Or Trade Secret**
"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

3

B.  *The Underlying Litigation*

9. Gibson alleges it first contacted Armadillo on October 20, 2017 via a cease and desist letter describing the infringement of Gibson's Flying V Body Shape Design Trademark and Explorer Body Shape Design Trademark. Gibson further alleges it contacted Armadillo again on May 13, 2019 via a cease and desist letter describing the infringement of Gibson' ES Body Shape Design Trademark, Hummingbird Trademark, and Moderne Trademark. The referenced Cease and Desist Letters are attached as Exhibit "B."

10. Gibson filed suit against Armadillo on May 14, 2019, alleging Armadillo refused to cease its alleged unauthorized use of Gibson's Trademark and continues to deliberately sell and intentionally use the Gibson Trademarks without Gibson's consent. There are 10 Counts detailing the various claims asserted against Armadillo. On or about November 25, 2019, Gibson filed its Second Amended Complaint. While the allegations, including the causes of action, asserted against Armadillo are consistent with those asserted in the earlier Complaints, the Second Amended Complaint names a new defendant to the litigation, Concordia, alleged to be a Florida limited liability company with a principal place of business in Clearwater, Florida. The Complaints, including the exhibits attached to the Complaints are attached as Exhibit "C."

11. Upon information and belief, Armadillo initially made demand on another insurer for payment of defense costs and that insurer sought contribution from Allied. However, only recently, Armadillo has made direct demand on Allied for reimbursement of defense costs.

12. As a result, Allied is unsure of its obligations, if any, to defend this claim.

C. *This Declaratory Judgment Action*

13. Allied has filed this Declaratory Judgment Action seeking a declaration from this Court that it has no duty to defend Armadillo relating to the claims asserted against Armadillo in the underlying litigation. Based on the facts now known and alleged, that issue establishes a justiciable controversy ripe for disposition by this Honorable Court.

### COUNT I – ALLIED HAS NO DUTY TO DEFEND ARMADILLO AGAINST THE UNDERLYING ACTION BROUGHT BY GIBSON BASED UPON THE POLICY LANGUAGE

14. Allied realleges paragraphs 1 through 13 as paragraph 14 of Count 1.

15. The allegations in the Complaints do not meet the definition of personal and advertising injury as set forth in the Allied Policy and, therefore, there is no duty to defend.

16. In the alternative, the above-cited exclusionary language in the Policy clearly precludes a finding of coverage and, as such, the duty to defend, as the Cease and Desist letters establish that Armadillo had the requisite knowledge of Gibson's contentions, thereby rendering the exclusions in the Policy applicable to this dispute.

WHEREFORE, Allied requests this Court to find and declare that Allied has no obligation under the Policy to defend – and, as a result of such finding, no obligation to indemnify – Armadillo for the claims asserted against it by Gibson.

### COUNT II – ALLIED HAS NO DUTY TO DEFEND ARMADILLO BASED UPON THE "KNOWN LOSS" DOCTRINE

17. Allied realleges paragraphs 1 through 13 as paragraph 17 of Count II.

18. Prior to the filing of this lawsuit, Gibson issued two Cease and Desist Letters to Armadillo, on October 20, 2017 and again on May 13, 2019.

5

19.   Both Cease and Desist Letters are dated before the inception of the Allied Policy on May 14, 2019.

20.   Under the "Known Loss" doctrine, losses which exist at the time of the insuring agreement are not fortuitous and public policy considerations preclude coverage for such losses.

WHEREFORE, Allied requests this Court to find and declare that Allied has no obligation based on the Known Loss Doctrine to defend – and, as a result of such finding, no obligation to indemnify – Armadillo for the claims asserted against it by Gibson.

Dated:  August 4, 2021

                              Respectfully submitted,

                              HINSHAW & CULBERTSON LLP

                              */s/Stephanie Laird Tolson*
                              Stephanie Laird Tolson
                              Hinshaw & Culbertson LLP
                              1980 Post Oak Blvd. Suite 100
                              Houston, TX  77056
                              Telephone: 346-344-4501
                              Facsimile:  504-617-7527
                              stolson@hinshawlaw.com

                              Erin Fury Parkinson
                              Hinshaw & Culbertson LLP
                              1980 Post Oak Blvd.
                              Suite 100
                              Houston, TX  77056
                              Telephone: 504-904-8070
                              Facsimile:  504-324-0615
                              eparkinson@hinshawlaw.com