IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GIBSON BRANDS, INC., a Delaware corporation, | )<br>)<br>) |
| Plaintiff/Counterclaim-Defendant, | ) Case No. 4:19-cv-00358-ALM<br>) |
| vs. | )<br>) |
| ARMADILLO DISTRIBUTION ENTERPRISES, INC.; CONCORDIA INVESTMENT PARTNERS, LLC, | )<br>)<br>)<br>) |
| Defendant/Counterclaim-Plaintiff | )<br>) |
| DOES 1 through 10, | )<br>) |
| Defendants. | ) |

**PLAINTIFF'S EMERGENCY SUPPLEMENTAL MOTION FOR CONTEMPT**

**TABLE OF CONTENTS**

I. INTRODUCTION AND BACKGROUND FACTS ...................................................... 1

II. ARGUMENT AND CITIATION TO AUTHORITY .................................................10

    A. Defendants Are Still in Contempt ........................................................................10

    B. Defendants' Continued Contempt Warrants an Emergency Hearing ..........................11

III. CONCLUSION............................... .............................................................................12

# **TABLE OF AUTHORITIES**

## **CASES**

*American Airlines, Inc. v. Allied Pilots Ass'n*
228 F.3d 574, 581 (5th Cir. 2000) ........................................................................................... 10

*Blackmer v. United States*,
284 U.S. 421 (1932) ................................................................................................................ 10

*Kos Pharm., Inc. v. Andrx Corp., Inc.*
369 F.3d 700, 726 (3d Cir. 2004) ............................................................................................ 12

*Mary Kay, Inc. v. Weber*
661 F.Supp.2d 632, 640 N.D. Tex. 2009) ............................................................................... 12

*Paulsson Geophysical Services, Inc. v. Sigmar*
529 F.3d 303, 313 (5th Cir. 2008) ........................................................................................... 11

*Re/Max N. Cent., Inc. v. Cook*
272 F.3d 424, 432 (7th Cir. 2001) ........................................................................................... 12

*Test Masters Educational Serv., Inc. v. Singh*
428 F.3d 559, 581-82 (5th Cir. 2005) ...................................................................................... 10

Plaintiff Gibson Brands, Inc. ("Gibson") hereby files its Emergency Supplemental Motion for Contempt and the Request for an Emergency Hearing against Defendants Armadillo Distribution Enterprises, Inc. ("Armadillo") and Concordia Investment Partners, LLC ("Concordia" and collectively with Armadillo "Defendants").

I.   **INTRODUCTION AND BACKGROUND FACTS.**

On May 27, 2022, a jury found that Armadillo "sold or marketed a counterfeit of [four Gibson trademarks]. [*See* Verdict Form at Dkt. No. 498, Question 2.] On July 28, 2022, this Court issued a Final Judgment containing a permanent injunction order against Defendants. The Final Judgment permanently enjoined Defendants from the manufacture, advertisement, and/or sale of its: (1) LUNA Athena 501 guitar; (2) DEAN Gran Sport guitar; (3) guitars bearing, using, or advertising with the word "Hummingbird;" (4) DEAN V guitar; and (5) DEAN Z guitar. [*See* Dkt. No. 547.] On August 12, 2022, Gibson filed a Motion for Civil Contempt Due to Defendants' Violations of the Permanent Injunction ("Motion for Contempt"). [*See* Dkt. No. 552.]

Gibson found that the Defendants still offered the Dean V and Dean Z for sale on the website at www.deanguitars.com in violation of the permanent injunction order. [*See* Motion for Contempt at 5-6.] The jury found the Dean V and Dean Z to use counterfeits of the Gibson trademarks and therefore, each day of continued advertising and sales of the Dean V and Dean Z guitars irreparably harm Gibson. As a result, Gibson asked this Court to sanction Armadillo by fining them at least $2,000 per day until they purge the contempt by (1) complying with every requirement of the permanent injunction, (2) paying any accrued fines, and (3) certifying to the Court they have done so. [*See Id.* at 10.]

Defendants opposed Gibson's Motion for Contempt and filed an opposition brief on September 8, 2022 ("Opposition Brief"). In the Opposition Brief, Defendants claimed Gibson was "capitaliz[ing] on the Rubinson family's most difficult moments in order to disadvantage

1

Armadillo." [Opposition Brief at 1.] Defendants argue this Rubinson turmoil combined with a change in lead counsel has left Armadillo without the means to remove the infringing guitars from its website. [*Id.*] Further, in the Opposition Brief, Defendants claim "the fact remains that Armadillo complied with the request, which took four business days to accomplish under the difficult circumstances in which Armadillo found itself." [*Id.* at 5.]

On September 15, 2022, Gibson filed a reply brief in support of its Motion for Contempt, Dkt. No. 578 ("Reply Brief"). As part of the due diligence in drafting the Reply Brief, Gibson once again audited the website at www.deanguitars.com and found numerous infringements despite Armadillo's representation to this Court that Armadillo complied with the request. [*See* Reply Brief at 4-8.] At the time the Reply Brief was drafted, the Dean 2022 catalog was linked from www.deanguitars.com and contained three violations of this Court's permanent protective order. [*See Id.* at 4.]

On October 12, 2022, nearly a month after Gibson filed its Reply Brief noting all of the continued infringement and violations of the permanent injunction order, Gibson performed another audit of www.deanguitar.com to determine if Defendants had removed the infringements. To Gibson's surprise, it appears that none of the images complained about in the Reply Brief have been removed despite displaying guitars containing counterfeits of Gibson trademarks; in fact, they have included <u>even more images of the</u> Dean V and Dean Z in their *catalog and even offer a new Dean 2022 model for sale*:





3



### ERIC PETERSON Z FLOYD CLASSIC BLACK

- Finish: Classic Black
- Body Material: Mahogany
- Top Material: Mahogany
- Neck Material: Maple
- Fretboard Material: Ebony
- Inlays: Pearl Diamond
- Scale Length: 24 3/4" (629mm)
- Fretboard Radius: 12" (305mm)
- Neck Shape: Eric Peterson Spec. C
- Nut Width: 1 11/16" (43mm)
- Pickups: EMG 81/ EMG 85
- Hardware Color: Black
- Bridge: Floyd Rose 1000
- Tuners: Grover
- Strings: D'Addario EXL110 (.010-.046)
- Case Options: DHS Z, DGB LG, LL MLVZ

**EPZ F CBK**
LIST: $1,899.00  MAP: $1,249.00

12  Specifications subject to change.



### Z SELECT 24 KAHLER CLASSIC WHITE

**NEW**
- Finish: Classic White
- Body Material: Mahogany
- Top Material: Mahogany
- Neck Material: Mahogany
- Fretboard Material: Ebony
- Inlays: Pearloid Block
- Scale Length: 24 3/4" (629mm)
- Fretboard Radius: 12" (305mm)
- Neck Shape: V
- Nut Width: 1 11/16" (43mm)
- Pickups: Seymour Duncan TB-5 Custom Zebra
  Seymour Duncan APH-1 Custom Zebra
- Hardware Color: Black
- Bridge: Kahler Hybrid
- Tuners: Grover
- Strings: D'Addario EXL120 (.009-.042)
- Case Options: DHS Z, LL MLVZ, DGB LG

**Z SEL 24 K CWH**
LIST: $1,899.00  MAP: $1,249.00

### V SELECT 24 KAHLER METALLIC RED SATIN

**NEW**
- Finish: Metallic Red Satin
- Body Material: Mahogany
- Top Material: Mahogany
- Neck Material: Mahogany
- Fretboard Material: Ebony
- Inlays: Pearloid Block
- Scale Length: 24 3/4" (629mm)
- Fretboard Radius: 12" (305mm)
- Neck Shape: V
- Nut Width: 1 11/16" (43mm)
- Pickups: Seymour Duncan TB-5 Custom Zebra
  Seymour Duncan APH-1 Custom Zebra
- Hardware Color: Black
- Bridge: Kahler Hybrid
- Tuners: Grover
- Strings: D'Addario EXL120 (.009-.042)
- Case Options: DHS V, LL MLVZ, DGB LG

**V SEL 24 K MRS**
LIST: $1,899.00  MAP: $1,249.00



### V SELECT FLUENCE BLACK SATIN

**NEW**
- Finish: Black Satin
- Body Material: Mahogany
- Top Material: Mahogany
- Neck Material: Mahogany
- Fretboard Material: Ebony
- Inlays: Pearloid Ultra
- Scale Length: 24 3/4" (629mm)
- Fretboard Radius: 12" (305mm)
- Neck Shape: C
- Nut Width: 1 11/16" (43mm)
- Pickups: Fishman Fluence Modern Black
- Hardware Color: Black
- Bridge: Tune-O-Matic
- Tuners: Grover
- Strings: D'Addario EXL120 (.009-.042)
- Case Options: DHS V, LL MLVZ

**V SEL FL BKS**
LIST: $1,679.00  MAP: $1,099.00

for more information visit www.deanguitars.com   15















## NEW DEAN V



**V 79 FLOYD TRANS CHERRY BURST**

9

As a result of Defendants' continued violation of this Court's permanent injunction order, Gibson asks for an emergency hearing to sanction Defendants for its contempt and escalation of infringement after forcing Gibson to file for contempt. In other words, Gibson only asks this Court to enforce its permanent injunction before additional irreparable harm is caused by Defendants infringement.

II. **ARGUMENT AND CITIATION TO AUTHORITY**

A. **Defendants Are Still in Contempt.**

Gibson provided the analysis for civil contempt in its Motion for Contempt. [*See* Dkt. No. 552 at 3-9.] To summarize, Gibson bears the burden of establishing by clear and convincing evidence: (1) that a court order was in effect, (2) that the order required certain conduct by the Armadillo, and (3) that Armadillo failed to comply with the Court's order. *American Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000); *Test Masters Educational Serv., Inc. v. Singh*, 428 F.3d 559, 581-82 (5th Cir. 2005); *Blackmer v. United States*, 284 U.S. 421 (1932). None of the elements of civil contempt are in question.

Instead of attempting to negate the civil contempt elements, Armadillo has claimed that it should be excused from civil contempt because of a change at CEO. [*See* Opposition Brief.] Gibson disagrees that a change at CEO should prevent Armadillo from complying with the Court's permanent injunction order and Armadillo provided no authority where a court allowed noncompliance by reason of a change in a company's personnel. This excuse is further called into question considering that Armadillo's website is still not in compliance despite Gibson's Motion for Contempt and Reply Brief specifically noting the infringing content. Now, instead of attempting to comply with the Court's permanent injunction, Defendants has linked a Dean 2021 catalog, containing pages of infringement, to nearly every page of its website. Furthermore within its "new"

2022 line they include a "new" Dean V.  There comes a point where complete conscious disregard cannot explain away nefarious intent.

As a result, Gibson renews its request that this Court sanction Defendants by fining them at least $2,000 per day since the date of judgement, until they purge the contempt by (1) complying with every requirement of the permanent injunction, (2) paying any accrued fines, and (3) certifying to the Court they have done so.

Gibson further renews its request for reasonable costs and attorneys' fees.  [*See* Motion for Contempt at 11-12.]  Gibson has repeatably attempted to get Defendants in compliance including listing specific instances of infringement on Armadillo's website.  [*See* Reply Brief at 4-8 (displaying pictures of infringements on www.deanguitars.com.)]  Despite Gibson's efforts, Defendants continue to infringe and irreparably damage Gibson's trademarks.  In fact, it appears Armadillo has linked a Dean 2021 catalog that contains pages of infringements[1] and even launched a "new" Dean V, despite the injunction.  Gibson should not be required to incur additional costs and fees for Defendants' complete failure to comply with this Court's order.

### B. Defendants' Continued Contempt Warrants an Emergency Hearing.

Pursuant to L.R. CV-7(l), Gibson files this Emergency Supplemental Motion for Contempt and the Request for an Emergency Hearing as an emergency motion.  Every day that Armadillo is allowed to manufacture, advertise, and/or sell the infringing guitars that display counterfeit trademarks, Gibson is irreparably damaged.  If Armadillo continues to infringe and counterfeit the Gibson trademarks, Gibson has lost control of its brand.

Courts in the Fifth Circuit find imminent irreparable harm under these circumstances. *See Paulsson Geophysical Services, Inc. v. Sigmar,* 529 F.3d 303, 313 (5th Cir. 2008) (holding that where misrepresenting party continued "to use the mark" the senior user "had lost control of the quality of

---

[1] Upon information and belief, Dean has linked even more Dean V guitar images to its website.

11

the technology that was being associated with its mark); s*ee also Mary Kay, Inc. v. Weber*, 661 F.Supp.2d 632, 640 N.D. Tex. 2009) ("if one trademark user cannot control the quality of the unauthorized user's goods and services, he can suffer irreparable harm.")[2] Defendants have already responded to Gibson's Motion for Contempt. Instead of negating the elements for civil contempt, Armadillo pled excuses and misrepresented that its website was incompliance. Allowing the fourteen-day response time propagated in L.R. 7(e) is inadequate to prevent further imminent irreparable damage and a waste of time.

### III. CONCLUSION.

As such, this Court should hold Defendants in civil contempt, sanction Defendants until the contempt is purged, and award Gibson costs and attorneys' fees of having to bring and supplement this Contempt Motion.

Respectfully submitted, this 18th day of October 2022.

/s/ *Andrea E. Bates*
Andrea E. Bates
*Pro Hac Vice*
Kurt Schuettinger
*Pro Hac Vice*
Johnathan M. Bates
*Pro Hac Vice*
Bates & Bates, LLC
1890 Marietta Boulevard NW
Atlanta, Georgia 30318
Telephone: (404) 228-7439
Facsimile: (404) 963-6231
abates@bates-bates.com
kschuettinger@bates-bates.com
jbates@bates-bates.com

---

[2] *See also Kos Pharm., Inc. v. Andrx Corp., Inc.*, 369 F.3d 700, 726 (3d Cir. 2004) ("Grounds for irreparable harm include loss of control of reputation, loss of trade, and loss of goodwill."); *see also Re/Max N. Cent., Inc. v. Cook*, 272 F.3d 424, 432 (7th Cir. 2001) ("The most corrosive and irreparable harm attributable to trademark infringement is the inability of the victim to control the nature and quality of the defendants' goods").

12

        Stephen D. Howen
        State Bar No. 10117800
        Law Office of Steve Howen
        7111 Bosque Blvd., Suite 305
        Waco, TX 76710
        Telephone: (254) 826-6526
        Facsimile: (254) 822-4926
        steve@stevehowenlegal.com

        Attorneys for Plaintiff
        GIBSON BRANDS, INC.

## **CERTIFICATE OF CONFERENCE**

I, the undersigned, hereby certify that on the 14th and 17th day of October 2022, I conferred with counsel for Defendant Armadillo Distribution Enterprises, Inc. and Concordia Investment Partners, LLC, who indicated that the Defendants were opposed to the motion.

        /s/ *Andrea E. Bates*
        Andrea E. Bates

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all counsel of record via this Court's CM/ECF electronica filing system on October 18, 2022.

        /s/ *Andrea E. Bates*
        Andrea E. Bates