# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| GIBSON BRANDS, INC., § <br> § <br> *Plaintiff,* § <br> v. § <br> § <br> ARMADILLO DISTRIBUTION § <br> ENTERPRISES, INC. and CONCORDIA § <br> INVESTMENT PARTNERS, LLC, § <br> § <br> *Defendants.* | Civil Action No. 4:19-cv-00358 <br> Judge Mazzant |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Plaintiff's Motion for Civil Contempt Due to Defendants' Violations of the Permanent Injunction (Dkt. #552). Having considered the motion and relevant pleadings, the Court finds that Plaintiff's Motion for Civil Contempt Due to Defendants' Violations of the Permanent Injunction (Dkt. #552) should be **GRANTED**.

## BACKGROUND

The lawsuit between Plaintiff Gibson Brands, Inc. ("Gibson") and Defendants Armadillo Distribution Enterprises, Inc. and Concordia Investment Partners, LLC (collectively, "Armadillo") has been with the Court since May of 2019 (Dkt. #1). On May 16, 2022, the case went to trial and the jury ultimately rendered a unanimous verdict (Dkt. #547). On July 28, 2022, the Court entered a Final Judgment against Armadillo, which contained a permanent injunction against both Defendants (Dkt. #547). In relevant part, the injunction states:

> It is further **ORDERED** that Armadillo is permanently enjoined from the manufacture, advertisement, and/or sale of its: (1) LUNA Athena 501 guitar; (2) DEAN Gran Sport guitar; (3) guitars bearing, using, or advertising with the word "Hummingbird;" (4) DEAN V guitar; and (5) DEAN Z guitar.
>
> It is further **ORDERED** that Concordia is permanently enjoined from contributing, either through the use of intellectual property owned by Concordia or in any other

way, to the manufacture, advertisement, and/or sale of the: (1) LUNA Athena 501 guitar; (2) DEAN Gran Sport guitar; (3) guitars bearing, using, or advertising with the word "Hummingbird;" (4) DEAN V guitar; and (5) DEAN Z guitar.

(Dkt. #547).

On August 12, 2022, Gibson filed the pending motion, arguing that Armadillo was in violation of the Court's permanent injunction (Dkt. #552). Specifically, Gibson alleged that Armadillo violated the injunction because Armadillo continued to list and sell its Dean V and Dean Z guitars on its website (Dkt. #552 at pp. 1–3).[1] In its response, Armadillo essentially asserted it did not intend to violate the permanent injunction, citing leadership changes at the company that made complying with the injunction difficult (Dkt. #573 at pp. 6–8). Moreover, Armadillo stated that it had removed the listings for the Dean V and Dean Z guitars from its website as quickly as it possibly could (Dkt. #573 at p. 5); (Dkt. #573, Exhibit 1 ¶¶ 8–10).

On September 15, 2022, Gibson filed its reply in support of the pending motion wherein it argued that Armadillo's good faith was irrelevant to whether Armadillo was in civil contempt (Dkt. #578 at p. 3). However, Gibson's reply went further, citing new grounds for why Armadillo was still in violation of the permanent injunction. *See* (Dkt. #578). On September 22, 2022, Armadillo provided its sur-reply, noting that Gibson's reply "complains of conduct that is neither identified in the moving papers nor prohibited by the Final Judgment" (Dkt. #591 at p. 4).

## LEGAL STANDARD

"Courts possess the inherent authority to enforce their own injunctive decrees." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (citing *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985), *cert. denied*, 474 U.S. 1056 (1986)). "A court order binds not only the parties subject thereto, but also non-parties who act with the enjoined party." *Whitcraft v. Brown*,

---

[1] Gibson also references comments made by Armadillo's CEO (Dkt. #552 at p. 6), but those comments were made before the preliminary injunction issued; therefore, they do not support a finding of civil contempt here.

570 F.3d 268, 272 (5th Cir. 2009); *see NLRB v. Laborers' Int'l Union of N. Am., AFL-CIO*, 882 F.2d 949, 954 (5th Cir. 1989); *Waffenschmidt*, 763 F.2d at 726 (citing *Ex Parte Lennon*, 166 U.S. 548 (1897)); *see also* FED. R. CIV. P. 65(d)(2) (stating that every injunction and restraining order "binds . . . the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participations with anyone described in Rule 65(d)(2)(A) or (B).").

A court may enforce its orders through civil contempt, which is intended to compel obedience to a court order. *See In re Bradley*, 588 F.3d 254, 263 (5th Cir. 2009) ("If the purpose of the sanction is to punish the contemnor and vindicate the authority of the court, the order is viewed as criminal. If the purpose of the sanction is to coerce the contemnor into compliance with a court order, or to compensate another party for the contemnor's violation, the order is considered purely civil."). "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981).

In a civil contempt proceeding, the movant bears the burden of establishing the elements of contempt by clear and convincing evidence. *SEC v. Res. Dev. Int'l LLC*, 217 F. App'x 296, 298 (5th Cir. 2007) (citing *Petroleos Mexicanos v. Crawford Enter., Inc.*, 826 F.2d 392, 401 (5th Cir. 1987)). "Clear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction . . . so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004).

The movant must prove by clear and convincing evidence that: (1) a court order is or was in effect; (2) the order requires certain conduct; and (3) the opposing party fails to comply with

3

the court order. *See Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). These elements form the plaintiff's prima facie case. *Petroleos*, 826 F.2d at 401. "After the movant has shown a prima facie case, the respondent can defend against it by showing a present inability to comply with the subpoena or order." *Id.* "Good faith is not a defense to civil contempt; the question is whether the alleged contemnor complied with the court's order." *Chao v. Transocean Offshore, Inc.*, 276 F.3d 725, 728 (5th Cir. 2002); *see N.L.R.B. v. Trailways, Inc.*, 729 F.2d 1013, 1017 (5th Cir. 1984). Further, "[s]ubstantial compliance" is not a defense to a contempt motion. *Maness v. Meyers*, 419 U.S. 449, 458 (1975).

"Upon a finding of civil contempt, the [c]ourt has broad discretion to impose judicial sanctions that would coerce compliance with its orders and compensate the moving party for any losses sustained." *Mary Kay Inc. v. Designs by Deanna, Inc.*, 2013 WL 6246486, at *4 (N.D. Tex. 2013) (citing *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000)). To determine the appropriate sanction for civil contempt, the court considers: "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990) (citations omitted).

## ANALYSIS

As a general matter, Gibson proffers that Armadillo willfully disobeyed the Court's permanent injunction when it continued to market its infringing products, and therefore, Armadillo should be held in civil contempt. But, here, a distinction must be made.

Through its original motion, Gibson focused on Armadillo's listing of the Dean V and Dean Z guitars for sale on its website. *See* (Dkt. #552 at pp. 4–6); *see also* (Dkt. #552, Exhibit 3).

When Armadillo responded that it had taken down the problematic listings that Gibson complained of, however, Gibson used its reply to shift course. Namely, in its reply, Gibson presented brand new grounds for its contempt motion, including that Armadillo continues to defy the permanent injunction by doing the following on its website: (1) displaying an online catalog that promotes the Dean V and Dean Z guitars; (2) featuring a large example of a counterfeit Dean V on the homepage; (3) using images of musicians holding counterfeit guitars on its "Signature Artists" page; and (4) linking videos that involve images of counterfeited guitars (Dkt. #578 at pp. 4–7). Gibson pressed further as well, citing examples of Armadillo's social-media advertising that had pictures of guitars mentioned by the Court's permanent injunction (Dkt. #578 at p. 8).

However, the Court generally does "not consider arguments raised for the first time in a reply brief." *Crane v. Rave Rest. Group, Inc.*, 552 F. Supp. 3d 692, 697 n.4 (E.D. Tex. 2021) (collecting cases); *see also RedHawk Holdings Corp. v. Schreiber Tr. of Schreiber Living Tr. - DTD 2/8/95*, 836 F. App'x 232, 235 (5th Cir. 2020) (recognizing the Fifth Circuit and district courts within the Fifth Circuit do not review arguments raised for the first time in a reply brief). And the Court will not break from that rule here. Therefore, Gibson's arguments for civil contempt that were raised for the first time in its reply brief will not be touched upon in this Order.[2] This decision does not leave Gibson without remedy though; indeed, the Court finds that Armadillo is in civil contempt for listing the Dean V and Z guitars for sale on its website and Gibson should be awarded compensatory damages.

---

[2] The Court acknowledges that the parties presented arguments raised in the reply and sur-reply during the hearing on October 31, 2022, which initially dealt with Plaintiff's Emergency Supplemental Motion for Contempt (Dkt. #601); (Dkt. #602). Upon reflection, however, the Court believes it would be improper to rule on those arguments here. The Court makes no judgment on the merits of Gibson's reply brief, nor does it necessarily condone Armadillo's behavior based on the evidence presented in the reply brief. Rather, the Court chooses not to entertain these arguments currently: Gibson is free to file a new motion for civil contempt that fully discusses these issues.

On a motion for civil contempt, the movant must demonstrate, by clear and convincing evidence, that (1) a court order was in effect; (2) the order required certain conduct; and (3) the opposing party failed to comply with the court order. *See Martin*, 959 F.2d at 47. Undisputedly, Gibson fulfills those three requirements in its motion. The preliminary injunction went into effect on July 28, 2022, yet Armadillo continued to market the Dean V and Dean Z guitars for sale on its website in the two weeks following the injunction (Dkt. #552, Exhibits 1, 3). Of course, this clearly runs afoul of the injunction—Armadillo has not tried to suggest otherwise. Rather, Armadillo asserts that leadership changes made it more difficult to timely comply with the preliminary injunction (Dkt. #573 at p. 4). But Armadillo's good faith is not a defense for its failure to comply. *See Chao*, 276 F.3d at 728 ("Good faith is not a defense to civil contempt; the question is whether the alleged contemnor complied with the court's order."). Thus, Armadillo is in civil contempt.[3]

Having found that Armadillo violated the preliminary injunction, the question becomes one of appropriate sanctions. Civil contempt proceedings can be coercive or compensatory in nature. *Nat'l Mar. Union v. Aquaslide "N" Dive Corp.*, 737 F.2d 1395, 1400 (5th Cir. 1984). "Coercive civil contempt is intended to make the recalcitrant party comply. Compensatory civil contempt reimburses the injured party for the losses and expenses incurred because of his adversary's non-compliance." *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 827 (5th Cir. 1976). In a compensatory proceeding, remedies can include lost profits resulting from the contemptuous conduct. *Am. Airlines, Inc.*, 228 F.3d at 585; *see also Bd. of Supervisors of the Louisiana State Univ. v. Smack Apparel Co.*, 574 F. Supp. 2d 601, 604 (E.D. La. 2008) (citations

---

[3] It is worth mentioning that impossibility is a defense in civil contempt proceedings. *United States v. Rylander*, 460 U.S. 752, 757 (1983) (citations omitted). But, if a party raises the defense, it at least has a burden of production. *Id.* (citations omitted). Because Armadillo has not tried to argue impossibility as a defense, let alone produced evidence that it was impossible to comply with the permanent injunction in a timely manner, the Court does not address this potential argument.

omitted). Additionally, after a finding of civil contempt, courts may award attorneys' fees to the injured party. *Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977); *Smack Apparel Co.*, 574 F. Supp. 2d at 604 (citing *Cook*, 559 F.2d at 272).

Gibson seeks both compensatory and coercive sanctions against Armadillo. As outlined above, coercive sanctions serve the purpose of forcing the contemnor to comply with the Court's relevant order. *Norman Bridge Drug Co.*, 529 F.2d at 827. And, here, there is no dispute that Armadillo has changed its problematic conduct after the filing of Gibson's motion. Accordingly, coercive sanctions would not necessarily serve their intended purpose in this case, and the Court will not impose them.[4]

On the other hand, however, compensatory sanctions are warranted because of Armadillo's unexcused, direct violation of the preliminary injunction. Gibson requests attorneys' fees incurred in filing its motion, as well as compensatory damages caused by Armadillo's violation of the injunction. Both remedies are available given Armadillo's contemptuous conduct. *See Smack Apparel Co.*, 574 F. Supp. 2d at 606. Accordingly, the Court orders that Gibson is entitled to the net profits derived from the improper listings of the Dean V and Dean Z guitars on its website from the date of the preliminary injunction until the date Armadillo complied with the injunction, which appears to be August 18, 2022. *See* (Dkt. #573, Exhibit 1 ¶ 9) (stating it took "four business days" for Armadillo to comply after filing of pending motion). There is no evidence in the record

---

[4] Under certain circumstances, courts may issue coercive civil contempt orders even if a party has voluntarily complied with the relevant court order pursuant to the "capable of repetition yet evading review doctrine." *Dynamic Sports Nutrition, Inc. v. Roberts*, No. CV H-08-1929, 2009 WL 10711815, at *3 (S.D. Tex. July 14, 2009) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)) ("Coercive civil contempt orders may be upheld even after voluntary compliance if they fall under the 'capable of repetition yet evading review doctrine.'"). "Such a civil contempt order may be appropriate if: '(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there is reasonable expectation that the same complaining party would be subjected to the same action again.'" *Id.* (quoting *Murphy*, 455 U.S. at 482). Gibson did not base its coercive contempt arguments on "the capable of repetition yet evading review doctrine," and so, the Court does not speak to the potential application of the doctrine here.

to discern what those profits might be, so plaintiff is ordered to file a motion by no later than March 16, 2023, where it requests profits stemming from the violative listings. Furthermore, the Court finds that Gibson is entitled to its attorneys' fees in bringing this motion as it sought to vindicate the Court's injunction. *See Cook*, 559 F.2d at 272 (instructing that courts have discretion to award attorneys' fees as a sanction for civil contempt and noting that "[i]t matters not whether the disobedience is willful, the cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party"). Gibson is ordered to file its motion for attorneys' fees by no later than March 16, 2023.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Civil Contempt Due to Defendants' Violations of the Permanent Injunction (Dkt. #552) is hereby **GRANTED.**

It is further **ORDERED** that Gibson shall file its motion for profits relating to Gibson's contemptuous conduct relating to this Order by no later than March 16, 2023.

It is further **ORDERED** that Gibson shall file its motion for attorneys' fees in accordance with this Order by no later than March 16, 2023.

**IT IS SO ORDERED.**

SIGNED this 3rd day of March, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE