# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| GIBSON BRANDS, INC., § | |
| § | |
|     *Plaintiff,* § | Civil Action No. 4:19-cv-00358 |
| v. § | Judge Mazzant |
| § | |
| ARMADILLO DISTRIBUTION § | |
| ENTERPRISES, INC. and CONCORDIA § | |
| INVESTMENT PARTNERS, LLC, § | |
| § | |
|     *Defendants.* | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Gibson Brands, Inc.'s Rule 54 Application for Attorneys' Fees and Costs (Dkt. #555). Having considered the motion and relevant pleadings, the Court finds that Gibson Brands, Inc.'s Rule 54 Application for Attorneys' Fees and Costs (Dkt. #555) should be **GRANTED in part** and **DENIED in part**.

### BACKGROUND

This case's factual background has been more fully set forth in the Court's recent Memorandum Opinion and Order denying Defendants' Omnibus Posttrial Motion for Relief (Dkt. #619). Briefly, however, Gibson Brands, Inc. ("Gibson") sued Defendants Armadillo Distribution Enterprises, Inc. ("Armadillo") and Concordia Investment Partners, LLC ("Concordia") on multiple trademark-related claims. At the conclusion of trial, the jury found in favor of Gibson on some of its claims, including that Armadillo sold or marketed a counterfeit of the following Gibson Trademarks: the Flying V Body Shape, the Explorer Body Shape, the SG Body Shape, and the HUMMINGBIRD word mark.

On August 16, 2022, Gibson filed the pending motion for attorneys' fees and costs (Dkt. #555). On September 8, 2022, Defendants responded (Dkt. #572). The parties subsequently filed reply and sur-reply briefs (Dkt. #580); (Dkt. #592).

## LEGAL STANDARD

### I. Attorneys' Fees

Under the Lanham Act, in cases involving the "use of a counterfeit mark or designation," the court shall award reasonable attorneys' fees unless it "finds extenuating circumstances." 15 U.S.C. § 1117(b); *Rolex Watch USA, Inc. v. Meece*, 158 F.3d 816, 827 (5th Cir. 1998). "This Court uses the 'lodestar' method to calculate attorney's fees." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999)); *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)). "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Id*. (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)).

There is a strong presumption of the reasonableness of the lodestar amount. *Perdue v. Kenny A.*, 599 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800. "However, after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on 'the relative weights of the twelve factors set forth in *Johnson*." *Id*.[1] Many of the *Johnson* factors are

---

[1] The twelve *Johnson* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-18 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1988).

subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.[2] *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986); *Camargo v. Trammell Crow Int. Co.*, 318 F. Supp. 2d 448, 450 (E.D. Tex. 2004). "The lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar." *Black*, 732 F.3d at 502 (citation omitted).

## II. Litigation Costs

Federal Rule of Civil Procedure 54 provides that "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The Court may tax the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The Fifth Circuit has explained that "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). The denial of costs is considered "in the nature of a penalty," so the Court "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Schwarz*, 767 F.2d at 131. "The

---

[2] The "novelty and complexity of the issues," "the special skill and experience of counsel," the "quality of representation," and the "results obtained" from the litigation are presumably fully reflected in the lodestar amount. Pennsylvania, 478 U.S. at 565.

burden is on the party seeking an award of costs to show entitlement to an award." *DietGoal sitiInnovations LLC v. Chipotle Mexican Grill, Inc.*, No. 2:12-cv-00764-WCB-RSP, 2015 WL 164072, at *1 (E.D. Tex. Jan. 13, 2015).

The Court has discretion to deny costs when the "suit was brought in good faith and denial is based on at least one of the following factors: '(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.'" *Smith v. Chrysler Grp., L.L.C.,* 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheco*, 448 F.3d at 794); *see also* 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668, at 234 (4th ed. 1998).

## ANALYSIS

After prevailing on its trademark counterfeiting claims, Gibson seeks attorneys' fees under 15 U.S.C. § 1117(b),[3] as well as its costs stemming from this litigation. The Court finds that Gibson should not receive any fees because it fails to provide sufficient documentation in support of its fee application. On the other hand, Gibson will recover its requested costs.

### I. Gibson Does Not Demonstrate Its Reasonable Attorneys' Fees

If a party prevails on a counterfeiting claim under the Lanham Act, the Court must award reasonable attorneys' fees unless "extenuating circumstances" exist. 15 U.S.C. § 1117(b); *Meece*, 158 F.3d at 827. The "determination of reasonable attorneys' fees involves a two-step procedure." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983)). At the first step, a court must determine the reasonable hourly rates and the hours reasonably expended by the prevailing party's attorneys. *Id.* (citing

---

[3] Gibson did win on its trademark infringement claims at trial, but it does not seek attorneys' fees under § 1117(a), which allows the recovery of attorneys' fees in "exceptional cases" of trademark infringement. 15 U.S.C. § 1117(a).

4

*Hensley*, 461 U.S. at 432). Then, the two figures are multiplied to determine a lodestar amount, which can be adjusted up or down after considering certain factors. *Black*, 732 F.3d at 502 (citations omitted). Here, Gibson's fee application fails at step one.

In every case, the district court has an obligation to "determine whether the hours claimed were 'reasonably expended on the litigation.'" *Kellstrom*, 50 F.3d at 324 (quoting *Alberti v. Klevenhagen*, 896 F.2d 927, 933 (5th Cir.), *vacated on other grounds*, 903 F.2d 352 (5th Cir. 1990)). The fee applicant carries the burden of documenting the appropriate hours spent and must provide sufficient documentation for the court to "verify that the applicant has met its burden." *Id*. Sufficient documentation may come in the form of contemporaneous billing records, affidavits, or invoices. *United States ex rel McNeil v. Jolly*, 451 F. Supp. 3d 657, 670 (E.D. La. 2020) (citing *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010)). Though courts typically prefer contemporaneous billing records, the failure to "provide contemporaneous billing statements does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours." *Kellstrom*, 50 F.3d at 325 (citing *Heasley v. Commissioner*, 967 F.2d 116, 123 (5th Cir. 1992)). Without basic documentation, however, "no determinations regarding 'the reasonable number of hours spent[t] on the litigation and reasonable hourly rate' can be made.'" *Tyler v. Cedar Hill Indep. Sch. Dist.*, 433 F. App'x 265, 267 (5th Cir. 2011) (cleaned up) (quoting *Kellstrom*, 50 F.3d at 325 n.9).

The lack of basic documentation here is fatal to Gibson's fee request. For proof of its fees, Gibson only provided two declarations from its attorneys, Andrea Bates ("Bates") and Stephen Howen ("Howen"). Bates never states the number of hours she worked or what kind of time she or other attorneys spent on certain tasks. In fact, she never explains a single task her firm performed at all. Instead, she merely asserts that her firm's services were reasonable and necessary

5

(Dkt. #555, Exhibit 1 at p. 9). While Howen's declaration adds slightly more detail, it fares no better. Howen provides the number of hours *he* worked on Gibson's case, but he does not account for the hours of Gibson's other attorneys (Dkt. #555, Exhibit 2 at p. 3). Furthermore, Howen has not explained how his hours line up with any certain tasks. He merely states, in general fashion, that Gibson's attorneys performed services common in this type of case:

> We jointly investigated the factual and legal basis for the claim; drafted and filed the complaint; conducted extensive discovery (a task made difficult by the pandemic); engaged in substantial motion practice both on the merits and on procedural questions; prepared for and conducted a mediation; prepared for and tried the case; and engaged in post-trial briefing

(Dkt. #555, Exhibit 2 at p. 3). This general summary, by itself, is insufficient because Howen's declaration provides no basis for the Court to discern what would be the appropriate award of fees here. Specifically, there is "no indication of the number of hours expended per task, by whom, for what, and at what rate." *See Kellstrom*, 50 F.3d at 325 n.9 (finding summary of hours that included traveling, bringing formal discovery requests, and extensively conferring with an investigator to be insufficient for the same reasons). As such, the Court concludes that Gibson's fee request should be denied because it fails to provide sufficient documentation. *See id.* at 325–27; *Tyler*, 433 F. App'x at 267 (holding party's failure to provide adequate documentation warranted denial of fees).

The Court is also not inclined to give Gibson another chance to amend its fee request, even though Howen and Bates offer to provide billing records for *in camera* review. *See Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 252 (5th Cir. 2002) (noting decision to allow party to amend fees request is in trial court's discretion). "Litigants clearly 'take their chances' that the district court will reject or reduce fee awards if they submit vague or incomplete applications." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997) (quoting *Kellstrom*, 50 F.3d at 326–27). And Gibson decided to take that risk here. Gibson is not entitled to a second chance, particularly when

6

Howen and Bates both acknowledge they could have provided sufficient documentation in the form of billing records, but they decided not to, stating it "would be burdensome and expensive to review and, if necessary, redact those bills . . ." (Dkt. #555, Exhibits 1–2).

Without any basis to determine the reasonable fees in this case, the Court will not grant Gibson's fee application. Therefore, the request for fees is denied.

## II. Gibson Will Receive Its Full Costs

Gibson has also moved to recover its litigation costs under Federal Rule of Civil Procedure 54(d). However, Defendants oppose the awarding of any costs because they assert Gibson failed to comply with Local Rule CV-54(b). That Rule provides certain procedural requirements when a party files a bill of costs, including that a party must submit a proposed bill of costs to the opposing party before filing a contested motion for costs. Local Rule CV-54(b). Since Gibson allegedly failed to meet the rule's procedural requirements, Defendants argue that the Court should not award any costs to Gibson. Even if Gibson failed to meet the rule's procedural requirements, the Court is not obliged to accept Defendants' argument.

It is axiomatic that district courts have the discretion to enforce their own local rules. *In re Adams*, 734 F.2d 1094, 1102 (5th Cir. 1984) (citation omitted). Therefore, courts may overlook a party's failure to abide by the local rules and choose to rule on a motion's merits instead. *Brooks v. Firestone Polymers, LLC*, No. 1:12-CV-325, 2014 WL 12713018, at *2 (E.D. Tex. Apr. 4, 2014) (citations omitted). Preferring to rule on the merits here, the Court will overlook Gibson's alleged failure to comply with Local Rule CV-54. As such, the Court turns to Gibson's requested costs.

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Court may tax the following categories of costs:

>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In total, Gibson requests $157,788.48 in taxable costs, which Defendants only object to for certain "duplicative" deposition costs. According to Defendants, the Court should strike some of the requested costs for deposition transcripts because Gibson has attempted to recover both the costs of a paper transcript and video deposition for certain witnesses. The Court disagrees.

Video depositions and written deposition transcripts are taxable costs under § 1920(2) so long as they are "necessarily obtained for use" in a case. 28 U.S.C. § 1920(2); *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (holding paper transcripts and video depositions are individually taxable costs under § 1920(2)). "Costs related to deposition transcripts are necessarily obtained 'if, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery.'" *Members Only Dental, P.A. v. State Farm Lloyds*, No. 4:19-CV-00437, 2022 WL 2484553, at *4 (E.D. Tex. July 6, 2022) (cleaned up) (quoting *Fogleman v. ARAMCO*, 920 F.2d 278, 284–85 (5th Cir. 1991)). However, courts within the Fifth Circuit are split on whether § 1902(2) permits the recovery of costs for preparing both a printed deposition transcript and a videotaped deposition for the same witness.

For example, one court within this district has opined that courts generally refuse to award both costs. *Richards v. Lufkin Indus. LLC*, No. 9:14-CV-00136-RC, 2019 WL 6682079, at *5 (E.D. Tex. Mar. 26, 2019) ("[C]ourts within the Fifth Circuit generally refuse to award costs for both

deposition transcripts and video recordings as they are duplicative.") (citations omitted). But many courts have allowed both costs, assuming a party can prove that both the video deposition and written transcript were necessary for use in the case. *Kroy IP Holdings, LLC v. Safeway, Inc.*, No. 2:12-CV-00800-WCB, 2015 WL 4776501, at *5 (E.D. Tex. Aug. 13, 2015) (collecting cases); *see also Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 789–90 (N.D. Tex. 2014) (allowing recovery of both costs); *Royall v. Enter. Prods. Co.*, No. 3:19-CV-92, 2021 WL 4198400, at *3 (S.D. Tex. Mar. 17, 2021); *Smith W. Tex. Props., Ltd. v. Allied Prop. & Cas. Ins. Co.*, 555 F. Supp. 3d 342, 350 (W.D. Tex. 2021). Admittedly though, there is no prevailing consensus on how to demonstrate the requisite need for a video deposition and paper transcript. *Compare Allstate Ins. Co.*, 66 F. Supp. 3d at 791 ("Given the nature of this litigation and the possibility that individual defendants might not appear at trial or be within the Court's subpoena power, the undersigned finds that Plaintiffs reasonably expected, at the time the depositions were taken, that [the witnesses] might not be available to testify and that the video deposition would be used at trial."); *with Smith W. Tex. Props., Ltd.*, 555 F. Supp. 3d at 350 (concluding prevailing party was entitled to both transcript and video deposition costs because of the case's complexity).

Previously, the Court has allowed the costs of a videotaped deposition and written transcript. In *Feld Motor Sports, Inc. v. Traxxas, LP*, for example, the prevailing party recovered both costs when it utilized the video deposition of a witness in support of a dispositive motion. No. 4:14-CV-543, 2016 WL 2758183, at *20 (E.D. Tex. May 12, 2016). The Court also held that video deposition and transcript costs were recoverable for witnesses where the record indicated that video depositions might be used for impeachment purposes. *Id.* More specifically, because the prevailing party had used a video deposition to impeach one witness at trial, the Court reasoned that the prevailing party may have planned to impeach similar witnesses with their video

9

depositions as well—even if those video depositions were not actually used at trial. *See id.* But the Court disallowed the recovery for the costs of video depositions for other witnesses who were "under the [prevailing party's] control and were expected to give live testimony during trial." *Id.*

After reviewing the record, the Court finds that Gibson should receive the paper transcript and video deposition costs claimed here. For witnesses under its own control, Gibson has only claimed both costs for witnesses whose video depositions were played at trial. *See* (Dkt. #555, Exhibits 1–2) (explaining requests for costs). This is a suitable reason to recover both costs. *See id.*; *see also Two-Way Media*, 2013 WL 12090356, at *3 (noting court usually does not allow both costs "*unless the videos were actually used at trial*") (emphasis added). As for witnesses outside of its control, Gibson has only claimed their costs if (1) Gibson planned to impeach the witness with a videotaped deposition or (2) the witness was outside of the Court's subpoena power (Dkt. #555, Exhibit 2 at p. 5). Consistent with *Traxxas*, the Court will allow the costs for a video deposition and a paper transcript if the video deposition was intended to be used for impeachment purposes, and the Court finds that to be the case for the witnesses within the Court's subpoena power. *See Traxxas*, 2016 WL 2758183, at *20. Furthermore, for the third-party witnesses outside the Court's subpoena power, the Court finds that Gibson should be allowed both costs because Gibson could have reasonably believed the witnesses' videotaped depositions were necessary for use in the case. *See Allstate Ins. Co.*, 66 F. Supp. 3d at 791 (allowing both costs "[g]iven the nature of this litigation and the possibility that individual defendants might not appear at trial or be within the Court's subpoena power").

In short, Gibson has demonstrated its need for the written transcripts and videotaped depositions for the witnesses it claims both costs for. As a result, the Court will not reduce Gibson's

costs. Given that Gibson has thoroughly explained the bases for its other costs, and noting that Defendants have not otherwise objected, the full amount of costs will be awarded here.

## CONCLUSION

It is therefore **ORDERED** that Gibson Brands, Inc.'s Rule 54 Application for Attorneys' Fees and Costs (Dkt. #555) is hereby **GRANTED in part and DENIED in part**.

It is further **ORDERED** that Gibson shall be awarded $157,788.48 in costs, which Defendants shall pay within fourteen (14) days of this Order.

**IT IS SO ORDERED.**

**SIGNED this 11th day of April, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE