IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GIBSON, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00358-ALM |
| | § | |
| ARMADILLO DISTRIBUTION | § | |
| ENTERPRISES, INC. and | § | |
| CONCORDIA INVESTMENT | § | |
| PARTNERS, LLC, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF GIBSON, INC.'S OPPOSED MOTION FOR PRE-TRIAL EVIDENTIARY HEARING

Defendants oppose Gibson's request for an accelerated pre-trial evidentiary hearing pursuant to Fed. R. Civ. P. 104. We note, but later address, that Gibson's requested relief is actually far broader than dealing with admissibility of the previously-excluded 258 documents. *See* "Requested Relief," Opening Brief at 7. While the Court has discretion to conduct a Rule 104 hearing, the issue at hand does not justify that imposition on the Court's time.

Gibson concedes the previously-excluded 258 exhibits are various types of "publications." Opening Br. at 2. Even as to those non-admitted publications, Gibson's proposed hearing is neither necessary nor a good use of the Court's time, once the publications are viewed in proper context. The publications fill a gap in chronology which, taken as a whole, show widespread industry use over a protracted period of time, making Gibson's shapes generic. "[I]n numerous cases, both inside and outside of the trademark-registration-challenge context, courts and the TTAB have examined third-party evidence from decades prior to the five-year

period before the alleged infringement." *Gibson, Inc. v. Armadillo Distribution Ent., Inc.*, 107 F4th 441, 449-50 (5th Cir. 2024) (citing cases).

The parties are preparing to retry all of the issues on which the jury rendered judgment because Gibson overreached and convinced the Court to exclude all evidence of advertisements and sales of third-party guitars prior to 1992. The Fifth Circuit agreed with Defendants that such evidence could be "relevant to the genericness inquiry." *Gibson, Inc. v. Armadillo Distribution Ent., Inc.*, 107 F.4th 441, 445, 449 (5th Cir. 2024).

### I. Gibson Overstates the Remaining Evidentiary Disputes

Gibson vastly overstates the dispute about admissibility of the 258 excluded exhibits.[1] Contrary to Gibson's arguments, most (if not all) of these will be self-authenticating. *See, e.g.*, Fed. R. Evid. 902(6) ("printed material purporting to be a newspaper or periodical."). The publications are not offered for the truth of the content, so hearsay is not an issue.[2] The relevance of these documents is that they show, considered together and with already-admitted evidence, that the shapes became the common shapes for types of guitars at the critical date. Contrary to Gibson's assertion, "currently" is not the relevant date. *Compare* Opening Brief at 5 *with Gibson*, 107 F.4th at 449 ("pointing to Defendants' assertion that the relevant time is either Armadillo's first alleged infringement or the dates of the body shapes' respective registrations.").

#### A. The Minimal Burden of Authentication

Authentication is a low bar. The Fifth Circuit "does not require conclusive proof of authenticity before allowing the admission of disputed evidence .... Rule 901 does not limit the

---

[1] For context, the parties together introduced more than a thousand exhibits during trial. *See* Dkts. 495 and 496.

[2] Defendants may read into the record a statement from an ancient document. *See* Fed. R. Evid. 803(16).

2

type of evidence allowed to authenticate a document. It merely requires some evidence which is sufficient to support a finding that the evidence in question is what its proponent claims it to be." *United States v. Arce,* 997 F.2d 1123, 1128 (5th Cir.1993).

There are two reasons why authentication should not be in dispute here. First, the documents at issue were produced during discovery. This Court has recognized that documents produced in discovery are self-authenticating. *See e.g., United States ex rel. Fisher v. Ocwen Loan Servicing, LLC*, No. 4:12-CV-543, 2016 U.S. Dist. LEXIS 67779 (E.D. Tex. May 24, 2016) (citing *Trammell Crow Residential Co. v. Am. Protection Ins. Co.*, No. 3:10-CV-2163-B, 2012 U.S. Dist. LEXIS 137107, 2012 WL 4364616, at *7 n. 3 (N.D. Tex. Sept. 25, 2012); *Snyder v. Whittaker Corp.,* 839 F.2d 1085, 1089 (5th Cir. 1988); *FTC v. Hughes,* 710 F. Supp. 1520, 1522 (N.D. Tex. 1989); *Hannon v. Kiwi Servs.,* No. 3:10-cv-1382, 2011 U.S. Dist. LEXIS 152114, 2011 WL 7052795, at *2 (N.D. Tex. Dec. 30, 2011)).

Second, all but 15 (at most) of the remaining disputed documents are self-authenticating under Fed. R. Evid. 902(6). The disputed publications fall into three categories: (1) exhibits with dates on the front page; (2) exhibits with dates on a page other than on the front page; and (3) exhibits bearing no date.

Seventy nine of the exhibits bear at least one date on the first page.[3] During the 2022 Pretrial Conference, Gibson confirmed:

> the parties have agreed that any magazine that has proof of publication -- the cover page, physical magazine says this is Guitar World or Vintage Guitar or whatever -- is self-authenticating under 902(6) or (7). I forget exactly which one.

---

[3] Gibson complains that some dates on first pages come from the "way back machine" or Vintaxe, a collector website. Opening Brief at 5. The Court already overruled many similar objections during the first trial. Those dates are sufficient to meet the low threshold for authentication. In all events, there are likely to be other dates on many of the periodical publications. Fed. E. Evid. 902(6) (periodicals are self-authenticating).

> And I believe we've agreed to a hearsay limiting instruction to resolve all of the under [sic] objections. That happened after our briefing. So to the extent that there are magazines as exhibits that are objected to, that would be subject to our agreement now; and the Court probably doesn't need to look at those.

5/11/22 Tr. at 111:14-24. The exhibits are either magazines or periodical catalogues. The agreement should apply equally to repeat-publication catalogues. In all events, Fed. R. Evid. 902(6) makes such documents self-authenticating. Finally, there is no reason the parties cannot cooperate so the Court can deal with any remaining disputes during the Pretrial Conference.

One hundred other publications have a date, just not on the front page, *e.g.*, on a price list that is part of the document. That should also be sufficient for self-authentication. *See* Fed. R. Evid. 902(6). Here also, there is no reason the parties cannot cooperate so the Court can deal with any remaining disputes during the Pretrial Conference.

Of the remaining exhibits from the proffer, Defendants will limit their offers to no more than 15 during trial. Further, Defendants will meet and confer ahead of time to simplify any remaining authentication disputes. There is no need for a Rule 104 hearing prior to the Pretrial Conference on authentication.

B. <u>Gibson's Hearsay Argument is a Non-Issue.</u>

Gibson's hearsay concerns are a non-issue. To reiterate the agreement between counsel, "And I believe we've agreed to a hearsay limiting instruction to resolve all of the under [sic] objections. That happened after our briefing. So to the extent that there are magazines as exhibits that are objected to, that would be subject to our agreement now; and the Court probably doesn't need to look at those." 5/11/22 Tr. at 111:19-24.

Defendants agree to a hearsay limiting instruction to obviate all of hearsay objections, applying the prior agreement to the magazines and periodical publications.

C.  Relevance Cannot Be Decided in Piecemeal Fashion

Defendants have the burden on genericness to show the shapes came to mean to consumers the common generic shape for types of guitars. In part, Defendants will do so by showing the shapes were commonly used, advertised and sold by multiple manufacturers over many years, rendering the shapes generic. The full context will include, inter alia, testimony and evidence already in evidence during Gibson's case-in-chief, prior to any testimony from Defendants' expert Gruhn. Gibson's efforts to force Mr. Gruhn into a lengthy pre-trial hearing is unfair and unwarranted.

**II.    This Case Does Not Warrant a Rule 104 Hearing**

As acknowledged by Plaintiff, the question the Court likely has to face is why it would deploy the Court's judicial resources before trial. Such a pre-trial evidentiary hearing is an unnecessary expenditure of judicial resources, the parties' resources, and (potentially) witness resources in an attempt to expedite a likely already expedient process in a way that might hinder the Court's ability to appreciate the evidence within its proper trial context.

Gibson frames its motion as providing a way to alleviate strain imposed on judicial resources to have a trial that "flows much quicker" while also allowing a deliberate and considered ruling on the evidence. However, such a pre-trial hearing would not alleviate strain imposed on judicial resources. Rather, the proposed conference is an unnecessary extra expenditure of resources in a speculative attempt to have a trial that "flows much quicker" at the expense of a deliberate and considered ruling of the evidence. Moreover, the Court efficiently attended to more than a thousand exhibits in the first trial.

Furthermore, any hypothetical strain imposed on judicial resources imposed by denying such a pre-trial hearing is outweighed by the negative effects such a pre-trial hearing would have

on the Court's ability to fully consider the evidence. Importantly, such a pre-trial evidentiary hearing strips the Court and the parties of the benefit of assigning context to the evidence in question. Context comes in the course of trial. Accordingly, not only will Defendants be unduly prejudiced by such a pre-trial evidentiary hearing, but the parties and the Court will be deprived of the benefit of context to best consider the evidence.

### III. The True Nature of Gibson's Motion

Gibson seeks to reargue admission of Defendants' exhibits already in evidence, which Gibson did not challenge on appeal. While much of its motion talks about the 258 previously excluded exhibits, Gibson's "Requested Relief," seeks to have the Court order the parties to meet and confer about all exhibits, even those admitted during the last trial. *See* Opening Brief at 7.

In fact, the parties recently conferred. In an effort to compromise, Defendants proposed that the parties agree that all of the exhibits admitted during the prior trial be pre-admitted in the retrial with all prior objections and limiting instructions preserved, except the two sides would meet and confer (and reargue if necessary) no more than a small number each. Defendants proposed the number be three, but asked for a number from Gibson. The Court should not allow Gibson to use a 104 hearing to revisit the Court's considered rulings on much of the genericness evidence admitted last trial, in addition to the 258 exhibits.

Defendants believe Gibson cannot reargue evidence rulings Gibson did not challenge on appeal. In all events, the Court should deny Plaintiff's motion for the reasons set forth above.

Dated: January 23, 2025

Respectfully submitted,
*/s/ Jerry R. Selinger*
Jerry R. Selinger, Lead Counsel
State Bar No. 18008250
PATTERSON + SHERIDAN, LLP
1700 Pacific Ave., Suite 2650

Dallas, Texas 75201
Tel: (214) 272-0957
Fax: (713) 623-4846
jselinger@pattersonsheridan.com
Craig V. Depew
Texas State Bar No. 05655820
PATTERSON + SHERIDAN, LLP
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
Tel: 832-968-7285
Fax: 713-623-4846
cdepew@pattersonsheridan.com
Kyrie K. Cameron
State Bar No. 24097450
PATTERSON + SHERIDAN, LLP
24 Greenway Plaza, Suite 1600
Houston, Texas  77046
Tel: (713) 623-4844
Fax: 713) 623-4846
kcameron@pattersonsheridan.com

ATTORNEYS FOR DEFENDANTS
ARMADILLO DISTRIBUTION ENTERPRISES,
INC. AND CONCORDIA INVESTMENT
PARTNERS, LLC

## CERTIFICATE OF SERVICE

I certify that on January 23, 2025, the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court.  The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served by a "Notice of Electronic Filing," sent by the ECF system.

*/s/ Jerry R. Selinger*
Jerry R. Selinger