IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GIBSON, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00358-ALM |
| | § | |
| ARMADILLO DISTRIBUTION ENTERPRISES, INC. and CONCORDIA INVESTMENT PARTNERS, LLC, | § § § § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF GIBSON, INC.'S OPPOSED MOTION TO AMEND ORDER SETTING FINAL PRETRIAL CONFERENCE AND TRIAL**

Respectfully, Defendants continue to oppose Plaintiff's attempts to move jury selection from Monday March 10, 2025, the date set by the Court last September, to Friday, March 7, 2025, the date set for the Pretrial Conference, to follow the Pretrial Conference.

Since their recent appearance, Defendants' counsel has communicated with Gibson's counsel on numerous issues and the parties have negotiated and compromised (and continue to negotiate and compromise) on many of them.  On January 8, 2025, Defendants responded to a series of inquiries from Gibson and attempted to reach agreement wherever practicable.  In pertinent part, however, Defendants explained they opposed Gibson's proposal to approach the Court jointly for a Rule 104 evidentiary hearing several weeks prior to trial and to reset jury selection from Monday March 10, 2025 to Friday March 7, 2025:

> However, we do not believe an evidence hearing on document admissibility several weeks prior to trial is fair or appropriate. Doing so will impose undue burdens on the Court and potential witnesses. It would interfere with our trial preparation efforts. We believe the Court can most fairly provide rulings on evidence in the context of actual trial. We believe the Court can also provide

useful guidance concerning document issues during the March 7, 2025 Pretrial Conference, as he did during the 2022 Pretrial Conference. Also, there are likely going to be issues for the Court to resolve during the Pretrial Conference that are not appropriate for resolution in a Rule 104 hearing. Said differently, we believe there is a continuing need for a Pretrial Conference. **Finally, we do not believe it would be fair to require potential jurors to give up part of a third workweek to allow the lawyers to pick the jury the Friday prior to the start of trial**. (Emphasis added).[1]

The next day, January 9, 2025, Gibson filed its pending Opposed Motion for Pretrial Evidentiary Hearing. (Dkt. 663). Gibson's motion made no mention of moving the start of jury selection from March 10 to March 7, 2025, and we thought the matter was closed.

But on January 28, 2025, Gibson filed its Opposed Motion to Amend Order Setting Final Pretrial Conference and Trial requesting to have jury selection follow the Pretrial Conference on March 7, 2025. (Dkt. 668). Gibson explains that spring break starts for its jury consultant's children on March 10, 2025 and the consultant now plans to be on spring vacation on March 10, 2025.

Defendants do not lightly oppose a request to move a scheduled date for family convenience, but the date for jury selection has been in place since last September. Moving jury selection from Monday to the preceding Friday after the Pretrial Conference creates prejudice to the jury pool and to Defendants. First, the jury pool: Defendants defer to the Court about jurors in the Division but, Defendants hesitate to ask potential jurors to give up part of a third workweek.

Second, shoehorning jury selection into the same day as, but following, the Pretrial Conference is not a fair and practical solution. Even with good-faith efforts that have reduced

---

[1] The email exchange is attached as Exhibit 1 hereto.

the number of issues to be resolved during the Pretrial Conference, Defendants anticipate the Pretrial Conference will extend into the afternoon. It is unlikely that the Court and parties can meaningfully address the issues remaining for resolution at the Pretrial Conference and then have sufficient time to complete jury selection.

In view of the foregoing, the Court should deny Gibson's Motion to amend the date of jury Selection to Friday, March 7, 2025.

Dated: January 31, 2025               Respectfully submitted,

*/s/ Jerry R. Selinger*
Jerry R. Selinger, Lead Counsel
State Bar No. 18008250
PATTERSON + SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
Tel: (214) 272-0957
Fax: (713) 623-4846
jselinger@pattersonsheridan.com
Craig V. Depew
Texas State Bar No. 05655820
PATTERSON + SHERIDAN, LLP
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
Tel: 832-968-7285
Fax: 713-623-4846
cdepew@pattersonsheridan.com
Kyrie K. Cameron
State Bar No. 24097450
PATTERSON + SHERIDAN, LLP
24 Greenway Plaza, Suite 1600
Houston, Texas  77046
Tel: (713) 623-4844
Fax: 713) 623-4846
kcameron@pattersonsheridan.com

ATTORNEYS FOR DEFENDANTS
ARMADILLO DISTRIBUTION ENTERPRISES,
INC. AND CONCORDIA INVESTMENT
PARTNERS, LLC

## CERTIFICATE OF SERVICE

I certify that on January 31, 2025, the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court. The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served by a "Notice of Electronic Filing," sent by the ECF system.

*/s/ Jerry R. Selinger*
Jerry R. Selinger