# EXHIBIT 1

| From: | Jerry R. Selinger |
|---|---|
| To: | Steve Howen |
| Cc: | Ronald S. Bienstock; Craig Depew; Kyrie Cameron; Andrea Bates; Kurt Schuettinger; Elizabeth Andujar; Johnathan M. Bates |
| Subject: | RE: Gibson v. Armadillo |
| Date: | Wednesday, January 8, 2025 3:52:46 PM |
| Attachments: | image001.jpg |

Steve,

Thank you for your email of yesterday in response to our telephone conversation of Monday, January 5.

Thanks for clarifying your question. Since I am now formally designated as lead counsel, I will be your primary point of contact for either informal or formal discussions.

I trust you are proposing mutual supplementation of sales data. With that understanding, we are following up to learn how recently Armadillo's accountants prepared updated sales data reports. I would be surprised if they have done so through the end of 2024, which is only a few days ago. I will let you know what I learn, so we can trade comparable updates. Do we agree the two sides need not review all written discovery requests to provide updated information nor should the experts serve supplemental reports reflecting any additional sales data?

We would be amenable to a jointly agreed jury panel questionnaire. We have only had time for a cursory review but are of the opinion that changes are needed to the form. We will provide our suggested changes in due course.

This leads to the issue of timing. While the decision remanding the case for new trial issued on July 8, 2024, as you know, we are very new to the case, having entered appearances on January 2, 2025 – three work days ago. We need to prepare for trial in orderly and prioritized fashion. The jury questionnaire is important, but the deadline for submitting it to the court is some time off.

More generally, we also are in favor of employing a process that reduces the burden on the jury and Court and will consider your proposed options once we are reasonably up to speed about the evidence nuances you have proposed.

However, we do not believe an evidence hearing on document admissibility several weeks prior to trial is fair or appropriate. Doing so will impose undue burdens on the Court and potential witnesses. It would interfere with our trial preparation efforts. We believe the Court can most fairly provide rulings on evidence in the context of actual trial. We believe the Court can also provide useful guidance concerning document issues during the March 7, 2025 Pretrial Conference, as he did during the 2022 Pretrial Conference. Also, there are likely going to be issues for the Court to resolve during the Pretrial Conference that are not appropriate for resolution in a Rule 104 hearing. Said differently, we believe there is a continuing need for a Pretrial Conference. Finally, we do not believe it would be fair to require potential jurors to give up part of a third workweek to allow the lawyers to pick the jury the Friday prior to the start of trial.

Sincerely,
Jerry

**Jerry R. Selinger** • Partner
**PATTERSON + SHERIDAN LLP**
**1700 Pacific Ave. Suite 2650, Dallas, TX 75201**
**Main:**   214.720.2200
**Direct:**  214.272.0957
**Fax:**    713.623.4846
**Email:** JSelinger@pattersonsheridan.com
http://www.pattersonsheridan.com

CONFIDENTIAL INFORMATION
This transmission contains information from the law firm of Patterson & Sheridan, L.L.P. which is confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange

for the retrieval of the original documents at no cost to you. Alternatively, notify the sender by replying to this transmission and delete the message without disclosing it. Thank you.

**From:** Steve Howen <steve@stevehowenlegal.com>
**Sent:** Tuesday, January 7, 2025 10:27 AM
**To:** Jerry R. Selinger <JSelinger@pattersonsheridan.com>
**Cc:** Ronald S. Bienstock <rbienstock@sh-law.com>; Craig Depew <CDepew@pattersonsheridan.com>; Kyrie Cameron <KCameron@pattersonsheridan.com>; Andrea Bates <abates@bates-bates.com>; Kurt Schuettinger <kschuettinger@bates-bates.com>; Elizabeth Andujar <eandujar@bates-bates.com>; Johnathan M. Bates <jbates@bates-bates.com>
**Subject:** Gibson v. Armadillo



Jerry,

Enjoyed talking to you yesterday and look forward to working with you on this matter. First note is that I included on this email all the people I know to be active attorneys in the case. If either side needs to get information to the other, it has a way of doing so that will result in the right person getting the communication. If there is someone from your team that you want added let me know.

I appreciate your need to check with Ron on how to handle motion/certificate of conference issues going forward. As time is of the essence, I am going to fill out what we are thinking at present. Sorry for the length, my emails are not usually this long.

Our read of the appellate opinion is that Court must give more indiviualized consideration before admitting or excluding evidence of alleged third-party uses. At the first trial, the Court tended to handle the exhibits dealing with alleged third-party use in bulk. Each side had successes and losses in gettting admitted or keeping out groups of these exhibits.

In March, if we have to go one by one, the trial would last months and the jury would be bored out of their minds as the lawyers wrangle. Our thought was to develop a process to reach agreement on what things could be pre-admitted based on testimony at the last trial (you can check Docket Entries 495 and 496 for a comprehensive list of what was admitted). So our first ask is for you to llook at our admitted exhibits from the last trial and tell us which ones you either: (a) agree to without objection or (b) are willing to forego additional argument but stand on your previous objections.

Next, for evidence that was excluded and for previously admitted evidence where there is no agreement from the above process, we are going to ask for a hearing pursuant to Fed. R. Evid. 104 that occurs several weeks sooner than the presently scheduled pre-trial conference and where the Court has more than a couple of hours to hear argument and predicate evidence. We need defendants' position as to whether they participate in the first part of the described process and whether they will agree to our request for an early Rule 104 hearing.

Related to that idea, if we do get an early Rule 104 hearing we were thinking that picking the jury on the Friday the pre-trial conference is scheduled forwould be a good idea. (Assuming the Court could get and is willing to call a panel).

Separately, we used a short jury panel questionnaire (attached) last time. Needed to know if you agree to the same or what changes you would suggest.

Also, we are aware that Evan Rubinson no longer has an active role at the defendants. Do the defendants' lawyers still represent Evan? If yes, will he be at trial? If not, do you know if he is represented? We need to confirm his availabilty or lack of it for the potential use of prior testimony.

Finally, do you plan on supplementing your discovery responses with sales data through the end of

2024?

Would appreciate your quick responses to the above.

Yours,

Steve Howen
The Law Office of Steve Howen
7111 Bosque Blvd.
Suite 305
Waco, TX 76710
(254) 826-6526
(214) 460-4856 (mobile)
(254) 822-4956 (fax)


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Any tax advice contained in this communication was not intended or written to be used, and cannot be used, for the purpose of avoiding tax related penalties or promoting, marketing or recommending to another party any tax related matter addressed herein