IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GIBSON, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:19-cv-00358-ALM |
| § | |
| ARMADILLO DISTRIBUTION § | |
| ENTERPRISES, INC. and § | |
| CONCORDIA INVESTMENT § | |
| PARTNERS, LLC, § | |
| § | |
| Defendants. § | |

**DEFENDANTS' REQUEST FOR JURY INSTRUCTION
ON CONSEQUENCES OF EXPIRATION OF GIBSON DESIGN PATENTS**

Defendants request the following jury instruction on the consequences of Gibson having obtained design patents on guitar body shapes:

When a patent expires, anyone is free to use the invention. There can no longer be an exclusive right or privilege to use the invention.[1] Consequently, as each of Gibson's guitar design patents expired, the formerly-patented article was dedicated to the public and could be made and sold by anyone who wants to do so.[2] Every member of the public, including Armadillo (and any predecessor-in-interest), was and is free to make and sell a formerly patented

---

[1] *Pipen v. FMC Corp.*, 427 F.2d 353, 357 (5th Cir. 1970) (citing *Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111, 118, 120 (1938). *See also Kellogg*, 305 U.S. at 119 ("And a design patent was taken out to cover the pillow-shaped form [of shredded wheat]. Hence, upon expiration of the patents, the form, as well as the name, was dedicated to the public.").

[2] *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 231 (1964) ("[A]n article on which the patent has expired, is in the public domain and may be made and sold by whoever chooses to do so.")

guitar article under their own name once the corresponding design patent expired.[3] These public rights after patent expiration include not only the right to use the article in the patent, but also the right to share in any goodwill generated by the article in the patent.[4]

Dated:  February 27, 2025

Respectfully submitted,

/s/ Jerry R. Selinger
Jerry R. Selinger, Lead Counsel
State Bar No. 18008250
PATTERSON + SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
Tel: (214) 272-0957
Fax: (713) 623-4846
jselinger@pattersonsheridan.com

Craig V. Depew
Texas State Bar No. 05655820
PATTERSON + SHERIDAN, LLP
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
Tel: 832-968-7285
Fax: 713-623-4846
cdepew@pattersonsheridan.com

Kyrie K. Cameron
State Bar No. 24097450
PATTERSON + SHERIDAN, LLP
24 Greenway Plaza, Suite 1600
Houston, Texas   77046
Tel: (713) 623-4844
Fax: 713) 623-4846
kcameron@pattersonsheridan.com

---

[3] "It is self evident that on the expiration of a patent the monopoly granted by it ceases to exist, and the right to make the thing formerly covered by the patent becomes public property.  It is upon this condition that the patent is granted." *Kellogg*, 305 U.S. at 120, *citing Singer Mfg. Co. v. June Mfg. Co.*, 163 U.S. 169, 185 (1896).

[4] *Kellogg*, 305 U.S. at 121.

ATTORNEYS FOR DEFENDANTS
ARMADILLO DISTRIBUTION ENTERPRISES,
INC. AND CONCORDIA INVESTMENT
PARTNERS, LLC

**CERTIFICATE OF SERVICE**

I certify that on February 27, 2025, the foregoing document was served on the attorneys of record.

*/s/ Jerry R. Selinger*
Jerry R. Selinger