IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GIBSON, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00358-ALM |
| | § | |
| ARMADILLO DISTRIBUTION | § | |
| ENTERPRISES, INC. and | § | |
| CONCORDIA INVESTMENT | § | |
| PARTNERS, LLC, | § | |
| | § | |
| Defendants. | § | |

## BENCH BRIEF ON THE LEGAL EFFECTS OF EXPIRED DESIGN PATENTS

Defendants Armadillo Distribution Enterprises, LLC and Concordia Investment Partners, LLC (collectively "Defendants") submit this Bench Brief to the Court on the legal effects of Gibson's expired design patents on its assertions of trademark infringement.

Gibson asserts that after the expiration of its design patents it was entitled to recapture exclusive rights through trademarks. On the contrary, when a utility or design patent expires, "anyone is free to use the invention. There can no longer be an exclusive right or privilege to use the invention." *Pipken v. FMC Corp.*, 427 F.2d 353, 357 (5th Cir. 1970) (citing *Kellogg Co. v. National Biscuit Co*., 305 U.S. 111, 118, 120 (1938).

*Kellogg* teaches that Gibson is not the first company that sought to indefinitely extend its claim to exclusive patent rights to products after the patents expired by aggressively threatening competitors with trademarks. National Biscuit had patents on machines for making shredded wheat, a design patent on the pillow-shaped form of the product, and trademark rights to "Shredded Wheat." The Supreme Court explained: "[t]he patented machines used were designed to produce only the pillow-shaped biscuits. And a design patent was taken out to cover

the pillow-shaped form. Hence, upon expiration of the patents the form, as well as the name, was dedicated to the public. As was said in *Singer Mfg. Co*. v. *June Mfg. Co., supra*, p. 185:

> It is self evident that on the expiration of a patent the monopoly granted by it ceases to exist, and the right to make the thing formerly covered by the patent becomes public property. It is upon this condition that the patent is granted. It follows, as a matter of course, that on the termination of the patent there passes to the public the right to make the machine in the form in which it was constructed during the patent."

305 U.S. at 119-120.

The Court also rejected National Biscuit's efforts to cloak its scheme as an effort to prevent confusion or deception. "It is urged that all possibility of deception or confusion would be removed if Kellogg Company should refrain from using the name 'Shredded Wheat' and adopt some form other than the pillow-shape. But the name and form are integral parts of the goodwill of the article. To share fully in the goodwill, it must use the name and the pillow-shape. **And in the goodwill Kellogg Company is as free to share as the plaintiff**. *Id*. at 121. (Emphasis added.) *Accord Sears, Roebuck & Co. v. Stiffel Co*., 376 U.S. 225, 231 (1964) ("[A]n article on which the patent has expired, is in the public domain and may be made and sold by whoever chooses to do so.")

The Court explained the balance between monopoly and competition in *Bonito Boats, Inc. v. Thunder Craft Boats, Inc*., 489 U.S. 141 (1989). "From their inception, the federal patent laws have embodied a careful balance between the need to promote innovation and the recognition that imitation and refinement through imitation are both necessary to invention itself and the very lifeblood of a competitive economy." *Id*. at 146. Indeed, "[w]e have long held that after the expiration of a federal patent, the subject matter of the patent passes to the free use of the public as a matter of federal law." *Id*. at 152.

Consequently, as each of Gibson's guitar design patents expired, the formerly-patented article was dedicated to the public and could be made and sold by anyone who wants to do so. Every member of the public, including Armadillo (and any predecessor-in-interest), was and is free to make and sell a formerly patented guitar article under their own name once the corresponding design patent expired. These public rights after patent expiration include not only the right to use the article in the patent, but also the right to share in any goodwill generated by the article in the patent. *Kellogg, supra*.

These expired design patents substantially limit the scope of protection afforded to Gibson's body-style trademarks. Gibson cannot recapture what it surrendered on the expiration of its design patents through the trickery of trademarks. The Constitution allows patent grants for a limited time. The *quid pro quo* is public access to the claimed subject matter of the expired patents. Gibson cannot take the benefit of exclusivity for a limited time, but then renege on its deal with the American people. All four expired design patents are relevant.

Dated: March 3, 2025

Respectfully submitted,

*/s/ Jerry R. Selinger*
Jerry R. Selinger, Lead Counsel
State Bar No. 18008250
PATTERSON + SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
Tel: (214) 272-0957
Fax: (713) 623-4846
jselinger@pattersonsheridan.com

Craig V. Depew
Texas State Bar No. 05655820
PATTERSON + SHERIDAN, LLP
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
Tel: 832-968-7285
Fax: 713-623-4846

cdepew@pattersonsheridan.com

Kyrie K. Cameron
State Bar No. 24097450
PATTERSON + SHERIDAN, LLP
24 Greenway Plaza, Suite 1600
Houston, Texas   77046
Tel: (713) 623-4844
Fax: 713) 623-4846
kcameron@pattersonsheridan.com

Austin Hale Gray
State Bar No. 24136870
PATTERSON + SHERIDAN, LLP
24 Greenway Plaza, Suite 1600
Houston, Texas   77046
Tel: (713) 576-5011
Fax: (713) 623-4846
agray@pattersonsheridan.com

ATTORNEYS FOR DEFENDANTS
ARMADILLO DISTRIBUTION ENTERPRISES,
INC. AND CONCORDIA INVESTMENT
PARTNERS, LLC

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF electronic filing system on March 3, 2025.

*/s/ Jerry R. Selinger*
 Jerry Selinger