IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GIBSON, INC., a Delaware corporation, | ) |
| | ) |
| Plaintiff/Counterclaim-Defendant, | ) Case No. 4:19-cv-00358-ALM |
| | ) |
| vs. | ) |
| | ) |
| ARMADILLO DISTRIBUTION ENTERPRISES, INC.; CONCORDIA INVESTMENT PARTNERS, LLC, | ) |
| | ) |
| Defendant/Counterclaim-Plaintiff | ) |
| | ) |
| DOES 1 through 10, | ) |
| | ) |
| Defendants. | ) |

**OPPOSITION TO PARTIALLY OPPOSED MOTION FOR LEAVE TO FILE DEFENDANTS' SUPPLEMENTAL EXHIBIT LIST AND DEFENDANTS' REQUEST FOR JURY INSTRUCTIONS ON CONSEQUENCES OF EXPIRATION OF GIBSON DESIGN PATENTS**

Plaintiff, Gibson Inc. ("Gibson") hereby files its Opposition to Defendants' Partially Opposed Motion for Leave to File Defendants' Supplemental Exhibit List [Dkt. No. 684] and Defendants' Request for Jury Instructions on Consequences of Expiration of Gibson Design Patents [Dkt. No. 697] (collectively the "Motions"), respectfully showing the Court as follows:

**I.      SUMMARY OF THE ARGUMENT.**

Defendants have confused design patents with utility patents. Defendants have failed to show the Court as to why Gibson's expired design patents are relevant. All Defendants' argument amounts to is that Gibson cannot rely on the rights granted by the design patents. There are no patent infringement claims in this case, nor has Gibson insinuated it will rely upon its design patents for any substantive rights. This is a trademark/trade dress infringement case. Defendants have not provided

any precedent to support their argument that a design patent expiration would prevent any future trademark/trade dress rights. This conclusion is against decades of precedent.

Any relevance afforded to Gibson's expired design patents will be substantially outweighed by the tendency to confuse the jury by stating that all patent rights are extinguished at expiration. Defendants' Motions appear to confuse the effect of the expiration of design patents on trademark/trade dress rights. In Defendants' Bench Brief [Dkt. No. 705 (hereinafter "Bench Brief"], Defendants plan on using Gibson's expired design patents to confuse the jury as to what rights Gibson retained in the trademarks of the expired design patents. Specifically, Defendants argue that "anyone is free to use the invention. There can no longer be an exclusive right or privilege to use the invention." Bench Brief at 1, citing *Pipken v. FMC Corp.*, 427 F.2d 353, 357 (5th Cir. 1970). As design patents and trademark protection on product configuration work in conjunction with each other, the above is a misleading statement of law intended to confuse the jury.

Notably, a claim for trademark or trade dress infringement is absent from any of the patent precedents presented by the Defendants in their Motions. Without a trademark/trade dress infringement claim, the expiration of the patent protection–whether utility or design–would be straight forward and this instruction would not confuse the jury. Once a trademark or trade dress claim is introduced, Gibson's trademark/trade dress rights take over at the expiration of the design patent. As such, the inclusion of the expired design patents and a jury instruction noting the expiration of patent rights will merely confuse the jury as Gibson would still be able to rely on its trademark/trade dress rights. Defendants did not provide precedent that exterminates trademark/trade dress rights and the expiration of a design patent. This precedent does not exist.

Further, as Defendants' proposed jury instruction is a misstatement of the law, the instruction would be overturned on appeal and the parties would be forced to relitigate this case for a third time.

## II. ARGUMENT AND CITATION TO AUTHORITY.

A design patent does not affect the trademark/trade dress rights in the identical design. As such, the expiration of a design patent is not relevant to Gibson's trademark/trade dress claims. Irrelevant evidence is not admissible, and evidence is relevant only if it tends to make a material fact more or less probable. Fed. R. Evid. 402, 401. Defendants have failed to show the Court how the inclusion of expired design patents will make any material fact more or less probable. The inclusion of expired design patents and a jury instruction detailing the loss of patent rights at the expiration of a design patents will only confuse the jury. Because the prejudicial effect substantially outweighs any relevance, the Court should deny the Defendants' Motions in their entirety.

### A. A Design Patent Does Not Affect Trademark/Trade Dress Rights.

Defendants argue that when a patent expires, "anyone is free to use the invention. There can no longer be an exclusive right or privilege to use the invention." Bench Brief at 1, citing *Pipken v. FMC Corp.*, 427 F.2d 353, 357 (5th Cir. 1970). This conclusion confuses utility and design patents. It is black letter law that the expiration of a design patent does not affect the rights in a trademark/trade dress in the identical design. "The purposes and policies of federal design patent law and federal trademark law are very different, and stand independent of each other." J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 7:91 (5th ed. 2021). As the Court of Customs and Patent Appeals ("CCPA") has noted, trademark/trade dress rights "exist independently of [design patent rights], under different law and for different reasons. The termination of either has no legal effect on the continuance of the other." *Application of Mogen David Wine Corp.*, 51 C.C.P.A. 1260, 328 F.2d 925, 930-931 (1964). The CCPA verified that the existence of an expired design patent does not bar trademark protection in product shapes as well as container shapes. *Application of Honeywell, Inc.*, 497 F.2d 1344, 1348 (C.C.P.A. 1974).

Federal courts uniformly find that design patent coverage or the expiration a design patent does not preclude trademark or trade dress protection. *See Hubbell Inc. v. Pass & Seymour, Inc.*, 883 F.Supp. 955, 959-60 (S.D.N.Y. 1995) (denied a motion to dismiss a trade dress claim rejecting the argument that an expired design patent precluded a claim for trade dress infringement.); *see also Topps Co. Inc. v. Gerrit J. Verburg Co.*, 1996 WL 719381, *10 (S.D.N.Y. 1996) ("[T]he existence of an expired design patent does not preclude trademark rights, or registration of a trademark."); *Krueger Intern., Inc. v. Nightingale Inc.*, 915 F.Supp. 595, 604-05 (S.D.N.Y. 1996) (rejecting defendant's argument that plaintiff was unlawfully seeking to extend its expired patent monopoly and that a once patented design can never claim the protection of trade dress law.); *Ashley Furniture Industries, Inc. v. SanGiacomo N.A. Ltd.*, 187 F.3d 363, 376 (4th Cir. 1999) ("Allowing traditional trade dress protection for product configuration will not undermine either utility or design patent law."); *Fuji Kogyo Co., Ltd v. Pacific Bay Intern., Inc.*, 461 F.3d 675, 683 (6th Cir. 2006) ("The existence of design patent does not preclude the same product from protection as a trademark under the Lanham Act either simultaneously or successively."); *Kohler Co. v. Moen Inc.*, 12 F.3d 632, 637-38 (7th Cir. 1993) ("[C]ourts have consistently held that a product's different qualities can be protected simultaneously, or successively, by more than one of the statutory means for protection of intellectual property."); and *Winning Ways, Inc. v. Holloway Sportswear, Inc.*, 903 F.Supp. 1457 (D. Kan. 1995) (rejecting argument that trade dress law cannot protect product design because only a design patent can remove a product design from the public domain.); *Ferrari S.P.A. v. Roberts*, 944 F.2d 1235, 1240 (6th Cir. 1991) ("Actionable harm results from *either* infringing a design patent or copying a product with secondary meaning.").

**B.    Inclusion of the Expired Design Patents and a Jury Instruction Stating An Expired Design Patent Will Extinguish Patent Rights is Not Relevant.**

As detailed above, Gibson's rights in its design patents do not affect its rights in its trademarks in any way. There is no claim in this case for patent infringement. Defendants have failed to show this Court that the expired design patents have any relevance to any claim in this suit. Defendants'

4

entire argument is based on a Supreme Court case that mentioned, in dicta, that when a utility or a design patent terminates, "anyone is free to use the invention. There can no longer be an exclusive right or privilege to use the invention." *See* Bench Brief at 1, (citing *Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111, 118, 120 (1938)). A leading trademark commentator has detailed how courts have ruled that *Kellogg* does not preclude trademark rights when a design patent expires. "Three reasons can be relied on: (1) the shredded wheat biscuit design patent was held invalid before it expired; (2) the biscuit shape was the necessary result of a patented process of manufacturing; and (3) the Supreme Court held that the biscuit shape was functional and hence not capable of design patent or trademark protection." J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 7:92 (5th ed. 2021). Regardless of the reason, the expiration of a design patent does not prevent trademark protection in the identical design. In fact, 50 years ago the CCPA examined the cases relied on by Defendants and found the distinction between utility patents and design patents harmonized the opinions. *Application of Honeywell, Inc.*, 497 F.2d 1344, 1347-48 (C.C.P.A. 1974) ("We believe the solicitor has failed to draw a crucial distinction between functional subject matter disclosed in utility patents and subject matter disclosed in design patents, which may or may not be functional, in the context of their relationship with trademarks. We believe that the decisions of this court have correctly recognized this distinction and are in harmony with the holdings of the Singer, Kellogg, and Scott Paper decisions relied upon by the solicitor."). Once the distinction between utility and design patents is acknowledged, the conflict– manufactured by Defendants– between design patents and trademark/trade dress rights is resolved.

Because design patent rights and trademark/trade dress rights in the identical design are separate and distinct, Defendants argument is incorrect. As such, inclusion of the expired design patents and a jury instruction stating an expired design patent extinguishes Gibson's rights does not make a material fact more or less probable.

     **C.**    **Any Relevance the Inclusion of the Expired Design Patents and a Jury Instruction Stating An Expired Design Patent Will Extinguish Rights is Substantially Outweighed by the Likelihood It Will Confuse the Jury.**

Federal Rule of Evidence 403 provides that even relevant evidence may be excluded if its probative value is substantially outweighed by unfair prejudice. The design patents and their expiration are irrelevant to any claim in this suit. To the extent the Court finds the design patents and their expiration probative, this is substantially outweighed by the unfair prejudice of confusing the jury as to Gibson's trademark rights.

The jury should not be tasked with understanding the interplay between patent law and trademark law. As the Defendants have pointed out, all of Gibson's design patents are expired. Further, there are no claims for patent infringement in this case. Instructing the jury on design patents or introducing the design patents will put in question Gibson's trademark/trade dress rights despite the law confirming that an expired design patent does not affect trademark/trade dress rights. This jury confusion substantially outweighs any probative value that Gibson's design patents may have.

Further, as currently written, Defendants' proposed jury instruction is an incorrect statement of law. Defendants claim "When a patent expires, anyone is free to use the invention. There can no longer be an exclusive right or privilege to use the invention." *See* Defendants' Request for Jury Instruction on Consequences of Expiration of Gibson Design Patents [Dkt. No. 697]. As detailed above, this statement is not correct when trademark/trade dress rights are included. Using Defendants' jury instruction, as currently written, would result in a successful appeal which would require this case to be tried a third time.

**III.**    **CONCLUSION.**

For the reasons stated above, Defendants' Motions should be denied in their entireties.

  Respectfully submitted this 4th day of March 2025.

                                                  /s/ *Andrea E. Bates*
                                                Andrea E. Bates

*Pro Hac Vice*
Kurt Schuettinger *Pro Hac Vice* Johnathan M. Bates
*Pro Hac Vice*
Bates & Bates, LLC
1890 Marietta Boulevard NW
Atlanta, Georgia 30318
Telephone: (404) 228-7439
Facsimile: (404) 963-6231
abates@bates-bates.com
kschuettinger@bates-bates.com
jbates@bates-bates.com

Stephen D. Howen
State Bar No. 10117800 Law Office of Steve Howen
7111 Bosque Blvd., Suite 305
Waco, TX 76710
Telephone: (254) 826-6526
Facsimile: (254) 822-4926
steve@stevehowenlegal.com

Attorneys for Plaintiff GIBSON, INC.

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF electronic filing system on March 4th, 2025.

/s/ *Andrea E. Bates*
Andrea E. Bates