IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GIBSON, INC., a Delaware corporation, | )<br>)<br>) |
| Plaintiff/Counterclaim-Defendant, | )<br>) Case No. 4:19-cv-00358-ALM<br>) |
| vs. | )<br>) |
| ARMADILLO DISTRIBUTION ENTERPRISES, INC.; CONCORDIA INVESTMENT PARTNERS, LLC, | )<br>)<br>)<br>) |
| Defendant/Counterclaim-Plaintiff | )<br>) |
| DOES 1 through 10, | )<br>) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO PRE-ADMIT PREVIOUSLY EXCLUDED "SELF-AUTHENTICATING" EXHIBITS**

Defendants' Motion to Pre-Admit Previously Excluded "Self-Authenticating" Exhibits is premised on the unsworn statement in the Motion that all "[t]hese exhibits are 'printed material purporting to be' periodicals.'" [*See* Dkt. No. 685.] Thus, Defendants argue that, because there is a date somewhere on the exhibit, "there should be no dispute that these exhibits are self-authenticated" pursuant to Fed. R. Evid. 902(6). [*See* Motion at Dkt. No. 685, 4.] The Motion does not cite any testimony that the exhibits are in fact periodicals. In fact, the word periodical does not appear once on Defendants' 270-page Exhibit List.

Fed. R. Evid. 902(6) includes as self-authenticating evidence newspapers and periodicals, which it defines as "[p]rinted material purporting to be a newspaper or periodical." The committee notes to the rule explains that "the likelihood of forgery of newspapers or periodicals is slight indeed. Hence no danger is apparent in receiving them." *See* Fed. R. Evid. 902. Note to Paragraph (6). As § 9:35 Newspapers and Periodicals, 5 Federal Evidence § 9:35 (4th ed.) explains:

> Even the smallest newspaper or periodical consists of extensive printed matter, which fact alone would discourage a would-be forger . . .. Likewise, if forgery were attempted it would likely be easily detected. Copies of the genuine article should be available for purposes of comparison, and publishers and printers are likely to be only too willing to testify, and to be in a position to testify convincingly, in cases of actual forgery.

*Id.*

Even when "there is little chance that the publication is a forgery[,] Rule 902 contains no catch-all or residual provision, such as that set forth in Fed. R. Evid. 807 for hearsay exceptions; **in order for the publication to qualify as a self-authenticating document, it must fit within the express provisions of the rule**." *Goguen ex rel. Est. of Goguen v. Textron, Inc.*, 234 F.R.D. 13, 18 (D. Mass. 2006) (emphasis added). "Thus, by failing to authenticate the document by [testimony, Defendants force] the Court to explore the outer limits of the definition of 'periodical' under Rule 902(6).'" *See Id.* at 17.

Periodicals typically comprise magazines, trade publications, and scientific and academic journals with weekly, monthly, or quarterly circulation. *See e.g., Snyder v. Whittaker Corp.,* 839 F.2d 1085, 1089 (5th Cir.1988) (magazine articles); *see also Stahl v. Novartis Pharmaceuticals Corp.,* 283 F.3d 254, 271 (5th Cir. 2002) (medical journals); *see also Oxford English Dictionary Online* (draft rev. Dec. 2005), at http://www.oed.com (defining periodical as "a magazine or journal issued at regular or stated intervals (usually weekly, monthly, or quarterly)"). Moreover, such publications typically include "news or deal [ ] with matters of current interest in any particular sphere." *Oxford English Dictionary Online,* (taken from second print ed.1989) (defining "journal"). The United States Postal Service uses a similar definition of "periodical" to determine mailing rates.[1]

---

[1] The USPS Domestic Mail Manual, incorporated by reference into 39 C.F.R. § 111.1, includes the following criteria to determine whether a publication qualifies for the discounted "Periodicals" mailing rate: For Periodicals purposes, [a] periodical publication or periodical is one published at a stated frequency with the intent to continue publication indefinitely, with these characteristics:
a. The continuity of the periodical must show from issue to issue. Continuity is shown by serialization of articles or by successive issues carrying the same style, format, theme, or subject matter.

2

Without any testimony, Defendants now seek to pre-admit hundreds of exhibits in bulk under their –take our word for it— assertion these are all self-authenticating **periodicals**. [*See* Motion at Dkt. No. 685, 1.] Defendants' only argument as to why these exhibits qualify as periodicals under Rule 902(6) is that a date appears *somewhere* on the underlying document. Defendants do not and cannot identify any other evidence that the exhibits qualify under Rule 902(6) nor can Defendants point to any testimony establishing any of these exhibits can be characterized as newspapers or periodicals. To be sure, the word "periodical" does not appear once on Defendants' 270-page Exhibit List. [*See* Exhibit "**A**" to Schuettinger Dec.] None of the exhibits Defendants seek to pre-admit without any authentication constitute magazines, trade publications, and scientific and academic journals with weekly, monthly, or quarterly circulation.

Defendants break their promise with the Court that these are all periodicals with the very first page on the very first proposed exhibit, DTX-0084. There, the Court will see screenshots from a third-party website Ibanez.com along with docket entry No. 226-19 from 2014 lawsuit involving *Gibson v John Hornby Skewes* from the Central District of California. In fact, the first four exhibits on Defendants' pre-admit list—DTX-0336-339—contain screenshots to links from the www.ibanez.com website that are no longer active. [*See* Exhibit "**B**" to Schuettinger Dec. that contains a pdf searchable form of list of exhibits Defendants now seek to preadmit.] Within the first dozen or so exhibits, Defendants are pulling documents from such websites as preservationsound.com (DTX-0346), ctfassets.net (DTX -383-384), and imgur.com (DTX-415), where there has been no testimony in the

---

b. The primary purpose of the periodical must be the transmission of information.
c. The content of the periodical may consist of original or reprinted articles on one topic or many topics, listings, photographs, illustrations, graphs, a combination of advertising and nonadvertising matter, comic strips, legal notices, editorial material, cartoons, or other subject matter.
d. The primary distribution of each issue must be made before that of each succeeding issue.
*See Goguen*, 234 F.R.D. at 18.

case regarding these websites, let alone whether they qualify as newspapers or periodicals under Fed. R. Evid. 902(6) or contain *any* markers of authenticity and reliability.

For example, DTX-415 purports to be a D'Agostino 1982 Brochure and Price List taken from the website address https://imgur.com/a/LfsKy.  Notably, brochures and price lists do not constitute periodicals, but as the Court can see from the proposed exhibit, Defendants are asking the Court to pre-admit in bulk exhibits whose contents were created or supplied by unknown witnesses from unknown websites that contain pictures taken by unknown people.



[*See* DTX-0415, 2.] There is no Federal Rule of Evidence that says whatever you find on the internet is self-authenticating.  *See Damas v. Texas Health Presbyterian Flower Mound*, No. 420CV00686ALMCAN, 2022 WL 831813, at *7 (E.D. Tex. Jan. 28, 2022), report and recommendation adopted, No. 4:20-CV-686, 2022 WL 828921 (E.D. Tex. Mar. 18, 2022), aff'd, No. 22-40205, 2023 WL 128949 (5th Cir. Jan. 9, 2023) (sustaining objection to printouts from various websites); *see also Mendoza v. Detail Solutions, LLC*, No. 3:10–CV–2436–G, 2012 WL 6115947, at *1 (N.D. Tex. Dec. 10, 2012) (rejecting unauthenticated internet printouts offered in support of summary judgment because the materials did not comply with Federal Rule of Evidence 901); *see also Fraserside IP LLC v. Netvertising, Ltd.*, 902

F.Supp.2d 1165, 1180 n.9 (N.D. Iowa 2012) ("Private web-sites, however, are not self-authenticating," and must be authenticated by producing "some statement or affidavit from someone with knowledge of the website.").

Furthermore, the lion's share of the exhibits appears to come from the private website Vintaxe and vary in form from things like copies of flyers, pricelist, dealer sheets, mailers, catalogs, and brochures.  [*See* Exhibit B.]  Again, the word "periodical" does not appear once to describe any of their exhibits.  Defendants have not made any argument regarding how these items constitute printed material purporting to be either a newspaper or periodical pursuant to Fed. R. Evid. 902(6).  *See Goguen ex rel. Est. of Goguen v. Textron, Inc.*, 234 F.R.D. 13, 17 (D. Mass. 2006) ("Rule 902 contains no catch-all or residual provision, such as that set forth in Fed. R. Evid. 807 for hearsay exceptions; in order for the publication to qualify as a self-authenticating document, it must fit within the express provisions of the rule.")

Gibson is ready to discuss these issues at the pre-trial conference, and Gibson respectfully requests this Court deny the Motion to Preadmit.

Respectfully submitted this 4th day of March 2025.

/s/ *Andrea E. Bates*
Andrea E. Bates
*Pro Hac Vice*
Kurt Schuettinger *Pro Hac Vice* Johnathan M. Bates
*Pro Hac Vice*
Bates & Bates, LLC
1890 Marietta Boulevard NW
Atlanta, Georgia 30318
Telephone: (404) 228-7439
Facsimile: (404) 963-6231
abates@bates-bates.com
kschuettinger@bates-bates.com
jbates@bates-bates.com

Stephen D. Howen
State Bar No. 10117800 Law Office of Steve Howen

7111 Bosque Blvd., Suite 305  
Waco, TX 76710  
Telephone: (254) 826-6526  
Facsimile: (254) 822-4926  
steve@stevehowenlegal.com

Attorneys for Plaintiff GIBSON, INC.

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF electronic filing system on March 4, 2025.

/s/ *Andrea E. Bates*
Andrea E. Bates