IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GIBSON, INC., a Delaware corporation, | ) |
| | ) |
| Plaintiff/Counterclaim-Defendant, | ) Case No. 4:19-cv-00358-ALM |
| | ) |
| vs. | ) |
| | ) |
| ARMADILLO DISTRIBUTION ENTERPRISES, INC.; CONCORDIA INVESTMENT PARTNERS, LLC, | ) |
| | ) |
| Defendant/Counterclaim-Plaintiff | ) |
| | ) |
| DOES 1 through 10, | ) |
| | ) |
| Defendants. | ) |

**GIBSON, INC.'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING SUSPENDED TRADEMARK TRIAL AND APPEAL BOARD MATTER**

Federal Rule of Evidence 401 defines relevant evidence as evidence having "any tendency to make a fact more or less probable than it would be without the evidence" where "the fact is of consequence in determining the action." Pursuant to Rule 402, relevant evidence is generally admissible, while irrelevant evidence is not admissible. *Harang v. Schwartz*, No. CV 13-0058, 2014 WL 12724985, at *2 (E.D. La. June 4, 2014). Even relevant evidence, however, may be excluded in certain situations. Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Harang v. Schwartz*, 2014 WL 12724985 at *2.

In the first trial, the parties did not discuss the suspended TTAB Opposition No. 91218879, concerning Gibson's application on the principal registry for the ES Trademark (Application No.

86/168,793). That Opposition is still suspended pending resolution of this lawsuit, and Gibson respectfully requests this Court exclude any evidence or discussion of that matter as it is not relevant to this dispute, and it would be prejudicial to get for the jury to hear testimony or evidence concerning the suspended opposition.

For the reasons stated above, Gibson respectfully requests this Court grant its motion.

Respectfully submitted this 4th day of March 2025.

/s/ Andrea E. Bates
Andrea E. Bates
*Pro Hac Vice*
Kurt Schuettinger *Pro Hac Vice*
Johnathan M. Bates
*Pro Hac Vice*
Bates & Bates, LLC
1890 Marietta Boulevard NW
Atlanta, Georgia 30318
Telephone: (404) 228-7439
Facsimile: (404) 963-6231
abates@bates-bates.com
kschuettinger@bates-bates.com
jbates@bates-bates.com

Stephen D. Howen
State Bar No. 10117800 Law Office of Steve Howen
7111 Bosque Blvd., Suite 305
Waco, TX 76710
Telephone: (254) 826-6526
Facsimile: (254) 822-4926
steve@stevehowenlegal.com

Attorneys for Plaintiff GIBSON, INC.

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF electronic filing system on March 4, 2025.

/s/ *Andrea E. Bates*
Andrea E. Bates

**CERTIFICATE OF CONFERENCE**

I certify that on March 4, 2025, I conferred with counsel for Defendants who indicated Defendants opposed this motion.

/s/ *Stephen Howen*
Stephen D. Howen