# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| GIBSON BRANDS, INC., | § | |
| | § | |
| *Plaintiff/Counterclaim-Defendant,* | § | |
| | § | |
| v. | § | |
| | § | |
| ARMADILLO DISTRIBUTION | § | Civil Action No. 4:19-CV-358 |
| ENTERPRISES, INC.; CONCORDIA | § | Judge Mazzant |
| INVESTMENT PARTNERS, LLC, | § | |
| | § | |
| *Defendants/Counterclaim-Plaintiffs,* | § | |
| | § | |
| DOES 1 through 10, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Motion to Confirm Gibson is Bound by the Testimony of its Corporate Representative, Jason Davidson, Because the Testimony was Within the Scope of the Topics Within Defendants' 30(b)(6) Deposition Notice (Dkt. #677). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

### BACKGROUND

Defendants filed this Motion on February 7, 2025 (Dkt. #677). Through it, they seek to bind Plaintiff's Rule 30(b)(6) designee, Jason Davidson ("Davidson"), to the testimony he gave during his deposition (*See* Dkt. #677 at p. 1). The thrust of Defendants' argument is that deposition answers by a corporate representative—here, Davidson—within the scope of deposition topics bind the corporation and prevent it from offering testimony that is inconsistent with the deposition

testimony during trial. Plaintiff filed a Response on February 21, 2025 (Dkt. #693). Defendants filed their Reply on February 25, 2025 (Dkt. #696).

## LEGAL STANDARD

Federal Rule of Civil Procedure 30(b)(6) requires that a notice or subpoena for deposition, "describe with reasonable particularity the matters for examination." FED. R. CIV. P. 30(b)(6). "In response, the organization must designate an agent or other person to testify on its behalf." *Function Media, L.L.C. v. Google, Inc.*, No. 2:07-CV-279-CE, 2010 WL 276093, at *1 (E.D. Tex. Jan. 15, 2010) (citing FED. R. CIV. P. 30(b)(6)). "The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which the designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Id.* (quoting *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006)). However, "[q]uestions and answers exceeding the scope of the 30(b)(6) notice will not bind the corporation . . . ." *Falchenberg v. N.Y. State Dep't of Educ.*, 642 F. Supp. 2d 156, 164 (S.D.N.Y. 2008); *see also Detoy v. City and Cty. of S.F.*, 196 F.R.D. 362, 367 (N.D. Cal. 2000); *King v. Pratt & Whitney, a Div. of United Techs., Corp.*, 161 F.R.D. 475, 476 (S.D. Fla. 1995), *aff'd sub nom.*, *King v. Pratt & Whitney*, 213 F.3d 646 (11th Cir. 2000).

## ANALYSIS

Defendants seek to bind Davidson to the testimony he gave during his deposition (*See* Dkt. #677 at p. 1). Defendants' argument is unpersuasive. Although the Fifth Circuit has not addressed whether testimony by a Rule 30(b)(6) witness is a judicial admission or an evidentiary admission, other circuits have spoken on the issue. Notably, these circuits have held that testimony by a Rule

30(b)(6) witness is "not 'binding' in the sense that the corporate party is forbidden to call the same or another witness to offer different testimony *at trial*." CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 2103 (3d ed.) (emphasis added); *see also R&B Appliance Parts, Inc. v. Amana Co., L.P.*, 258 F.3d 783, 786 (8th Cir. 2001) ("A [Rule 30(b)(6) witness] is free to testify differently from the way he or she testified in a deposition, albeit at the risk of having his or her credibility impeached by introduction of the deposition."); *Vehicle Mkt. Rsch., Inc. v. Mitchell Int'l, Inc.*, 839 F.3d 1251, 1261 (10th Cir. 2016) ("We agree with our sister circuits that the testimony of a Rule 30(b)(6) witness is merely an evidentiary admission, rather than a judicial admission."); *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 34–35 (2d Cir. 2015) ("Rule 30(b)(6) testimony is not 'binding' in the sense that it precludes the deponent from correcting, explaining, or supplementing its statements. Nothing in the text of the Rule or in the Advisory Committee notes indicates that the Rule is meant to bind a corporate party irrevocably to whatever its designee happens to recollect during her testimony."); *cf. AstenJohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213, 229 n.9 (3d Cir. 2009); *A.I. Credit Corp. v. Legion Ins. Co.*, 265 F.3d 630, 637 (7th Cir. 2001).

Indeed, at the summary judgment stage, some courts have struck pleadings that directly contradict, without explanation, a Rule 30(b)(6) witness's testimony, such as a subsequent affidavit. *See Hyde v. Stanley Tools*, 107 F. Supp. 2d 859, 993 (E.D. La. 2000), *aff'd*, 31 F. App'x 151 (5th Cir. 2001); *cf. United States ex rel. Fisher v. Ocwen Loan Servicing, LLC*, No. 4:12-CV-461, 2016 WL 2997120 (E.D. Tex. May 24, 2016). But that is not the case here. Here, Defendants attempt to prevent Davidson from "offer[ing] testimony during the retrial inconsistent with[]" his deposition testimony. However, if Davidson's testimony is contradictory, he runs the "risk of having his . . . credibility impeached by introduction of the deposition" during cross examination—

the appropriate juncture to raise any inconsistencies in testimony. *R&B Appliance Parts, Inc.*, 258 F.3d at 787. Accordingly, Defendants' argument falls flat.

## CONCLUSION

It is therefore **ORDERED** that Defendants Motion to Confirm Gibson is Bound by the Testimony of its Corporate Representative, Jason Davidson, Because the Testimony was Within the Scope of the Topics Within Defendants' 30(b)(6) Deposition Notice (Dkt. #677) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 5th day of March, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE