IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GIBSON, INC., a Delaware corporation, | ) | |
| | ) | |
| | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | Case No. 4:19-cv-00358-ALM |
| | ) | |
| vs. | ) | |
| | ) | |
| ARMADILLO DISTRIBUTION | ) | |
| ENTERPRISES, INC.; CONCORDIA | ) | |
| INVESTMENT PARTNERS, LLC, | ) | |
| | ) | |
| Defendant/Counterclaim-Plaintiff | ) | |
| | ) | |
| DOES 1 through 10, | ) | |
| | ) | |
| Defendants. | ) | |

## SUR-REPLY IN OPPOSITION TO DEEFENDANTS' PARTIALLY OPPOSED MOTION FOR LEAVE TO FILE DEFENDANTS' SUPPLEMENTAL EXHIBIT LIST AND DEFENDANTS' REQUEST FOR JURY INSTRUCTIONS ON CONSEQUENCES OF EXPIRATION OF GIBSON DESIGN PATENTS

Despite decades of precedent, Defendants' Reply[1] still advances the untenable argument that design patent rights and trademark rights are mutually exclusive. The law is clear, when a design patent expires, the exclusive rights granted by that patent may come to an end. Trademark protection, *however,* can extend rights to the design beyond the life of the patent and extend through the life of the trademark.

---

[1] This sur-reply addresses arguments made by Defendants in both Defendants' Partially Opposed Motion for Leave to File Defendants' Supplemental Exhibit List (Dkt. No. 684) and Defendants' Request for Jury Instruction on Consequences of Expiration of Gibson Design Patents (Dkt. No. 697). Shortly before the filing of this sur-reply, the Court entered its Order granting Defendants' Motion (Dkt. 684). *See* Dkt. No. 722. Because Defendants' Motion and Defendants' Request share the similar arguments and citations, Gibson did not extract the references to the briefing surrounding Defendants' Motion herein.

Rather than address Gibson's argument in its Opposition (Dkt. No. 706), the Reply makes the misleading blanket statement that "[t]he Fifth Circuit follows *Kellogg*, not old C.C.P.A. decisions." [Reply at 3.] All the precedent relied upon by Defendants, however, supports the notion that design patent rights and trademark/trade dress rights **are not** mutually exclusive. As detailed in the Opposition, a leading trademark commentator has detailed how courts have ruled that *Kellogg* does not preclude trademark rights when a design patent expires or is terminated. [*See* Opposition at 5 (citing J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 7:92 (5th ed. 2021)).] Notably, McCarthy found that courts reconcile *Kellogg* with the current legal landscape by finding that there were no trademark rights because the shredded wheat biscuit design patent was invalid before expiration and the biscuit shape was functional. *Id.* As such, no trademark rights would have been accrued after the design patents terminated. The result is that the current legal landscape does not preclude trademark rights once a design patent expires but treats trademark rights as separate and complimentary.

Instead of confronting this common sense approach to synthesize design patent law with trademark law, Defendants double down on their argument by claiming: "the Constitution does not distinguish utility patents from design patents and the facts in *Kellogg* are directly on point." [Reply at 1.] In other words, the Defendants are begging this Court to incorrectly state that the expiration of the design patent rights preclude Gibson from claiming trademark rights *regardless of the situation*. This stance, of course, ignores decades of Supreme Court cases noting the difference between utility and design patents and the practice of the U.S. Patent and Trademark Office issuing trademark registrations despite expired design patents. For example, the Supreme Court has noted that the functionality doctrine prevents design patents from using trademark law to extend the patent monopoly past the expiration of the patent. *See Qualitex Co. v. Jacobson Products Co., Inc.*, 514 U.S. 159, 165, 115 S.Ct. 1300, 131 L.Ed.2d 248 (1995) ("If a product's functional features could be used as

2

trademarks, however, a monopoly over such features could be obtained without regard to whether they qualify as patents and could be extended forever (because trademarks may be renewed in perpetuity).") (citing *Kellogg*, 305 U.S. 119-20). The Supreme Court has also noted that courts should be hesitant to extend trademark rights in areas traditionally viewed as copyrights or patents. *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 123 S.Ct. 2041, 156 L.Ed.2d 18 (2003) ("Thus, in construing the Lanham Act, we have been 'careful to caution against misuse or over-extension' of trademark and related protections into areas traditionally occupied by patent or copyright.") (citing *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 29, 121 S.Ct. 1255, 149 L.Ed.2d 164 (2001)). Both *Qualitex* and *Dastar* acknowledge that *Kellogg* does not automatically extinguish trademark rights in the presence of a design patent.

In addition to Defendants' incorrect interpretation of *Kellogg*, Defendants rely on *North Shore Laboratories Corp. v. Cohen*, 721 F.2d 514, 522 (5th Cir. 1983), **overruled on other grounds** by *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 174 (1995). In *North Shore*, the Fifth Circuit concluded that a consent agreement was ambiguous and rejected plaintiff's interpretation because it would have given the plaintiff a monopoly against the defendant in the production of a tire repair kit in the color brown. *Id. North Shore* stated that the *Sears-Compco* doctrine permitted the copying of an unpatented article even if the design is unfunctional. However, *North Shore* found that "[t]he record indicates…that the color of the Lucas tire repair is in fact functional or generic and not merely a matter of design." *Id.* at 523. In other words, *North Shore* found that *Kellogg*, through the *Sears-Compco* doctrine, did not apply to the facts of the case because the trademark rights were invalid. Contrary to Defendants' assertion, *North Shore* did not follow *Kellogg*. *See Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 556 n. 17 (5th Cir. 1998) ("The result of the *North Shore Laboratories* decision's alternative holding would hold true today, without its discussion of *Sears–Compco*, because the court also found that the color of the tire-patch material lacked the necessary secondary meaning and was functional.").

Another case cited by Defendants, *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141 (1989), makes it clear that design patent law does not exterminate potential trademark/trade dress rights. *Bonito* noted that "[t]he *Sears* Court made it plain that the States 'may protect businesses in the use of their trademarks, labels, or distinctive dress in the packaging of goods so as to prevent others, by imitating such markings, from misleading purchasers as to the source of the goods.'" *Id.* at 154 (quoting *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 232, 84 S.Ct. 784, 11 L.Ed.2d 661). As such, *Bonito* clarified that the *Sears* court's conclusion is "that the States may place some conditions on the use of trade dress indicates an implicit recognition that all state regulation of potentially patentable but unpatented subject matter in not *ipso facto* pre-empted by the federal patent laws." *Id.* The Supreme Court confirmed this interpretation in *Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 214, 120 S.Ct 1339, 1345, 146 L.Ed.2d 182 (2000). "That is especially so since the producer can ordinarily obtain protection for a design that *is* inherently source identifying (if any such exist), but that does not yet have a secondary meaning, by securing a design patent or a copyright for the design–as, indeed, respondent did for certain elements of the designs in this case." *Id.*

Further, the Southern District of Texas–in a case affirmed by the 5th Circuit–provided a deep dive into the *Sears-Compco* doctrine and concluded that patent law did not preclude trademark rights. *See Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526 (5th Cir. 1998). Like here, in *Pebble Beach*, the defendant contended that "it has the unfettered right to copy the Plaintiff's [trade dress] under the Intellectual Property Clause of the Constitution." *Id.* at 547. The *Pebble Beach* court declined Plaintiff's argument instead finding that (1) *Bonito Boats* found "the application of *Sears–Compco* to nonfunctional product design must take into account competing federal policies as evidenced by the Lanham Act; (2) "the federal trademark laws are 'other federal statutory protection,' and their protection of product designs and configurations does not conflict with the federal patent laws or the Intellectual Property Clause"; and (3) "in the more than thirty years since *Sears–Compco*, Congress and the courts have

4

recognized that federal unfair-competition law provides protection to product designs and configurations consistent with the patent laws."

Defendants *Kellogg* case is a nearly 90-year-old Supreme Court case that has been interpreted by both the Supreme Court and the 5th Circuit. Both the Supreme Court and the 5th Circuit have concluded that, contrary to Defendants' assertion, *Kellogg* does not stand for the proposition that patent rights prohibit any possibility of trademark rights in the expired patent. Rather, the law states that design patent rights **do not** preclude trademark rights in the identical design. Stating to the jury that once Gibson's design patents expired the designs were open to the public and therefore Gibson is precluded from asserting trademark rights is improper.

Respectfully submitted this 5th day of March 2025.

/s/ *Andrea E. Bates*
Andrea E. Bates
*Pro Hac Vice*
Kurt Schuettinger *Pro Hac Vice* Johnathan M. Bates
*Pro Hac Vice*
Bates & Bates, LLC
1890 Marietta Boulevard NW
Atlanta, Georgia 30318
Telephone: (404) 228-7439
Facsimile: (404) 963-6231
abates@bates-bates.com
kschuettinger@bates-bates.com
jbates@bates-bates.com

Stephen D. Howen
State Bar No. 10117800 Law Office of Steve Howen
7111 Bosque Blvd., Suite 305
Waco, TX 76710
Telephone: (254) 826-6526
Facsimile: (254) 822-4926
steve@stevehowenlegal.com

Attorneys for Plaintiff GIBSON, INC.

5

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all counsel

of record via the Court's CM/ECF electronic filing system on March 5, 2025.

/s/ *Andrea E. Bates*
Andrea E. Bates