# IN UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

## SHERMAN DIVISION

**DATE:** 3/06/2025

| CHIEF DISTRICT JUDGE<br>Amos L. Mazzant, III | COURT REPORTER: Chris Bickham<br>COURTROOM DEPUTY:  Keary Conrad |
|---|---|
| Gibson Brands, Inc., a Delaware corporation<br><br>v.<br><br>Armadillo Distribution Enterprises, Inc.,<br>Concordia Investment Partners, LLC<br><br>Does 1 through 10 | 4:19CV358 |

| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |
|---|---|
| Stephen Dale Howen, Andrea Bates<br>Elizabeth Jane Andujar, Kurt Schuettinger | Jerry Robin Selinger, Austin Gray, Craig Depew<br>Kyrie Cameron, Ronald Bienstock<br>Zachary Klein |
| IT: Keith Slyter | IT: Mitch Mahon |

On this day, came the parties by their attorneys and the following proceedings were held in Sherman, TX:

| TIME: | MINUTES: Final Pretrial Conference |
|---|---|
| 10:00 a.m. | Court in session.  Court notes appearances. |
| 10:03 a.m. | Court instructs parties that will get a 5 minute opening to advise the jury panel of the facts of the case.  Parties agree to 1 hour voir dire per side. |
|  | Parties have received questionnaires.  Court advises panel will be 35 - 40 on the panel.  Parties will receiving strike lists and seating charts.  Parties are advised to use numbers and not names. |
|  | Court will strike through the entire panel.  Court will increase preemptory strikes after strikes for cause. Court will seat an 8 person jury. |
|  | Court will allow each side 1 hour for opening statements. |
|  | Court conditionally admits all the exhibits at the beginning of evidence.  The exhibit has to be used with a witness and shown to the jury before it is considered actually admitted.  If an exhibit is not objected to the exhibit does not have to be offered but it does have to be used with a witness in front of the jury. |
|  | Court allows the jury to ask questions and explains the process. |

CASE NO.   4:19CV358   DATE: 3/06/2025
PAGE 2 - PROCEEDINGS CONTINUED:

| TIME: | MINUTES: Final Pretrial Conference |
|---|---|
| | Court notes that the Court has allowed 25 hours per side.  This does NOT include voir dire, but does include opening and closing, objections and bench conferences. |
| | Begin at 9:00 a.m. and end at 5:00 p.m. |
| | Exhibits that are conditionally admitted you do not have to offer the exhibit you just identify and show the exhibit.  If it is an objected to exhibit, the Parties should go through the normal procedure for admitting an exhibit. |
| | Court explains one and done witness procedure.  Fact witnesses are not held to the scope of direct.  Corporate representatives and expert witnesses can be recalled. |
| 10:10 a.m. | Court advises Parties that they will question witnesses from the podium but for opening and closing statements counsel are not required to stay at the podium but are not to venture too from the podium. |
| 10:10 a.m. | Disputes that need to be resolved during trial, the Parties should notify the Court ahead of time and the Parties should appear early to resolve any issues prior to the jury arriving,.  The Court is very aware of the jury's time and we will start and end promptly each day. |
| 10:11 a.m. | Counsel Howen inquires whether the Court would proceed with evidence on Friday if there is time after the jury is seated and opening statements are completed. |
| 10:12 a.m. | Counsel Selinger inquires regarding the Court's policy about a witness being on the stand and continuing testimony to the next day and rules regarding talking to the witness while still on the stand.  Court encourages counsel to work out an agreement regarding whether the witnesses should be allowed to talk to counsel in the midst of testimony. |
| 10:16 a.m. | Court advises Parties that the Court will be dark next Friday (3/14/25). |
| 10:18 a.m. | Court addresses Plaintiff's briefing regarding generic and that Plaintiff ignores the 5th Circuit decision in this case.   Court hears argument from Plaintiffs' counsel, Stephen Howen and the timing of when the jury decides whether it is generic or not. |
| 10:27 a.m. | Court hears response argument from Defendant's counsel, Jerry Selinger. |
| 10:30 a.m. | Court discusses McCarthy and the issue of genericness and how to instruct the jury. |
| 10:37 a.m. | Court hears from Defendant's counsel, Jerry Selinger regarding Defendant's damages expert is on a trial with Judge Gilstrap also and the Parties think that they can work out the timing of it as needed. |
| 10:37 a.m. | Court takes up the pending motion #685 - Opposed Motion for Court to Pre-Admit Previously Excluded Self-Authenticating Exhibits.  Court hears argument from Defendant's counsel, Jerry Selinger regarding self-authenticating periodicals under 902(6). |

CASE NO.   4:19CV358    DATE: 3/06/2025
PAGE 3  - PROCEEDINGS CONTINUED:

| TIME: | MINUTES: Final Pretrial Conference |
|---|---|
| 10:47 a.m. | Court hears argument from Defendant's counsel, Jerry Selinger regarding authentication and believes the Defendant needs to bring someone from the company. |
| 10:48 a.m. | Court hears response from Plaintiffs' counsel, Stephen Howen regarding objection to relevance, hearsay on top of authenticity objection. |
| 10:50 a.m. | Court hears argument from Plaintiffs' counsel, Kurt Shuettinger regarding Wajback Machine exhibits and periodical exhibits from Vintaxe in relation to the Motion in Limine (Dkt. #692). |
| 11:05 a.m. | Court hears response argument from Defendant's counsel, Jerry Selinger. |
|  | After hearing argument from counsel, the Court will not pre-admit the documents.   Court orally denied Dkt. #685. |
|  | Court orally denied Dkt. #692.  The Court finds that the expert can rely on any admissible evidence and the Court will deal with that issue further at trial if necessary.  Court will decide what the expert is allowed to do at the time of trial.  The Court is not excluding the Defendant's ability to offer true periodicals that you have hard copies of. |
| 11:15 a.m. | Court will go back and look at the order regarding previously admitted exhibits.  Court is going to go back and look at that on pre admitting everything that was admitted the first time.  The Court will enter a new order by Monday. |
| 11:19 a.m. | Court addresses dilution claim that was previously waived.  Court hears argument from Plaintiffs' counsel, Stephen Howen.  Court hears response from Defendant's counsel, Jerry Selinger. The Court will not submit that to the jury and notes that claim has been waived. |
| 11:25 a.m. | Court addresses the display of guitars. Court hears argument from counsel.  Court sees no issue with the guitars being displayed. |
|  | Court notes that the Courtroom Deputy will be keeping the time for the trial; not the Court Reporter (pg. 15 of Agreed Motion for Agenda Items) |
| 11:28 a.m. | Parties discuss jury instructions (pg. 7 of the Agreed Motion for Agenda Items).  Court hears from Defendant's counsel, Jerry Selinger. |
| 11:32 a.m. | Court hears argument from the parties regarding Dkt. #709 Motion n Limine and Objection in Part to Plaintiff's Proposed New Physical Guitars.  Plaintiffs Plaintiff Exhibit 148 is the settlement agreement that occurred in chambers.  Howen agreed to keep them out of the courtroom throughout the trial.  Court will grant the MIL in the sense that he needs to approach the bench.  The Court will address it at the time if the Plaintiff decides to use it.  Court will take under advisement the issue of the JHS lawsuit and Plaintiff Exhibits 148 and 43. |
|  | Court orally grants Dkt. #715. |
|  | Parties discuss displaying the guitars during voir dire.   Parties agree that the guitars will be displayed during opening statements and not during voir dire. |

CASE NO.   4:19CV358      DATE: 3/06/2025
PAGE 4  - PROCEEDINGS CONTINUED:

| TIME: | MINUTES: Final Pretrial Conference |
|---|---|
| 11:54 a.m. | Court adjourned. |

DAVID O'TOOLE, CLERK

BY: *Keary Conrad*
Courtroom Deputy Clerk