IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GIBSON, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00358-ALM |
| | § | |
| ARMADILLO DISTRIBUTION | § | |
| ENTERPRISES, INC. and | § | |
| CONCORDIA INVESTMENT | § | |
| PARTNERS, LLC, | § | |
| | § | |
| Defendants. | § | |

## BENCH BRIEF REGARDING NEED FOR ADDITIONAL JURY INSTRUCTION ON TRADEMARK INFRINGEMENT FOR A SHAPE PREVIOUSLY COVERED BY AN EXPIRED DESIGN PATENT

This Bench Brief explains why the Court should submit a separate and different jury instruction and verdict form question for alleged trademark infringement by a shape previously covered by an expired design patent of Gibson.[1] The instruction should ask whether Defendants labelled their accused guitars as Dean or Luna guitars.

Gibson asserts trademark infringement of seven registrations. Two are for word marks (Hummingbird and Flying V). Defendants agree the eight-digit likelihood of confusion test is appropriate for those two marks. Four of the trademarks are body shape marks where Gibson obtained, and had the benefit of exclusivity for the 14-year term of each issued design patent. Those patents are expired. DTX-5001, DTX-5002, DTX-5003, DTX-5004. One of those design patents also has the headstock design of Gibson's asserted dove wing headstock. DTX-5004, Figures 1, 2, 4.

---

[1] 35 U.S.C. § 289 incorporates the Constitutional authority to grant exclusive patent rights, but only for a limited time: "Whoever during the term of a [design] patent for a design …."

Gibson, having elected to obtain design patent protection, dedicated the patented subject matter to the public upon the expiration of each design patent. Defendants seek an instruction that others are free to copy the design, subject to an obligation to identify the product as their own. *Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111, 118, 120 (1938). This defines the scope of trademark protection reflecting the balance between the public's right to freely use the subject matter of the expired design patent, and the user's obligation when doing so. Gibson's expressly desired goal of perpetual exclusivity flies directly in the fact of Supreme Court precedent.

The Supreme Court said this more than 80 years ago, in *Kellogg Co. v. National Biscuit Co.* More recently, the Court rejected an effort that "would be akin to finding that § 43(a) [of the Lanham Act, 15 U.S.C. § 1125(a)] created **a species of perpetual patent and copyright, which Congress may not do**." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003) (citing *Eldred v. Ashcroft*, 537 U. S. 186, 208 (2003) (emphasis added)). That, however, is exactly what Gibson seeks to do here.

*Dastar* took a creative work in the public domain, made some minor changes, and sold it as its own, without attribution. For this it was accused of violating Section 43(a) of the Lanham Act by making "false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion . . . as to the origin . . . of his or her goods." *Id.* at 31. In refusing to allow creation of a species of perpetual patent or copyright, the Court announced:

> The right to copy, and to copy without attribution, once a copyright has expired, like 'the right to make [an article whose patent has expired]—including the right to make it in precisely the shape it carried when patented—passes to the public.' *Sears, Roebuck & Co.* v. *Stiffel Co.,* 376 U. S. 225, 230 (1964); see also *Kellogg Co.* v. *National Biscuit Co.,* 305 U. S. 111, 121-122 (1938). 'In general, unless an intellectual property right such as a patent or copyright protects an item, it will be subject to copying.' *TrafFix Devices, Inc.* v. *Marketing Displays, Inc.,* 532 U. S. 23, 29 (2001). The rights of a patentee or copyright holder are part

> of a 'carefully crafted bargain,' *Bonito Boats, Inc.* v. *Thunder Craft Boats, Inc.,* 489 U. S. 141, 150-151 (1989), under which, once the patent or copyright 34*34 monopoly has expired, the public may use the invention or work at will and without attribution. Thus, in construing the Lanham Act, we have been 'careful to caution against misuse or over-extension' of trademark and related protections into areas traditionally occupied by patent or copyright. *TrafFix,* 532 U. S., at 29. **'The Lanham Act,' we have said, 'does not exist to reward manufacturers for their innovation in creating a particular device; that is the purpose of the patent law and its period of exclusivity.'**

*Id.,* at 34 (brackets in original) (emphasis added).

In *Compco Corp. v. Day-Brite Lighting, Inc*., 376 U.S. 234 (1964), Day-Brite sued infringement of its design patent on a reflector and for unfair competition. Day-Brite's unfair competition was based on allegations that the public and the trade had come to associate this particular design with Day-Brite, that Compco had copied Day-Brite's distinctive design so as to confuse and deceive purchasers into thinking Compco's fixtures were actually Day-Brite's, and that by doing this Compco had unfairly competed with Day-Brite. *Id*. at 234-35. The district court held Day-Brite's design patent to be invalid, but found "the overall appearance of Compco's fixture was 'the same, to the eye of the ordinary observer, as the overall appearance' of Day-Brite's reflector, which embodied the design of the invalidated patent; that the appearance of Day-Brite's design had 'the capacity to identify [Day-Brite] in the trade and does in fact so identify [it] to the trade'; that the concurrent sale of the two products was 'likely to cause confusion in the trade;' and that '[a]ctual confusion has occurred.'" *Id*. at 235.

The Supreme Court said the district court's findings were based on the fact that selling an article which is a copy of another unpatented article is likely to (and in this case did) produce confusion as to the source of the article. The Supreme Court went on to say: "Even accepting the findings, we hold that the order for an accounting for damages and the injunction are in conflict with the federal patent laws." *Id.* at 237. And:

> Today we have held in *Sears, Roebuck & Co.* v. *Stiffel Co., supra,* that when an article is unprotected by a patent or a copyright, state law may not forbid others to copy that article. To forbid copying would interfere with the federal policy, found in Art. I, § 8, cl. 8, of the Constitution and in the implementing federal statutes, of allowing free access to copy whatever the federal patent and copyright laws leave in the public domain.
>
> …
>
> [W]hile the federal patent laws prevent a State from prohibiting the copying and selling of unpatented articles, they do not stand in the way of state law, statutory or decisional, which requires those who make and sell copies to take precautions to identify their products as their own.

*Id.* at 237-238.

Gibson is not entitled to a "likelihood of confusion" instruction for its body shape trademarks on expired design patents. At most, the jury should be asked whether Defendants labelled the accused guitars as their own.

Dated: March 14, 2025                                 Respectfully submitted,

*/s/ Jerry R. Selinger*
Jerry R. Selinger, Lead Counsel
State Bar No. 18008250
PATTERSON + SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
Tel: (214) 272-0957
Fax: (713) 623-4846
jselinger@pattersonsheridan.com

Craig V. Depew
Texas State Bar No. 05655820
PATTERSON + SHERIDAN, LLP
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
Tel: 832-968-7285
Fax: 713-623-4846
cdepew@pattersonsheridan.com

Kyrie K. Cameron
State Bar No. 24097450
PATTERSON + SHERIDAN, LLP
24 Greenway Plaza, Suite 1600

       Houston, Texas   77046
       Tel: (713) 623-4844
       Fax: 713) 623-4846
       kcameron@pattersonsheridan.com

       Austin Hale Gray
       State Bar No. 24136870
       PATTERSON + SHERIDAN, LLP
       24 Greenway Plaza, Suite 1600
       Houston, Texas   77046
       Tel: (713) 576-5011
       Fax: (713) 623-4846
       agray@pattersonsheridan.com

       ATTORNEYS FOR DEFENDANTS
       ARMADILLO DISTRIBUTION ENTERPRISES,
       INC. AND CONCORDIA INVESTMENT
       PARTNERS, LLC

## CERTIFICATE OF CONFERENCE

The parties have conferred by telephone pursuant to Local Rule CV-7(h), and plaintiff disagrees with the foregoing bench brief.

       */s/ Jerry R. Selinger*
       Jerry Selinger

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF electronic filing system on March 14, 2025.

       */s/ Jerry R. Selinger*
       Jerry Selinger