IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GIBSON, INC., § | | |
| § | | |
| *Plaintiff,* § | | Civil Action No. 4:19-CV-358 |
| § | | Judge Mazzant |
| v. § | | |
| § | | |
| ARMADILLO DISTRIBUTION § | | |
| ENTERPRISES, INC., and CONCORDIA § | | |
| INVESTMENT PARTNERS, LLC, § | | |
| § | | |
| *Defendants.* § | | |
| § | | |
| § | | |

**NOTICE OF PLAINTIFF'S AMENDED PROPOSED
INSTRUCTIONS TO THE JURY AND VERDICT FORM**

Plaintiff Gibson, Inc. files its Notice of Plaintiff's Amended Proposed Instructions to the Jury and Verdict Form and would show the Court as follows.

1. <u>Overall Statement</u>. Gibson provides its amended proposed instructions as Attachment A.[1] The proposed instructions and verdict form amend Docket Number 720 in several material respects. Gibson deleted the questions and instructions related to its trademark dilution claim based on the Court's pre-trial ruling. That deletion is without prejudice to Gibson's position that it did not waive dilution by not pursuing that theory at the previous trial.

The other material changes are small in verbiage but could be large in impact. Gibson inserted into the explanation of burdens of proof for the body shape trademarks the following sentence: "By itself, the expiration of Gibson's design patents for its trademark shapes neither supports nor detracts from the validity of Gibson's trademark registrations." *See* Instruction Number 19(B), Attachment A under the

---

[1] Gibson has also submitted to opposing counsel and the Court a Microsoft Word version of the proposed instructions in both annotated and unannotated form.

Flying V, Explorer, and SG Body Shapes sub-heading and repeated in the ES Body Shape subheading. Gibson's explanation and authority for this instruction are in Attachment B.

Gibson inserted an instruction detailing the purpose and procedure of depositions conducted pursuant to Fed. R. Civ. P. 30(B)(6). *See* Attachment A, Instruction Number 9. Gibson also inserts an instruction on common law rights related to unregistered trademarks, which has been a persistent theme in the juror's questions to the witnesses. *See* Attachment A, Instruction Number 18(D). Gibson's authority for these instructions is contained in the footnotes of the proposed instruction.

One hotly disputed issue is to what extent Armadillo can claim as its own the use of the Flying V and Explorer Body shape marks by the Dean Zelinsky entities and (allegedly) by Tropical Music. Gibson continues its opposition to any suggestion that Armadillo is a "successor in interest" to Dean Guitars/Tropical Music for the purposes of any prior use argument or for tacking the laches time period. As to "first use," Gibson inserted the following additional instructions:

> As mentioned, one gains a trademark by using the trademark rather than by registering the trademark. In other words, a federal trademark registration means that the USPTO has formally recognized that a trademark developed by a person or entity is valid and owned by the trademark holder. As described more fully below in Instruction No. 18(E)-(H), federal registration conveys several important benefits, including the fact that the trademark becomes part of a national database of trademarks.
>
> ∗∗∗
>
> To the extent that the date of first use of any of the trademarks by Armadillo is an issue, you are instructed that Armadillo's use of the trademarks began, at the earliest, in 1996. In other words, you should not attribute to Armadillo the use of the trademarks, if any, by the Dean Zelinsky companies or by Tropical Music.

*See* Attachment A, Instruction Number 18(D), for the first quote and Attachment A, Instruction Number 19(B), for the second quote. Gibson's authority for these instructions is explained in Attachment C.

Finally, Gibson continues to believe that present tense is the proper phrasing for the genericness questions and instructions. While the language in this proposal did not change from

2

Docket Number 727, Gibson includes its legal authority for "present genericness" in Attachment D. Gibson's authority comes from that filing but is reproduced here for convenience.

Respectfully submitted this 16th day of March 2025.

/s/ *Andrea E. Bates*
Andrea E. Bates
*Pro Hac Vice*
Kurt Schuettinger
*Pro Hac Vice*
Johnathan M. Bates
*Pro Hac Vice*
Bates & Bates, LLC
1890 Marietta Boulevard NW
Atlanta, Georgia 30318
Telephone: (404) 228-7439
Facsimile: (404) 963-6231
abates@bates-bates.com
kschuettinger@bates-bates.com
jbates@bates-bates.com

Stephen D. Howen
State Bar No. 10117800
Law Office of Steve Howen
7111 Bosque Blvd., Suite 305
Waco, TX 76710
Telephone: (254) 826-6526
Facsimile: (254) 822-4926
steve@stevehowenlegal.com

Attorneys for Plaintiff
GIBSON, INC.

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF electronic filing system on March 16, 2025.

/s/ *Andrea E. Bates*
Andrea E. Bates
