PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| GIBSON, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00358-ALM |
| | § | |
| ARMADILLO DISTRIBUTION | § | |
| ENTERPRISES, INC. and | § | |
| CONCORDIA INVESTMENT | § | |
| PARTNERS, LLC, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' AMENDED MOTION TO STRIKE EXHIBITS B AND C TO GIBSON'S MOTION FOR JUDGMENT AND PORTIONS OF GIBSON'S BRIEF RELYING ON EVIDENCE NOT PART OF THE TRIAL RECORD

Defendants Armadillo Distribution Enterprises, LLC and Concordia Investment Partners, LLC move to strike Exhibits B and C to Gibson's Motion for Judgment ("Gibson's Motion"), its reference to a June 29, 2024 YOUTUBE video, its reference to a March 24, 2025 third-party article, and the portions of Gibson's Motion identified below, because those portions refer or relate to Exhibits B or C, and/or rely on materials not in evidence.

Exhibit B is excerpts from the deposition transcript of Patrick Schuleit. Gibson elected not to introduce any portion of Mr. Schuleit's deposition under Rule 32(a)(3) at trial. Further, Gibson cross-examined Mr. Schuleit extensively during trial, but did not ask about any of the content of Exhibit B. Thus, Mr. Schuleit's deposition excerpts are not part of the trial record. Exhibit C purports to be is a summary reflecting U.S. sales of accused DEAN and LUNA guitars for 2014-2021. It is not part of the trial record. Gibson examined Mr. Schuleit about the 2024 YOUTUBE video during his deposition, but at trial failed to offer the video into evidence or question Mr. Schuleit about it. Furthermore, the third-party article is not part of the trial record

and is hearsay. For those reasons, the Court should strike Exhibits B and C to Gibson's Motion, and footnotes 4, 5, 8 (after the first sentence), 12, 13, 14, 15, 16, 17, 41, 42, and 57 and the sentence of Gibson's brief linked to each footnote in Gibson's Motion. Dkt. No. 794. In addition, the Court should strike the section of Gibson's brief in the heading "Armadillo disclaimed …" because it is inextricably linked to deposition testimony and the video, which Gibson chose not to introduce at trial. Dkt. No. 794 at 9-10.

The Court also should order Gibson to file a redacted Motion replacing Doc. No. 794, for clarity and correctness of the record.

### A. The Injunction Decision Must be Based on the Trial Record

The parties agreed that "CONTESTED ISSUES OF FACT AND LAW" included whether Gibson was entitled to injunctive relief against Armadillo or Concordia, *see* Doc. No. 472, at 16, "s", and whether Armadillo is entitled to injunctive relief against Gibson, *id*., at 18, "r." The Court signed the Joint Amended Final Pre-Trial Order on May 12, 2022. *Id*., at 21. Gibson and Armadillo needed to include in the trial record, all evidence on which each litigant might rely for injunctive relief.

Fifth Circuit case law also limits the permanent injunction inquiry to the record developed at trial. *See, e.g.*, *Conan Properties, Inc. v. Conan Pizza, Inc.*, 752 F.2d 145, 155 (5th Cir. 1985) ("**At trial CPI failed to introduce** any evidence … demonstrating that its use of merely the name Conan established the requisite distinctiveness in the minds of ordinary consumers. CPI's failure to introduce any evidence … mandates denying the extraordinarily broad injunction it seeks.") (emphasis added); *Seven-Up Co. v. Coca-Cola Co*., 86 F.3d 1379, 1389-90 (5th Cir. 1996) ("In order to obtain permanent injunctive relief under a claim pursuant to § 43(a), a plaintiff must demonstrate that a commercial advertisement or promotion is either

literally false or that the advertisement is likely to mislead and confuse consumers. … In addition, however, a plaintiff must also show that it will suffer irreparable harm if the injunction is not granted. Having reviewed the record, we find no evidence ….") (citations omitted).

### B. Defendants Will be Prejudiced if Gibson is Allowed to Supplement the Record

Beginning with Exhibit B, Gibson relies on the excerpts from Mr. Schuleit's deposition to argue that Armadillo will continue to sell DEAN Z and DEAN V guitars, and might resume selling the DEAN Gran Sport guitars "depending on the outcome of the case." Gibson Motion at 3. From this, Gibson asserts a permanent injunction is necessary.

However, had Gibson played these excerpts under Rule 32(a)(3) at trial, or asked Mr. Schuleit at trial about Armadillo's plans "depending on the outcome of the case," Mr. Schuleit could have explained what he meant either on cross or redirect. Gibson was well aware of these issues, but chose to ignore this ambiguous testimony at trial. Gibson has no right to now speculate what Mr. Schuleit meant.

Similarly, Gibson examined Mr. Schuleit about the 2024 YOUTUBE video during his deposition, but at trial failed to offer the video into evidence or question Mr. Schuleit about it. Had the Court admitted this video at trial or asked Mr. Schuleit about it, Mr. Schuleit could have explained the video on cross or redirect.

Turning to Exhibit C, Gibson argues Armadillo will not be prejudiced by an injunction because the DEAN Gran Sport, V and Z models account for only ▮▮▮▮▮▮▮ of Armadillo's sales for 2014-2021. Gibson Motion at 9. Gibson's document, read in proper context, would have told a very different story had Gibson opened this door at trial.

Gibson's new evidence, which Gibson did not introduce at trial, attempts to show that for 2014-2021, the DEAN V and DEAN Z guitars alone accounted for about ▮▮ of Armadillo's

sales. Had Gibson introduced this evidence, Defendants could have shown the jury that a ▆▆▆▆▆▆▆▆▆▆ does not make the sales insignificant, based on Gibson's own evidence. Armadillo, however, did not have a chance to do so. Because, while Gibson claims the Flying V and Explorer body shapes are critical to its identity, from 2015 to 2022, Gibson's own records from the 2022 trial show its Flying V and Explorer sales made up only ▆ and ▆, respectively, of Gibson sales. PTX-294A, PTX-295A. Stated differently, Defendants could have used those 2022 exhibits to show Gibson's Flying V and Explorer sales are ▆▆▆▆▆▆▆▆▆ of Gibson's sales, but Gibson claims they are of critical importance, while simultaneously claiming Armadillo's ▆▆▆▆▆▆▆▆ of sales are insignificant to Armadillo. Had Gibson introduced the 2024 video or questioned Mr. Schuleit about it at trial, Armadillo would have been able to explain damage control to the jury.

Finally, the post-trial article cited by Gibson obviously is not a part of the trial record. It's author is a third party and it includes unattributed hearsay.

Consequently, Armadillo would be unduly prejudiced if the Court allows Gibson to rely on the two non-trial exhibits to its motion, the video, or the third-party article, none of which is part of the trial record. Armadillo also would be prejudiced if Gibson is allowed to rely on a section with arguments based on materials outside of the trial record.

C. Conclusion

In view of the foregoing, the Court should strike Exhibits B and C to Gibson's Motion, strike footnotes 4, 5, 8 (after the first sentence), 12, 13, 14, 15, 1617, 41, 42, and 57 and the sentence(s) of Gibson's brief linked to each footnote, and the section labelled "Armadillo disclaimed …" and bridging pages 9-10. Dkt. No. 794. The Court also should Order Gibson to file a redacted Motion replacing Doc. No. 794.

DATED: April 17, 2025　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Jerry R. Selinger*
　　　　　　　　　　　　　　　　　　　　　　　Jerry R. Selinger, Lead Counsel
　　　　　　　　　　　　　　　　　　　　　　　State Bar No. 18008250
　　　　　　　　　　　　　　　　　　　　　　　PATTERSON + SHERIDAN, LLP
　　　　　　　　　　　　　　　　　　　　　　　1700 Pacific Ave., Suite 2650
　　　　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75201
　　　　　　　　　　　　　　　　　　　　　　　Tel: (214) 272-0957
　　　　　　　　　　　　　　　　　　　　　　　Fax: (713) 623-4846
　　　　　　　　　　　　　　　　　　　　　　　jselinger@pattersonsheridan.com
　　　　　　　　　　　　　　　　　　　　　　　Craig V. Depew
　　　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 05655820
　　　　　　　　　　　　　　　　　　　　　　　PATTERSON + SHERIDAN, LLP
　　　　　　　　　　　　　　　　　　　　　　　24 Greenway Plaza, Suite 1600
　　　　　　　　　　　　　　　　　　　　　　　Houston, Texas 77046
　　　　　　　　　　　　　　　　　　　　　　　Tel: 832-968-7285
　　　　　　　　　　　　　　　　　　　　　　　Fax: 713-623-4846
　　　　　　　　　　　　　　　　　　　　　　　cdepew@pattersonsheridan.com
　　　　　　　　　　　　　　　　　　　　　　　Kyrie K. Cameron
　　　　　　　　　　　　　　　　　　　　　　　State Bar No. 24097450
　　　　　　　　　　　　　　　　　　　　　　　PATTERSON + SHERIDAN, LLP
　　　　　　　　　　　　　　　　　　　　　　　24 Greenway Plaza, Suite 1600
　　　　　　　　　　　　　　　　　　　　　　　Houston, Texas  77046
　　　　　　　　　　　　　　　　　　　　　　　Tel: (713) 623-4844
　　　　　　　　　　　　　　　　　　　　　　　Fax: (713) 623-4846
　　　　　　　　　　　　　　　　　　　　　　　kcameron@pattersonsheridan.com

　　　　　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR DEFENDANTS
　　　　　　　　　　　　　　　　　　　　　　　ARMADILLO DISTRIBUTION
　　　　　　　　　　　　　　　　　　　　　　　ENTERPRISES, INC. AND CONCORDIA
　　　　　　　　　　　　　　　　　　　　　　　INVESTMENT PARTNERS, LLC


**CERTIFICATE OF CONFERENCE**

　　　The parties conferred via email on April 14, 2025 and by telephone on April 17, 2025 and plaintiff opposes the foregoing motion.

　　　　　　　　　　　　　　　　　　　　*/s/ Jerry R. Selinger*
　　　　　　　　　　　　　　　　　　　　Jerry Selinger

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF electronic filing system on April 17, 2025.

*/s/ Jerry R. Selinger*
Jerry Selinger
