IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GIBSON, INC., a Delaware corporation, | ) |
| | ) |
| Plaintiff/Counterclaim-Defendant, | ) Case No. 4:19-cv-00358-ALM |
| vs. | ) |
| ARMADILLO DISTRIBUTION ENTERPRISES, INC.; CONCORDIA INVESTMENT PARTNERS, LLC, | ) |
| Defendant/Counterclaim-Plaintiff | ) |
| DOES 1 through 10, | ) |
| Defendants. | ) |

**PLAINTIFF GIBSON, INC.'S OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE (DKT. NO. 802)**

Defendants' Motion to Strike (dkt. no. 802) is based on the premise that in fashioning post-trial equitable relief, this Court cannot consider evidence the jury did not hear. Gibson demonstrates in its Opposition Brief that this premise is incorrect, respectfully showing the Court as follows:

**I.  RELEVANT FACTS.**

In support of Gibson's request for permanent injunction, it offers three pieces of evidence to show Defendants' will not suffer harm from the injunction: The first piece is Exhibit "**C**" to the Motion for Judgment that contains an excel of Defendants' sales from 2014-2021 that shows the infringing products makeup a small percentage of Defendants' sales. [*See* Gibson's Motion for Judgment at Dkt. No. 794 at Exhibit "C."] The second is Exhibit "**D**" to the Motion for Judgment that contains deposition testimony of Armadillo's new CEO, Mr. Schuelit, taken before trial that states Defendants decided to relaunch the V and Z after the Fifth Circuit reversed the first trial and that Defendants were waiting on whether to decide to relaunch the Gran Sport depending on the outcome

of the second trial. [*See Id.* at Exhibit "D."]. The third piece is a YouTube video entitled, "Dean Guitars—The Untold Stories." [*See e.g.* Gibson's Motion for Judgment at 9-10.]. Armadillo's CEO, President, and Brand Manager all appear in the video and discuss how the first injunction did not hurt their business. *See* https://www.youtube.com/watch?v=Kb3B-ckn1Rs (Armadillo's CEO stating that "We've redesigned our line and it's flourishing.")

In support of its request for disgorgement of profits and increased damages, Gibson offers two pieces of evidence. The first is the "Dean Guitars—The Untold Stories" YouTube video that Defendants already objected to. The second is Defendants' voluntary statements in the press after the second trial: "With the award of just one dollar in damages it is clear that lawsuits like this in the guitar industry are just not worth the time and expense[.]". https://guitar.com/news/industry-news/gibson-dean-armadillo-retrial-jury-verdict/

As this evidence comes from Defendants and is relevant to this Court fashioning equitable relief, this Court should deny the Motion to Strike.

## II.  ARGUMENT AND CITATION TO AUTHORITY.

Defendants move to strike the above evidence and all arguments in Gibson's Motion for Final Judgment that cites to the evidence, including footnotes 4, 5, 8 (after the first sentence), 12-17, 41, 42, and 57. [*See* Motion to Strike at Dkt. No. 802, 2.] Defendants' motion does not cite a rule that they are moving to strike under. For example, Fed. R. Civ. P. 12(f) allows a party to move to strike from "a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," but this rule is not applicable here. Furthermore, Defendants cite no case law that discusses the standard that the Court and Gibson should analyze their motion under. Rather, Defendants appear to operate under the assumption that this Court cannot review *any* evidence that was not admitted at trial *or* subjected to cross. [*See* Motion to Strike at Dkt. No. 802, 1 ("Gibson examined Mr. Schuleit

about the 2024 YOUTUBE video during his deposition, but at trial failed to offer the video into evidence or question Mr. Schuleit about it."). In this regarding, Defendants argue:

> Fifth Circuit case law also limits the permanent injunction inquiry to the record developed. See, e.g., *Conan Props., Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 155 (5th Cir. 1985) ("**At trial CPI failed to introduce** any evidence . . . demonstrating that its use of merely the name Conan established the requisite distinctiveness in the minds of ordinary consumers. CPI's failure to introduce any evidence . . . mandates denying the extraordinarily broad injunction it seeks.) (emphasis added); *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1390 (5th Cir. 1996) ("In order to obtain permanent injunctive relief under a claim pursuant to § 43(a), a plaintiff must demonstrate that a commercial advertisement or promotion is either literally false or that the advertisement is likely to mislead and confuse consumers. In addition, however, a plaintiff must also show that it will suffer irreparable harm if the injunction is not granted. *Id.* at 1549. Having reviewed the record, we find no evidence[.]")

The Fifth Circuit did not discuss at all in *Conan Props., Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 155 (5th Cir. 1985), whether in fashioning equitable relief as well as deciding whether to disgorge profits/increase a damage award the Court can consider evidence the jury didn't. The central holding in *Conan Props., Inc. v. Conans Pizza, Inc.*, is that a finding of acquiescence and laches does not bar injunctive relief. *Id.* Importantly, the Fifth Circuit's opinion does not discuss at all motions to strike. *Id.*

Likewise, the Fifth Circuit in *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1389–90 (5th Cir. 1996), does not discuss whether a court can consider evidence the jury did not consider in fashioning post-trial equitable relief in the form of injunctive relief and disgorgement of profits/adjustment to damage awards. Here again, the Fifth Circuit's opinion does not even mention the words "motion to strike." *Id.* In short, it appears that Defendants are under the belief that this Court can never consider evidence in fashioning post-trial relief that the jury did not consider, but this is wrong.

In considering whether to adjust the award of damages, courts routinely consider evidence not before the Jury. For example, in patent infringement cases, the Federal Circuit endorses the practice of the considering evidence not available to the jury. *See Advanced Cardiovascular Sys., Inc. v. Medtronic,*

3

*Inc.*, 265 F.3d 1294, 1311 (Fed. Cir. 2001); *see also Amsted Indus. Inc. v. Buckeye Steel Castings Co.,* 24 F.3d 178, 184, 30 USPQ2d 1462, 1466 (Fed.Cir.1994) (noting that the "trial judge is in the best position to weigh considerations such as the closeness of the case, the tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser"). In *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1311 (Fed. Cir. 2001), the district court enhanced damages by thirty percent after a jury trial.  //In this regard, the district court noted that its analysis was based on all relevant circumstances known to the court, and that it was not limited to the circumstances known to the jury. *Id.*

Similarly, court can consider evidence the jury did not hear in trademark cases in considering whether to award profits. Under the Lanham Act, Section 1117(a) remedies are awarded "subject to the principles of equity."[1] *See Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 349 (5th Cir. 2002). Likewise, the "decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion." *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006).

Here, all the evidence Defendants complain about comes from them. It is their sales figures, their deposition testimony that they might resume making the Gran Sport, their YouTube video where they flick the camera off and say they are thriving with their redesigns, and their statement to the press that: "With the award of just one dollar in damages it is clear that lawsuits like this in the guitar industry are just not worth the time and expense[.]". https://guitar.com/news/industry-news/gibson-dean-

---

[1] "To determine whether an accounting is appropriate, the court, or the jury in this case, considers the factors outlined in *Pebble Beach Co.*" *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 349 (5th Cir. 2002). The factors to be considered include, but are not limited to "(1) whether the defendant had the intent to confuse or deceive, (2) whether sales have been diverted, (3) the adequacy of other remedies, (4) any unreasonable delay by the plaintiff in asserting his rights, (5) the public interest in making the misconduct unprofitable, and (6) whether it is a case of palming off. *Id.*

armadillo-retrial-jury-verdict/ Furthermore, Gibson could not have shown the jury the YouTube video where Defendants said their business was doing just fine after the first trial because then the jury would have known there was a first trial. Likewise, Gibson could not have shown the jury Defendants statement to the press that lawsuits like this in the guitar industry are just not worth the time and expense with $1 damage awards because that statement was made after the jury reached its verdict.

This Court can and should consider the evidence in fashioning equitable relief, particularly given how Defendants have already explained their position on the evidence in their Motion to Strike. *See Clear With Computers, LLC v. Hyundai Motor Am., Inc.*, No. 6:09-CV-479, 2012 WL 8144915, at *12 (E.D. Tex. Jan. 9, 2012), aff'd, 496 F. App'x 88 (Fed. Cir. 2013) (denying motion to strike new evidence submitted after trial because "neither party is prejudiced by the admission of this evidence as it pertains to the issue of collateral estoppel, which is solely determined by the bench.")

Accordingly, this Court should deny the Motion to Strike. *See nCUBE Corp. v. SeaChange Int'l, Inc.*, 313 F. Supp. 2d 361, 388–89 (D. Del. 2004), aff'd, 436 F.3d 1317 (Fed. Cir. 2006) (Considering in the context of its enhancement analysis a supplemental declaration not admitted at trial because the "Federal Circuit has stated that *Read* implicitly endorses the practice of using evidence not before the jury in certain circumstance.")

### III. CONCLUSION.

Defendants do not cite a rule of law or any caselaw that discusses the standard that Gibson and this Court should evaluate their Motion to Strike under. Conversely, Gibson has provided this Court with caselaw that demonstrates it can consider additional evidence post-trial in fashioning equitable relief in the form of an injunction and disgorgement/damage enhancements. Perhaps more importantly, all the evidence that Defendants complain about as new comes from them: It is their sales figures, and their statements in a deposition, on a YouTube video, and to the press that Gibson

respectfully asks this Court to consider before entering an equitable judgment in this matter. Defendants have already explained in their Motion to Strike why this evidence does not matter, so they cannot show prejudice from the Court considering it. [*See* Motion to Strike Dkt. No 802, throughout.]

Accordingly, Gibson respectfully requests this Court deny the Motion.

Respectfully submitted this 2nd day of May 2025.

> /s/ *Andrea E. Bates*
> Andrea E. Bates
> *Pro Hac Vice*
> Kurt Schuettinger *Pro Hac Vice* Johnathan M. Bates
> *Pro Hac Vice*
> Bates & Bates, LLC
> 1890 Marietta Boulevard NW
> Atlanta, Georgia 30318
> Telephone: (404) 228-7439
> Facsimile: (404) 963-6231
> abates@bates-bates.com
> kschuettinger@bates-bates.com
> jbates@bates-bates.com
>
> Stephen D. Howen
> State Bar No. 10117800 Law Office of Steve Howen
> 7111 Bosque Blvd., Suite 305
> Waco, TX 76710
> Telephone: (254) 826-6526
> Facsimile: (254) 822-4926
> steve@stevehowenlegal.com
>
> Attorneys for Plaintiff GIBSON, INC.

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF electronic filing system on May 2nd, 2025.

/s/ *Andrea E. Bates*
Andrea E. Bates