IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GIBSON, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00358-ALM |
| | § | |
| ARMADILLO DISTRIBUTION | § | |
| ENTERPRISES, INC. and | § | |
| CONCORDIA INVESTMENT | § | |
| PARTNERS, LLC, | § | |
| | § | |
| Defendants. | § | |

**<u>DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' OPPOSED AMENDED MOTION TO STRIKE EXHIBITS B AND C TO GIBSON'S MOTION FOR JUDGMENT AND PORTIONS OF GIBSON'S BRIEF RELYING ON EVIDENCE NOT PART OF THE TRIAL RECORD</u>**

Defendants' Amended Motion explained why the Final Judgment must be based on the evidence adduced during trial. First, the controlling Joint Amended Final Pre-Trial Order made clear that all issues were being tried to the jury. Dkt. #801 at 2, *citing* Dkt. #472 at 16; *see also* Dkt. #74 at 41 (Gibson demanding "a jury trial on all issues"); Fed. R. Civ. P. 39(c)(2). That controlling Pre-Trial Order, moreover, required all trial exhibits be listed, and motions for leave to supplement exhibits. Dkt. #472 at 20. Second, Fifth Circuit cases considering remedies reflected in a final judgment after a jury verdict look only at the trial record. *See* Dkt. #801 at 2 (quoting *Conan*, 752 F.2d at 155 ("[a]t trial CPI failed to introduce"); *Seven-Up*, 86 F.3d at 1389-90) ("Having reviewed the record, we find no evidence…."). Defendants' two Fifth Circuit cases limited review of injunction rulings in a Final Judgment to the evidence of record. None of Gibson's cases involved new evidence for an injunction, let alone when a pretrial order defined the universe of potential relevant evidence. The Amended Motion also explained why

Defendants would be unduly prejudiced if Gibson was allowed to rely on evidence not in the trial record. Dkt. #801 at 3-4.

      A.     <u>The Pretrial Order and Case Law Warrant Striking Gibson's Materials</u>

Gibson's Opposition first questions whether the Court has discretion to strike untimely evidence. Dkt. #804 at 2-3. To be clear, Fed. R. Civ. P. 16 gives the Court "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d. 787, 790 (5th Cir. 1990). And the Court's decision is reviewed for abuse of discretion. *Id*.

Gibson's Opposition says nothing about the binding constraints it agreed to in the Joint Amended Final Pre-Trial Order. Instead, Gibson argues that while *Conan* and *Seven-Up* limited their reviews of injunctive relief to evidence in the trial record, neither case considered whether there could have been evidence outside of the trial record or involved a motion to strike unilaterally added materials. Dkt. #804 at 2-3. This Gibson argument misses the point.

The Joint Amended Final Pre-Trial Order required the parties to adduce whatever evidence they had during trial, and limits the decision on a Final Judgment to the record adduced during trial. Dkt. #472 at 16, 20. Not only does Defendants' Motion to strike "preserve the integrity and purpose of the pretrial order," *Geiserman*, 893 F.2d at 790, it seeks to prevent actions contrary to controlling law.

In particular, Gibson intends to use two of its extraneous items "for disgorgement of profits and increased damages." Dkt. #804 at 2. In effect, Gibson wants the Court to reject the jury answers. But the jury's findings are binding on the Court. *See, e.g.*, *Gaia Techs., Inc. v. Recycled Prods. Corp.*, 175 F.3d 365, 370-71 and n.6 (5th Cir. 1999) (district court erred in entering judgment based on factual finding contrary to jury verdict); *Garza v. Starr Cnty., Tex.*, 628 F. App'x 887, 890 (5th Cir. 2015); *ResMan, LLC v. Karya Prop. Mgmt. LLC*, No. 19-cv-

00402, 2021 WL 3423345, at *5-6 (E.D. Tex. August 5, 2021) (Mazzant, J.) (When ResMan demanded a jury trial on all issues, defendants did not move to strike the jury demand or object to the unjust enrichment jury instructions, and the Court did not indicate prior to trial that unjust enrichment damages would be advisory, the jury's findings of unjust enrichment damages and the amount were "binding upon the Court.").

The issue of disgorgement of profits was submitted to the jury. The jury determined that one dollar ($1.00) would fairly and reasonably compensate Gibson. Dkt. #754 (Question 15). In like fashion, the issue of statutory damages was submitted to the jury, which followed agreed-upon instructions in the verdict form and, based on its prior answers, did not award Gibson any counterfeiting statutory damages. Dkt. #754 at 10 ("Section 6"). Moreover, the Court granted JMOL in Defendants' favor that Gibson suffered no actual damages. Tr. 1646:17-1647:2. Those results bind Gibson. *See also* Dkt. #546 at 21 n.6. Thus, even if the record did not prohibit supplemental evidence after a jury trial on all issues, Gibson's extraneous items should be stricken because they are futile efforts to circumvent controlling jury answers. *ResMan*, *supra*.

None of Gibson's cases are on point. *See* Dkt. #804 at p. 3-4. Three of them are patent cases where, after the jury verdict, the district court considered the issue of enhancement of damages under 35 U.S.C. § 284. Enhancement of damages is an issue expressly reserved by statute to the trial court after the jury trial is over. *Id*. Moreover, under Section 284 the district court considers factors involving evidence that would not be relevant or appropriate for a jury to hear, *e.g.*, an infringer's behavior as a party to the litigation, the closeness of the willfulness issue, and the defendant's size and financial condition. *See Advanced Cardiovascular Sys. v. Medtronic*, 265 F.3d 1294, 1311 (Fed. Cir. 2001); *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 184 (Fed. Cir. 1994) (*citing Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir.

3

1992). *See also nCUBE Corp. v. SeaChange Int'l, Inc.*, 313 F. Supp. 2d 361, 388-89 (D. Del. 2004) (considering supplemental evidence under *Read* when evaluating the issue of enhanced damages under Section 284).

Gibson also relies on another patent case, *Clear with Computs., LLC v. Hyundai Motor Am., Inc.*, No. 6:09-CV-479, 2012 WL 8144915, at *12 (E.D. Tex. Jan. 9, 2012). Dkt. #804 at 5. Yet, as Gibson concedes, the district court there denied Hyundai's motion to strike because the additional evidence "pertains to the issue of collateral estoppel, which is solely determined by the bench." *Id*. Gibson also incorrectly argues courts can consider evidence a jury did not hear in trademark cases in considering whether to award profits. Dkt. #804 at 4 (citing *Quick Techs. Inc. v. Sage Grp. PLC*, 313 F.3d 338, 349 (5th Cir. 2002)). That was not an issue in *Quick Techs.*, where, based on a jury instruction not to award profits unless infringement was willful, the jury did not award profits. *Id*. at 343. The jury was not allowed to apply evidence of record relating to other *Pebble Beach* factors.[1] Nevertheless, the appellate court affirmed because the error was harmless after considering "the record as a whole." *Id*. at 350. The case law does not allow a litigant to submit additional evidence in a trademark case when the parties tried all issues to the jury. *Gaia*, 175 F.3d at 370-71 and n.6; *Garza*, 628 F. App'x at 890; *ResMan*, 2021 WL 3423345, at *5-6; *Conan*, 752 F.2d at 155; *Seven-Up*, 86 F.3d at 1389-90.

B. <u>Defendants will be Prejudiced if Gibson is Allowed to Supplement the Record</u>

Gibson incorrectly asserts that Defendants will not be prejudiced by the newly added evidence because Defendants "have been able to explain their position" in the Motion to Strike. *See* Dkt. #804 at 5. Defendants would be prejudiced because they could have offered rebuttal

---

[1] The agreed charge on Armadillo's profits did not include *Pebble Beach* factors. Dkt. #746 at 32.

4

evidence had Gibson raised these issues, or used the materials, during trial. Dkt. #801 at 3-4. Stated differently, the Motion showed that Defendants could have rebutted with substantive responses, but the Motion could not detail substantive responses without retrying the case. Defendants' precise language from the Motion is bolded below to highlight the difference.

Had Gibson introduced the excerpts of Mr. Schuleit's deposition (newly introduced Exhibit B) at trial, Mr. Schuleit **could have explained what he meant** either on cross or redirect. **Gibson has no right to now speculate** what Mr. Schuleit meant, nor is it appropriate for Defendants to do so post-trial. Had Gibson examined Mr. Schuleit about the newly introduced 2024 YOUTUBE video, Mr. Schuleit **could have explained** the video on cross or redirect. Had Gibson introduced Armadillo's sales figures (newly introduced Exhibit C), Defendants could have shown the jury that a **small percentage alone, does not make the sales insignificant**, based on Gibson's own evidence. Armadillo, however, did not have a chance to do so. The post-trial article cited by Gibson obviously is not a part of the trial record. **Its author is a third party and it includes unattributed hearsay.** And post-injunction statements could have been shown to be **damage control**, nothing more. The prejudice is palpable.

C. Conclusion

In view of the foregoing, the Court should grant Defendants' Motion and strike Exhibits B and C to Gibson's Motion, strike footnotes 4, 5, 8 (after the first sentence), 12, 13, 14, 15, 16, 17, 41, 42, and 57 and the sentence(s) of Gibson's brief linked to each footnote, and the section labelled "Armadillo disclaimed …" and bridging pages 9-10. Dkt. #794. The Court also should Order Gibson to file a redacted Motion replacing Dkt. #794.

DATED: May 9, 2025                        Respectfully submitted,

<div style="margin-left: 40%;">

<u>/s/ Jerry R. Selinger</u>
Jerry R. Selinger, Lead Counsel
State Bar No. 18008250
PATTERSON + SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
Tel: (214) 272-0957
Fax: (713) 623-4846
jselinger@pattersonsheridan.com

Craig V. Depew
Texas State Bar No. 05655820
PATTERSON + SHERIDAN, LLP
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
Tel: 832-968-7285
Fax: 713-623-4846
cdepew@pattersonsheridan.com

Kyrie K. Cameron
State Bar No. 24097450
PATTERSON + SHERIDAN, LLP
24 Greenway Plaza, Suite 1600
Houston, Texas   77046
Tel: (713) 623-4844
Fax: (713) 623-4846
kcameron@pattersonsheridan.com

ATTORNEYS FOR DEFENDANTS
ARMADILLO DISTRIBUTION
ENTERPRISES, INC. AND CONCORDIA
INVESTMENT PARTNERS, LLC

</div>

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF electronic filing system on May 9, 2025.

<div style="margin-left: 40%;">

<u>/s/ Jerry R. Selinger</u>
Jerry Selinger

</div>