IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GIBSON, INC., a Delaware corporation, | ) |
| | ) |
| Plaintiff/Counterclaim-Defendant, | ) Case No. 4:19-cv-00358-ALM |
| vs. | ) |
| ARMADILLO DISTRIBUTION ENTERPRISES, INC.; CONCORDIA INVESTMENT PARTNERS, LLC, | ) |
| Defendants/Counterclaim-Plaintiffs. | ) |

**PLAINTIFF GIBSON, INC.'S SURREPY IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE (DKT. NO. 802)**

In its Reply Brief, Defendants make two points: First, the controlling Joint Amended Final Pre-trial Order (dkt. no. 472) made clear that all issues were being tried to the jury and required all trial exhibits be listed, and Fifth Circuit cases considering remedies reflected in a final judgment after a jury verdict looked only at the trial record. [*See* Defendants' Reply in Support of Motion to Strike at Dkt. No. 808, 1.] Second, Defendants will be prejudiced if Gibson is allowed to supplement the record. Gibson will address each in turn, but Defendants ignore the fact it is their evidence—their sales, their deposition testimony, their YouTube video, and their statement to the press after the case—that they are claiming untimeliness and prejudice if used against them. Their point does not carry much water.

**A.   Contrary to Defendants' Position, the Pretrial Order and Case Law Do Not Warrant Striking.**

Defendants' Reply Brief is the first time they claim the Joint Amended Final Pre-trial Order gives this Court the power to strike exhibits attached to Gibson's Motion for Judgment. [*See* Reply Brief at 2-3.]. In this regard, Defendants argue Fed. R. Civ. P. 16 gives the Court broad discretion to

preserve the integrity and purpose of the pretrial order. [*See Id.* at 2 (citing *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).] It is correct that "Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and expedite pretrial discovery through a scheduling order," and ["c]onsistent with the authority vested in the trial court by rule 16, our court gives the trial court broad discretion to preserve the integrity and purpose of the pretrial order." *See Geiserman v. MacDonald*, 893 F.2d at 790 (internal quotation omitted); *see also Hodges v. United States,* 597 F.2d 1014, 1018 (5th Cir.1979) (affirmed refusal to modify pre-trial order).

Pursuant to Fed. R. Civ. P. 16, Defendants argue that the "Joint Amended Final Pre-Trial Order required the parties to adduce whatever evidence they had during trial and limits the decision on a Final Judgment to the record adduced during trial." [*See* Reply Brief at 2 (citing Dkt. No. 472 at 16, 20.]. First, the Joint Amended Final Pre-Trial Order that Defendants cite is from the first trial and is dated May 12, 2022. [*See* Dkt. No. 472.]. Defendants offer no argument why the May 12, 2022 Joint Amended Final Pre-Trial Order precludes this Court from considering evidence Defendants furnished to Gibson after the first trial—i.e., Dean's updated sales figures and deposition testimony of its new president Patrick Schuleit. In this regard, Defendants do not even address the fact the parties agreed to allow Mr. Schuelit to testify at trial on the condition that Gibson could depose him before trial as he was a newly disclosed witness that did not testify at the first trial. [*See* Reply Brief.] Nor do they discuss the fact that it was at his deposition where he agreed to provide updated sales figures. [*See Id.*]

In this regard, Defendants argue that, "even if the record did not prohibit supplemental evidence after a jury trial on all issues, Gibson's extraneous items should be stricken because they are futile efforts to circumvent controlling jury answers." [*See* Reply Brief at 3 (citing *ResMan, LLC v. Karya Prop. Mgmt., LLC*, No. 4:19-CV-00402, 2021 WL 3423345, at *5-6 (E.D. Tex. Aug. 5, 2021) (Mazzant, J.)]. The part of this Court's Opinion in *ResMan, LLC v. Karya Prop. Mgmt., LLC*, No. 4:19-

2

CV-00402, 2021 WL 3423345, at *5-6 (E.D. Tex. Aug. 5, 2021) that Defendants cite dealt with the issue of whether the parties agreed to submit the equitable claim of unjust enrichment to the jury pursuant to Federal Rule 39 and thus whether the jury's determination on unjust enrich was binding. *ResMan, LLC v. Karya Prop. Mgmt., LLC*, No. 4:19-CV-00402, 2021 WL 3423345, at *6, n 2 (E.D. Tex. Aug. 5, 2021) ("In the response, Defendants contend that Rule 39, and the Fifth Circuit precedent cited by ResMan, merely *allow* the Court to treat the jury verdict as binding—not mandate such.")

Defendants' point here misses the mark. First, the parties did not agree to submit to the jury the equitable remedy of an injunction. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006) (the "decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion."). Nor did the parties agree the jury's verdict would supplant this Court's equitable powers under Section 1117 of the Lanham Act to review the jury's award of damages and adjust accordingly. *See* 15 U.S.C. § 1117(a) ("If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case."); *see also* ("In assessing damages . . . in a case involving use of a counterfeit mark or designation . . . , the court shall, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever amount is greater, together with a reasonable attorney's fee, if the violation consists of . . .")

In short, Defendants fail to address the key question: why can't this Court review Defendants' evidence in exercising the Court's equitable powers post-trial? The simple answer is the Court can, and Court's routinely do so in intellectual property cases under the Lanham Act. *See Amsted Indus. Inc. v. Buckeye Steel Castings Co.,* 24 F.3d 178, 184, 30 USPQ2d 1462, 1466 (Fed.Cir.1994) (noting that the "trial judge is in the best position to weigh considerations such as the closeness of the case, the tactics

of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser").

Accordingly, this Court should deny the Motion to Strike. *See nCUBE Corp. v. SeaChange Int'l, Inc.*, 313 F. Supp. 2d 361, 388–89 (D. Del. 2004), *aff'd*, 436 F.3d 1317 (Fed. Cir. 2006) (Considering in the context of its enhancement analysis a supplemental declaration not admitted at trial because the "Federal Circuit has stated that *Read* implicitly endorses the practice of using evidence not before the jury in certain circumstance.")

### B.  Contrary to Defendants' Position, They Will Not be Prejudiced.

Defendants argue they will be prejudiced because they could have explained or offered rebuttal evidence if Gibson used this evidence at trial. [*See* Reply Brief at 4-5.] Defendants then spend page five "**explaining**" why the evidence does not matter. [*See Id.* at 5.] This Court certainly can compare Defendants statement in the press that lawsuits like this in the guitar industry are just not worth the time and expense with $1 damage award with their explanation now: "Its author is a third party and it includes unattributed hearsay" and the statement was "damage control, nothing more."[1]

In their briefing on the Motion to Strike, Defendants have explained why they do not believe the evidence they are moving to strike is important. [*See* Dkt. Nos. 801 and 808.]. Gibson fails to see how Defendants would be prejudiced if the Court considers Defendants' evidence along with Defendants' explanation why their evidence does not matter.

Accordingly, this Court should deny the Motion to Strike.

Respectfully submitted this 16th day of May 2025.

> /s/ *Andrea E. Bates*
> Andrea E. Bates
> *Pro Hac Vice*

---

[1] Compare https://guitar.com/news/industry-news/gibson-dean-armadillo-retrial-jury-verdict/ with Reply Brief at 5.

4

Kurt Schuettinger *Pro Hac Vice* Johnathan M. Bates
*Pro Hac Vice*
Bates & Bates, LLC
1890 Marietta Boulevard NW
Atlanta, Georgia 30318
Telephone: (404) 228-7439
Facsimile: (404) 963-6231
abates@bates-bates.com
kschuettinger@bates-bates.com
jbates@bates-bates.com

Stephen D. Howen
State Bar No. 10117800 Law Office of Steve Howen
7111 Bosque Blvd., Suite 305
Waco, TX 76710
Telephone: (254) 826-6526
Facsimile: (254) 822-4926
steve@stevehowenlegal.com

Attorneys for Plaintiff GIBSON, INC.

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF electronic filing system on May 16th, 2025.

/s/ *Andrea E. Bates*
Andrea E. Bates