**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| GIBSON, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00358-ALM |
| | § | |
| ARMADILLO DISTRIBUTION | § | |
| ENTERPRISES, INC. and | § | |
| CONCORDIA INVESTMENT | § | |
| PARTNERS, LLC, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' REPLY TO GIBSON'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE EXHIBITS A-D & E ACCOMPANYING GIBSON'S RULE 50(b) MOTION BECAUSE THEY ARE NOT PART OF THE TRIAL RECORD AND PORTIONS OF GIBSON'S MOTION RELYING ON SAME

Gibson concedes that none of Exhibits A-D or E are part of the trial record. Dkt. #851 at 2. Gibson does not controvert Defendants' showing that Rule 50 motions must be based on the trial record. Dkt. #836 at 2 (citing cases). The absence of collateral estoppel from the Joint Pretrial Order (and Gibson's silence) speaks for itself. Dkt. #472. Consequently, Defendants showed they would be prejudiced by allowing Gibson to rely on any of these documents because Gibson waived the issue of collateral estoppel. Dkt. #836 at 3-4 (citing cases).

Gibson cannot directly oppose the motion to strike, so it tells us here and in its "Reply in Support of its Rule 50(b) Motion," Dkt. #852, that its "Rule 50(b) Motion for Renewed Judgment" was really a motion for reconsideration of a summary judgment motion the Court denied before the first trial. This response is meritless on its face. Gibson's "Rule 50(b) Motion," Dkt. #820, made no reference to **any Gibson** prior summary judgment motion, let alone by docket number. Its motion was captioned "Rule 50(b) Motion," not "motion for reconsideration"

and made no reference to Fed R. Civ. P. 56. Gibson's untimely request for judicial notice confirms Gibson is not seeking reconsideration of a motion it filed years ago.

Further, the "mandate rule" would have barred any Gibson motion for reconsideration of a summary judgment denial filed after remand from the Fifth Circuit, had Gibson done so. Gibson did not raise this summary judgment loss in its Fifth Circuit appeal/cross-appeal brief. Dkt. #77-1. The mandate from the Fifth Circuit makes no mention of any Gibson summary judgment motion. Dkt. #127-1. Consequently, the mandate rule is a further reason barring Gibson from raising collateral estoppel. *See, e.g., General Universal Systems, Inc. v. HAL, Inc.*, 500 F.3d 444, 454 (5th Cir. 2007) ("[b]ecause GUS failed to brief, and thus waived, any arguments against the Customer Defendants on appeal, the district court's judgment finally disposed of any claims against those defendants. As a result, our remand in the prior opinion did not include any claims against the Customer Defendants. Therefore, we affirm the magistrate judge's grant of summary judgment to the Customer Defendants.").

Gibson's "summary judgment" argument also is fatally flawed because it requires collateral estoppel to be "a purely legal question." Dkt. #851 at 3. Gibson ignores *B&B Hardware, Inc. v. Hargis Industries, Inc.*, 575 U.S. 138, 153, 156-57 (2015), even though Defendants had pointed to where the Supreme Court was clear that collateral estoppel based on a TTAB decision has factual underpinnings. *See* Dkt. #836 at 4 n.3. To reiterate, *B&B* instructed that "[i]f a mark owner uses its mark in ways that are materially unlike the usages in its application, then the TTAB is not deciding the same issue," *Id*. at 156, and ultimately remanded to assess whether the "usages adjudicated by the TTAB are materially the same as those before the district court." *Id.* at 160.

Armadillo's actual uses of the accused guitar headstocks are "materially unlike" the mark
as shown in the Concordia application. Dkt. #836 at 5; *B&B*, 575 U.S. at 156-57. The differences
between Armadillo's actual uses and the mark shown in the Concordia application were issues
based on underlying facts that were appropriate for jury consideration. Just as juries answer
questions about "obviousness,"[1] the jury could have answered a question on collateral estoppel.

Gibson's cited case further undermines its "purely legal" argument. *Compare* Dkt. #851
at 6 (citing *Bradberry v. Jefferson County, Tex.*, 732 F.3d 540 (5th Cir. 2013)) *with Bradberry*,
732 F.3d at 550 ("Additionally, '**both the facts** and the legal standard used to assess them [must
be] the same in both proceedings.'") (citation omitted) (emphasis added); *see also Gree, Inc. v.
Supercell Oy*, No. 2:19-CV-00200-JRG, 2021 U.S. Dist. LEXIS 61948 *1, *8 (E.D. Tex. Feb. 9,
2021) (rejecting conclusion of collateral estoppel because "at the very least, **a fact question
exists** as to whether the asserted claims of the Asserted Patents are immaterially different from
the invalid claims of the '594 Patent" (emphasis added)).  Thus, collateral estoppel is not a
"purely legal question" but one based on underlying facts and Gibson waived this issue by
failing to try it to the jury.

Finally, we note the inconsistency between Gibson's argument that it was not required to
put Exhibits A-D and E into the trial record, claiming this is a "purely legal question," while
arguing that Defendants did nothing at trial to rebut that collateral estoppel applies. Dkt. #851 at
10. There are multiple reasons why Defendants did not need to defend against a theory not in the
case, but this Gibson argument shows even Gibson did not believe collateral estoppel is a purely

---

[1] "Obviousness is a legal question based on the following underlying factual inquiries: (1)
the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences
between the claimed invention and the prior art; and (4) secondary evidence of
nonobviousness." *Ivera Med. Corp. v. Hospira, Inc.,* 801 F.3d 1336, 1344 (Fed. Cir. 2015).

legal question. Clearly, if the Court were to consider Exhibits outside of the trial record for the purposes of collateral estoppel, an issue waived as explained above and in Defendants' Opposition to Gibson's JMOL motion (Dkt. #841), Defendants will be prejudiced.

In view of the foregoing, the Court should strike Exhibits A-D and E to Gibson's Motion, and strike Sections II and III, A, 4, which rely thereon.

DATED: December 8, 2025                                    Respectfully submitted,

/s/ *Jerry R. Selinger*
Jerry R. Selinger, Lead Counsel
State Bar No. 18008250
PATTERSON + SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
Tel: (214) 272-0957
Fax: (713) 623-4846
jselinger@pattersonsheridan.com
Craig V. Depew
Texas State Bar No. 05655820
PATTERSON + SHERIDAN, LLP
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
Tel: 832-968-7285
Fax: 713-623-4846
cdepew@pattersonsheridan.com
Kyrie K. Cameron
State Bar No. 24097450
PATTERSON + SHERIDAN, LLP
24 Greenway Plaza, Suite 1600
Houston, Texas   77046
Tel: (713) 623-4844
Fax: (713) 623-4846
kcameron@pattersonsheridan.com

ATTORNEYS FOR DEFENDANTS
ARMADILLO DISTRIBUTION
ENTERPRISES, INC. AND CONCORDIA
INVESTMENT PARTNERS, LLC

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF electronic filing system on December 8, 2025.

/s/ *Jerry R. Selinger*
Jerry Selinger